UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV00691 (CFD) |
| | : | |
| V. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY | : | |
| Defendant. | : | NOVEMBER 7, 2003 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.    FACTUAL ALLEGATIONS:**

Plaintiff has set forth his allegations concerning his 20 year employment history and AT&T in an affidavit attached and supplemented by exhibits from his files.

**II.   LEGAL STANDARDS**

Although Connecticut, like our other states, regards employment as "at will" unless there exists a contract between employer and employee or a collective bargaining agreement, however, the Connecticut Supreme Court has clearly stated that a common law cause of action in tort for wrongful discharge exists "if the former employee can prove a demonstratively improper reason for dismissal a reason whose impropriety is derived from some important violation of public policy" Sheets v. Teddy's Frosted

1

Foods, Inc., 179 Conn. 471, 427 A2d 385 (1980). Plaintiff alleges the basis for his discharge was the company's actions following plaintiff's internal appeal of the company's refusal to pay his earned commission on a 176 million dollar sales contract which constituted a violation of the commission agreement between plaintiff and defendant. See Exhibit 2.

Although plaintiff asserts in his complaint the right to claim damages for the failure to make said commission payment he asserts the tort basis is the punitive actions of AT&T for his asserting the claim for the commission he rightfully earned. Although he has a right under C.G.S. 31-72 to claim his commission, he is without remedy to redress the outrageous course of action by the employer claiming his termination was for failure in performance. Burnham v. Karl & Gelb, P.C., 252 Conn 153 (2000).

Although plaintiff can assert and plead his claim under the statute (C.G.S. 31-72) for the compensation owed to him, he is without remedy to assert his claim for wrongful discharge under the statutory claim for commission damages. Plaintiff therefore properly claims in tort in Count One of his complaint.

Plaintiff claims his supervisors who were responsible managers of AT&T continuously by oral representations and career planning assured him of continued employment and the company falsely claimed the reason for dismissal was his failure in performance and violated its own Performance Improvement Program and contradicted

the exceptional performance reviews of many years and in particular the July 1, 1999 review which was satisfactory. See plaintiff's Affidavit, Exhibit 1, Performance Reviews and Employment documents.

The July 1, 1999 review which was acceptable and signed by the supervisor who terminated him was delivered to him only days before the termination for failure in performance. Exhibits 3 and 4. Thus plaintiff has properly pleaded a breach of implied contract in Count Two which is not based on defendant's breach of a statutory duty to pay wages.

Count Three asserts a breach of the covenant of good faith and fair dealing embodied in the implied employment contract between him and the defendant. As previously stated, plaintiff's claim is not based on his statutory rights under C.G.S. 31-72 but on the violation of the company's own Performance Improvement Program and its actions in "reorganizing" the Connecticut Solutions program by only reorganizing him from the organization after he appealed the company's refusal to pay his commission and then transferring him to another position to set the basis for a claim of lack of performance. Plaintiff claims this action is clearly differentiated from a statutory wage claim.

A motion for judgment on the pleadings requires the Court to be limited to the facts alleged and construe them most favorably to the plaintiff. <u>Waters v. Antoni</u>, 236 Conn. 820, 825-25, 676 A2d 357 (1996)

FRCP 12( c ) states motions for judgment on the pleadings shall be disposed of as in Rule 56 and the parties have a reasonable opportunity to present material made pertinent to such a motion. Plaintiff has affixed as exhibits his original application to AT&T and the letter of acceptance which fails to include any language which is contrary to the many assurances plaintiff received concerning the stability of employment based on acceptable job performance and in particular the stability of his employment in Connecticut during his children's middle and high school years. Exhibit 5.

This Court has held that whether or not a defendant made such promises and whether the plaintiff reasonably relied on them are questions of fact. <u>Donahue v. Unisys Corporation</u>, Civil NO. H-89-620(JAC), United States District Court for District of Connecticut (attached to defendant's Memorandum of Law).

Plaintiff also includes a group of performance reviews and career plan summaries completed by his supervisors over the years as he climbed the managerial ladder at AT&T. Exhibit 6.

Also included is the AT&T Global commission appeal that plaintiff filed in January, 1999 to comply with AT&T policy requirements which appeal was never

responded to and his performance review of July 1, 1999 which reviewed his first three months at ITT Solutions to which he had been transferred. This review which was "acceptable" was prepared and signed by William Weijer who terminated Mr. Felekey for "performance" less that six weeks after it was completed. Exhibit 2.

                                              THE PLAINTIFF,
                                              ROBERT FELEKEY

By: _____
       William T. Shea (ct 05211)
       Shea & Cook, P.C.
       290 Pratt Street
       P.O. Box 1856
       Meriden, Connecticut 06450
       (203) 634-1444
       His Attorney