

FILED

2003 NOV 21   A 11: 03

U S DISTRICT COURT
HARTFORD CT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. 3:02cv00691 (CFD) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY | : | |
| Defendant. | : | NOVEMBER 21, 2003 |

---

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The defendant, American Telephone and Telegraph Company ("AT&T"), respectfully

submits this Reply Brief in Support of its Motion to Dismiss, filed on May 28, 2002.  Plaintiff's

Objection to Defendant's Motion to Dismiss ("Plaintiff's Objection") fails adequately to address

the arguments advanced in AT&T's Memorandum in Support of its Motion to Dismiss.[1]

**A.     Plaintiff's Wrongful Termination Claim Fails to State a Claim Upon Which
        Relief Can Be Granted.**

As to Count One, plaintiff claims that his wrongful termination claim should survive

because, "[a]lthough he has a right under C.G.S. 31-72 to claim his commission, he is without

---

[1] Defendant notes that plaintiff has also filed an Objection to Defendant's Motion for
Judgment in which he claims he filed a Motion for Extension of Time to Object to Defendant's
Motion to Dismiss in early October 2003 and "cannot understand why Attorney Sussman did not
receive [it]."  (Pl.'s Obj. to Def.'s Mot. for Judgment at 2.)  Notably, notwithstanding counsel's
claim to the contrary, plaintiff never filed a Motion for Extension of Time to Object to Defendant's
Motion to Dismiss as no such Motion appears on the Court's docket.

remedy to redress the outrageous course of action by the employer claiming his termination was for failure in performance." (Pl.'s Objection at 2.) He appears to be arguing that because Conn. Gen. Stat. § 31-72 does not offer him the same remedies that a wrongful termination claim would, his common law claim should not be precluded. Notably, although plaintiff cites <u>Burnham v. Karl & Gelb, P.C.</u>, 252 Conn. 153, 745 A.2d 178 (2000) in support of his position, <u>Burnham</u> actually belies his argument. In that case, the court expressly noted that "[t]here is nothing in <u>Atkins v. Bridgeport Hydraulic Corp.</u>, 5 Conn. App. 643 (1985)...to suggest that a statutory remedy must be equivalent to a potential common-law cause of action for wrongful termination in order for the common-law cause of action to be precluded." <u>Id.</u> at 164-65. <u>See also</u> <u>Hunt v. Prior</u>, 236 Conn. 421, 434, 673 A.2d 514 (1996) (citations omitted) ("it is not the plaintiff's preference for a particular remedy that determines whether the remedy...is adequate...and an administrative remedy, in order to be 'adequate,' need not comport with the plaintiffs' opinion of what a perfect remedy would be"). Conn. Gen. Stat. § 31-72 provides a remedy for failure to pay wages and permits recovery of double damages and attorney's fees under appropriate circumstances. That plaintiff would prefer some other remedy is irrelevant. This Court should dismiss Count One of plaintiff's Complaint.

**B.**     <u>**Plaintiff's Breach of Contract Claim Fails to State a Claim Upon Which Relief Can Be Granted.**</u>

In Count Two, plaintiff claims that AT&T's alleged promises regarding "stability of the plaintiff's employment" created a contract between him and the company. (Compl., First Count, ¶

3.) Plaintiff's Objection states that the basis for his breach of contract claim is that supervisors at AT&T allegedly "assured him of continued employment and the company falsely claimed the reason for dismissal was his failure in performance and violated its own Performance Improvement Program and contradicted [plaintiff's] exceptional performance reviews...." (Pl.'s Objection at 2-3.) As more fully explained in defendant's primary brief, the law in Connecticut is clear that promises of permanent or indefinite employment, even if made, are insufficient to create a legally enforceable contract. "[C]ontracts of permanent employment, or for an indefinite term, are terminable at will." Cox v. Namnoun, 1996 U.S. Dist. LEXIS 22586, at *24-25 (D. Conn. 1996) (AVC); Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980) (citations omitted). Moreover, to the extent plaintiff claims that AT&T breached a contract by allegedly violating its own Performance Improvement Program, plaintiff has not pled any such breach, nor can he do so consistent with Rule 11. Plaintiff does not and cannot in good faith allege that AT&T's Performance Improvement Program somehow constituted a contract between AT&T and plaintiff. Accordingly, this Court should dismiss Count Two.

## C. Plaintiff's Claim for Breach of the Covenant of Good Faith and Fair Dealing Fails to State a Claim Upon Which Relief Can Be Granted.

Count Three is equally problematic for the plaintiff. Count Three alleges that AT&T's actions in terminating plaintiff's employment violated the implied covenant of good faith and fair dealing. (Compl., Third Court, ¶ 28.) Plaintiff claims that Count Three "is not based on his statutory rights under C.G.S. 31-72 but on the violation of the company's own Performance

Improvement Program and its actions in actions [sic] in 'reorganizing' the Connecticut Solutions

program by only reorganizing him from the organization after he appealed the company's refusal

to pay his commission and then transferring him to another position to set the basis for a claim of

lack of performance." (Pl.'s Objection at 3.)  Under Connecticut law, to state a claim for breach of

the implied covenant of good faith and fair dealing, a plaintiff "must allege either that an

enforceable employment contract exists, or that the employer's actions in discharging the

employee violated a recognized public policy." Cowen v. Federal Express Corp., 25 F.Supp.2d

33, 37 (D. Conn. 1998); see also Doherty v. Sullivan, 29 Conn. App. 736, 743, 618 A.2d 56

(1992).  Where the employee relies on a violation of public policy, however, a claim for breach of

the implied covenant of good faith and fair dealing cannot survive where there is an available

statutory remedy.  See, e.g., Vasquez v. New Britain General Hosp., No. 2:91-CV-00291, 1993

U.S. Dist. LEXIS 11616, at *12-13 (D. Conn. 1993).  As explained above in the discussion of

Count One, plaintiff had, but chose not to pursue, an available statutory remedy.  Moreover, as

explained above in the discussion of Count Two, plaintiff's breach of contract claim fails to state a

claim upon which relief can be granted.  Accordingly, plaintiff can rely on neither a public policy

violation nor an underlying contract to support his claim for breach of the implied covenant of

good faith and fair dealing, and this Court should dismiss Count Three.

**D.**     **Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Be Dismissed Absent Objection.**

Plaintiff's Objection offers no response to AT&T's argument regarding his claim for intentional infliction of emotional distress.  Absent objection, this Court should grant defendant's Motion to Dismiss as to Count Four.

For all of the foregoing reasons and those articulated in defendant's primary brief, this Court should dismiss all counts of the plaintiff's Complaint.

THE DEFENDANT,
AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,

By: _____
   Victoria Woodin Chavey (ct14242)
   Eric L. Sussman (ct19723)
For: Day, Berry & Howard LLP
   CityPlace I
   Hartford, Connecticut 06103-3499
   (860) 275-0100
   Its Attorneys

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to: William T. Shea, Shea & Cook, P.C., 290 Pratt Street, P.O. Box 1856, Meriden, CT  06450.

Eric L. Sussman