UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 3:02CV00691 (CFD) |
| | : | |
| V. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY | : | |
|     Defendant. | : | FEBRUARY 14, 2005 |

_____

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, American Telephone and Telegraph Company ("AT&T" or "Defendant"), by and through its counsel, Day, Berry & Howard LLP, hereby Answers plaintiff's Complaint following this Court's Ruling on Defendant's Motion to Dismiss. Any allegations not specifically addressed herein are denied.

1.    Defendant admits that it hired Plaintiff on July 9, 1979 and that he held various positions while employed by the company. As to the remaining allegations in paragraph 1, Defendant has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

2.    Defendant admits that it is licensed to do business in the State of Connecticut. Defendant denies any remaining allegations in paragraph 2.

3.    Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint.

4.	Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.	Defendant admits that it employed Plaintiff from July 9, 1979 until his termination on October 15, 1999, and that Plaintiff held various positions while employed by the company. Defendant denies any remaining allegations in paragraph 5.

6.	As to the allegations in paragraph 6 of Plaintiff's Complaint, Defendant has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

7.	Defendant admits that it employed Plaintiff from July 9, 1979 until his termination on October 15, 1999, and that Plaintiff held various positions while employed by the company. Defendant denies any remaining allegations in paragraph 7.

8.	Defendant admits that, as an AT&T employee, Plaintiff was eligible for certain employment benefits. Defendant denies any remaining allegations in paragraph 8.

9.	Defendant admits that it had a pension plan, and that Plaintiff's eligibility, participation, and rights under that plan were governed by the applicable plan documents. Defendant denies any remaining allegations in paragraph 9.

10.	Defendant admits that Plaintiff was transferred to Defendant's Farmington, Connecticut location in 1995, and that he had various responsibilities. Defendant denies any remaining allegations in paragraph 10.

11.     Defendant admits that, at one point, Plaintiff worked with Starwood Hotels and Resorts.  Defendant further admits that it did business with Starwood Hotels and Resorts.  Defendant denies any remaining allegations in paragraph 11.

12.     Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13.     As to the allegations in paragraph 13 of Plaintiff's Complaint, Defendant has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

14.     As to the allegations in paragraph 14 of Plaintiff's Complaint, Defendant has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

15.     Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies that Plaintiff was entitled to a commission for the Starwood ITT sale of $82,000.  As to the remaining allegations in paragraph 16, Defendants has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

17.     Defendant admits that Plaintiff transferred to AT&T Solutions in 1999 and that he reported to Willem Weijer during that timeframe.  Defendant further admits that Plaintiff worked out of Defendant's Farmington, Connecticut office in 1999.  Defendant denies any remaining allegations in paragraph 17.

18.     As to the allegations in paragraph 18 of Plaintiff's Complaint, Defendant has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

19.     Defendant admits that it provided Plaintiff with a written Performance Improvement Plan ("PIP") on September 21, 1999, and that the content of that PIP speaks for itself. Defendant further admits that it informed Plaintiff of the PIP on August 25, 1999. Defendant denies any remaining allegations in paragraph 19.

20.     Defendant admits that the PIP is intended to inform employees that their performance must improve. Defendant denies any remaining allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits that it terminated Plaintiff's employment on October 15, 1999 because of Plaintiff's poor performance. As to the remaining allegations in paragraph 25, Defendants has insufficient information or knowledge upon which to respond, and therefore leaves Plaintiff to his proof.

26.     Defendant admits that it provided Plaintiff with a proposed Separation Agreement and General Release at or around the time of his termination, the terms of which speak for themselves. Defendant denies any remaining allegations in paragraph 26.

27.     Paragraph 27 purports to assert a cause of action that has been dismissed by the Court. Accordingly, no response to paragraph 27 is required.

28.     Paragraph 28 purports to assert a cause of action that has been dismissed by the Court. Accordingly, no response to paragraph 28 is required.

### COUNT TWO

1.      Defendant incorporates its responses to paragraphs 1-28 as its responses to paragraph 1 of Count Two as if fully set forth herein.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

### COUNT THREE

1.      Defendant incorporates its responses to paragraphs 1-28 as its responses to paragraph 1 of Count Three as if fully set forth herein.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

### COUNT FOUR

Count Four purports to assert a cause of action that has been dismissed by the Court. Accordingly, no response to the paragraphs in Count Four is required.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

As to each Count, Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## THIRD AFFIRMATIVE DEFENSE

As to each Count, Plaintiff has failed to mitigate his damages.

THE DEFENDANT,<br>
AMERICAN TELEPHONE AND<br>
TELEGRAPH COMPANY<br>
<br>
By:_____<br>
Victoria Woodin Chavey (ct14242)<br>
Eric L. Sussman (ct19723)<br>
Day, Berry & Howard LLP<br>
CityPlace I<br>
Hartford, Connecticut 06103-3499<br>
(860) 275-0100<br>
Its Attorneys

## CERTIFICATE OF SERVICE

    THIS IS TO CERTIFY that a copy of the foregoing was sent this date via facsimile and overnight mail, postage prepaid, to: William T. Shea, Shea & Cook, P.C., 290 Pratt Street, P.O. Box 1856, Meriden, CT 06450.

_____<br>
Eric L. Sussman