UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV00691 (CFD) |
| | : | |
| v. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY, | : | |
| Defendant. | : | JULY 14, 2005 |

_____

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR EXTENTION OF TIME AND TO REOPEN
DISCOVERY**

The defendant, AT&T, respectfully opposes Plaintiff's belated motion, dated July 7, 2005, to reopen the discovery period, because discovery closed on May 21, 2005 and AT&T has already moved for summary judgment. Plaintiff had ample time to conduct discovery during the established discovery period, and reopening discovery at this late date would unduly delay these proceedings and would prejudice AT&T.

Plaintiff commenced this action in March, 2002, and, by this Court's order of August 2, 2002, the parties were to complete discovery by March 31, 2003. AT&T moved to dismiss on May 28, 2002, and, on July 22, 2004, plaintiff reported to the Court that "plaintiff's discovery should be completed within six months [after the Court's ruling on AT&T's motion to dismiss] and will consist of production of defendant's records and deposition of defendant's employees." See Plaintiff's July 22, 2004 Status Report.

After this Court's November 3, 2004 ruling granting in part and denying in part AT&T's motion to dismiss, the parties jointly moved, on December 16, 2004, to reset the discovery

deadline to April 29, 2005, and this Court granted the request.  On March 11, 2005, Plaintiff again moved to extend the discovery period, seeking a new deadline of April 22, 2005, and this Court granted the motion, later clarifying, by order dated April 16, 2005, that the new discovery deadline would be May 21, 2005.

On July 6, 2005, AT&T received a deposition notice from plaintiff, seeking to depose Willem Weijer on July 19 in Meriden, Connecticut.  Mr. Weijer, who was Plaintiff's manager at the time of termination, is the only individual identified by name in Plaintiff's Complaint and was one of two individuals listed by AT&T in its Rule 26(a) disclosures as likely to have discoverable information.  See March 19, 2002 Complaint, ¶ 25; AT&T's Rule 26(a) Disclosures dated January 25, 2005.

Defense counsel advised plaintiff's counsel by letter dated July 7, 2005 that discovery had already been completed and, therefore, that the deposition notice was untimely.  See July 7, 2005 Letter, attached as Exhibit A.  Plaintiff's counsel responded by filing his July 7 motion to extend discovery until August 11, 2005.

It is far too late in these proceedings to reopen the discovery period to permit the deposition of an individual who has been well known to Plaintiff since the time of his employment and termination in 1999.  Plaintiff had ample time to take Mr. Weijer's deposition during the six-month discovery period, and he does not even attempt to assert that he was unable to take Mr. Weijer's deposition in a timely fashion.

To the extent Plaintiff claims, in his July 7 Motion, that AT&T's June 10 discovery responses gave rise to new need to depose Mr. Weijer, that claim is belied by AT&T's responses themselves, which are attached as Exhibit B.  As a preliminary matter, Plaintiff issued a second set of discovery requests on April 14, 2005, just before the discovery period was to end and just

over a month before the later-extended discovery deadline of May 21, 2005, and AT&T answered them after receiving an extension.  Plaintiff issued the discovery requests late in the discovery period at his own peril.  In any event, however, only two of the 19 interrogatories that AT&T answered on June 10 involved Mr. Weijer: Interrogatory 6, which concerned post-employment inquiries, and Interrogatory 16, which concerned the dates on which Mr. Weijer met with Plaintiff.  As to Interrogatory 16, AT&T's answer is also a matter of documentary evidence, as the meetings were reflected in contemporaneous writings that had been produced earlier in discovery and, in fact, were attached to AT&T's summary judgment submission on July 11.  Accordingly, nothing in AT&T's June 10 responses could reasonably be said to contain information that was unknown during the established six-month discovery period and that would, therefore, warrant the Plaintiff's untimely notice of Mr. Weijer's deposition.

Finally, Mr. Weijer worked in New Jersey, not Connecticut, at the relevant time in 1999, and he is no longer employed by AT&T.  Accordingly, even if he had noticed Mr. Weijer's deposition during the discovery period, Plaintiff would have been required to depose Mr. Weijer in his home state, which on information and belief is New Jersey, after following necessary procedures to secure his presence.

Because AT&T has already filed its summary judgment motion, on July 11, 2005, and because this case has been pending for over three years, AT&T would be prejudiced by the reopening of discovery now, especially where Plaintiff has failed to present any legitimate reason for his late request.  See, e.g., Kulkami v. City Univ. of New York, 2003 U.S. Dist. LEXIS 7, *13 (S.D.N.Y. 2003) (rejecting request to reopen discovery where defendant would be

prejudiced); Lingo v. Topix, Inc., 218 F.R.D. 385, 387 (S.D.N.Y. 2003) (same); see also Downey v. Deere & Co., 2005 U.S. Dist. LEXIS 8480, *7-9 (D. Kan. 2005) (same).[1]

For all these reasons, AT&T respectfully opposes Plaintiff's July 7, 2005 Motion for Extension of Time.

>DEFENDANT,
>AMERICAN TELEPHONE AND
>TELEGRAPH COMPANY
>
>By: \_\_\_/s/ Victoria Woodin Chavey\_\_\_\_\_
>Victoria Woodin Chavey (ct14242)
>Eric L. Sussman (ct19723)
>Day, Berry & Howard LLP
>CityPlace I
>Hartford, CT 06103-3499
>(860) 275-0100 telephone
>(860) 275-0343 facsimile
>vwchavey@dbh.com
>Its Attorneys

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent this date via first-class mail to:

William T. Shea, Esq.
Shea & Cook, P.C.
290 Pratt Street
P.O. Box 1856
Meriden, CT  06450.

>\_\_/s/_____
>Victoria Woodin Chavey

---

[1] Copies of unreported cases are attached hereto.