LEXSEE 2003 U.S. DIST. LEXIS 7

RAVI KULKARNI, Plaintiff, -v- CITY UNIVERSITY OF NEW YORK; MATTHEW GOLDSTEIN, Dr., as Chancellor of The City of University of New York; FRANCES DEGEN HOROWITZ, Dr., as President of The City University Graduate Center; RUSSELL HOTZLER, Dr., as President of Queens College; JOZEF DODZIUK, as the former Executive Officer of the PH.D. Program in Mathematics at The City University Graduate Center; ALVANY ROCHA, Executive Officer of the PH.D Program in Mathematics at the City University Graduate Center; BENNO J. SCHMIDT, JR., Vice Chairperson of the CUNY Board of Trustees; SATISH K. BABBAR, as Board Member of the CUNY Board of Trustees; JOHN J. CALANDRA, as Board Member of the CUNY Board of Trustees; WELLINGTON Z. CHEN, as Board Member of the CUNY Board of Trustees; KENNETH E. COOK, as Board Member of the Board of Trustees; RANDY M. MASTRO as Board Member of the CUNY Board of Trustees; JOHN MORNING, as Board Member of the CUNY Board of Trustees; KATHLEEN M. PESILE, as Board Member of the CUNY Board of Trustees; GEORGE J. RIOS, as Board Member of the CUNY Board of Trustees; NILDA SOTO RUIZ, as Board Member of the CUNY Board of Trustees; JEFFREY WIESENFELD, as Board Member of the CUNY Board of Trustees; J. NUNEZ-LAWRENCE, as Board Member of the CUNY Board of Trustees; and BERNARD SOHMER, as Board Member of the CUNY Board of Trustees Defendants.

01 CIV. 10628 (DLC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2003 U.S. Dist. LEXIS 7*

January 3, 2003, Decided
January 3, 2003, Filed

**DISPOSITION:** Plaintiff's requests for reopening of discovery and to replead his disparate impact claim were denied.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Plaintiff: Neal Brickman, The Law Offices of Neal Brickman, New York, NY.

For Defendant: Arelene Smoler, Assistant Attorney General of the State of New York, New York, NY.

**JUDGES:** DENISE COTE, United States District Judge.

**OPINIONBY:** DENISE COTE

**OPINION:**

OPINION AND ORDER

DENISE COTE, District Judge:

By letter dated August 16, 2002, but received by the Court on September 20, plaintiff Ravi Kulkarni ("Kulkarni") requested, inter alia, that discovery be reopened and that he be given leave to replead a disparate impact claim that had previously been dismissed from this employment discrimination action. The defendants opposed these requests. By Order dated October 4, these requests were denied for reasons which were to be described in an opinion that would follow. This is that opinion.

Background

Kulkarni I

The relevant facts stretch back to the first suit Kulkarni filed concerning his employment. On April 10, 2001, Kulkarni filed an action against defendants under the caption Kulkarni v. City Univ. of N.Y., 01 Civ. 3019 (DLC) ("Kulkarni I"), in which he alleged discrimination based on race and national origin in violation of his rights under Title VII of the [*2] Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), 42 U.S.C. § 1983 ("Section 1983"), as well as New York State Human Rights Law ("NYSHRL"). Kulkarni also brought claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent misrepresentation. At a conference on June 29, 2001, the defendants indicated an intent to bring a motion to dismiss. Because the Court concluded that the motion would not eliminate entirely the plaintiff's ability to seek redress for the injuries he described, the parties were advised that discovery would not be stayed during that motion practice. A scheduling order of that same date confirmed that discovery would conclude on February 22, 2002.

Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. By Opinion dated November 13, 2001, Kulkarni v. City Univ. of N.Y., 2001 U.S. Dist. LEXIS 18449, No. 01 Civ. 3019 (DLC), 2001 WL 1415200 (S.D.N.Y. Nov. 13, 2001) (the "November 13 Opinion"), the motion was granted with respect to Kulkarni's Title VII claim against all defendants, [*3] Sections 1981 and 1983 claims against the City University of New York ("CUNY"), Sections 1981 and 1983 claims for damages against certain individual defendants, and state law claims against all defendants. 2001 U.S. Dist. LEXIS 18449 [WL] at *6. Kulkarni was instructed that he could proceed on his Sections 1981 and 1983 claims for injunctive relief brought against the individual defendants in their official capacity. Id. A separate order of November 13 reminded counsel that the scheduling order of June 29 remained in effect.

Kulkarni II

Instead of amending the complaint in Kulkarni I in light of the rulings in the November 13 Opinion, on November 26, 2001, Kulkarni filed the instant action ("Kulkarni II") alleging that defendants acted in violation of Title VII by not appointing him in 2001 to the Mina Rees Chair in Mathematics at CUNY's Graduate School and University Center (the "Graduate Center"), and in violation 42 U.S.C. §§ 1981 and 1983 by not promoting him in 1998 to the position of Distinguished Professor and by their continuing failure to appoint him to a formal joint position with the Graduate Center and Queens College of CUNY. On December 26, 2001, defendants [*4] wrote to request the Court's assistance to obtain certain discovery from the plaintiff in light of the February 22, 2002 discovery cut-off and to coordinate the two actions. n1

---

n1 Since Kulkarni II essentially replaced Kulkarni I and added one new claim -- the disparate impact claim -- by stipulation of January 24, 2002, Kulkarni I was dismissed.

---

At a conference held on January 4, 2002, plaintiff's counsel explained that his client would be returning from India soon. Plaintiff's counsel also explained that Kulkarni planned to return to India and remain there until sometime in the summer, and requested that discovery be extended until his return. This request was denied.

The defendants wrote again on January 17, to request another conference in light of the plaintiff's intent to return to India on January 29 and remain there until at least June, and in light of the amendment of the complaint on January 16, 2002, to add a disparate impact claim for the first time. The plaintiff's deposition was scheduled for January [*5] 22, and the defendants were not prepared to depose him on the new claim. Kulkarni alleged in the disparate impact claim that defendants' "'Consortial Arrangement' and 'Allocation System' have adversely affected nonwhites, and in particular, Asians and Asian Indians" in violation of Title VII.

At a conference on January 18, the Court confirmed that discovery on Kulkarni's disparate treatment causes of action would conclude on February 22, in light of their overlap with his claims in Kulkarni I. In light of defendants' intention to file a motion to dismiss Kulkarni's disparate impact claim, the Court stated that it would allow discovery on that claim if defendants' motion was denied. On April 25, defendants wrote to the Court to request assistance in obtaining responses by the plaintiff to a document request served on January 22, 2002.

Meanwhile, plaintiff served a proposed second amended complaint. n2 On March 6, 2002, defendants moved to dismiss Kulkarni's disparate impact claim. By Opinion dated June 13, Kulkarni v. City Univ. of N.Y., 2002 U.S. Dist. LEXIS 10562, No. 01 Civ. 10628 (DLC), 2002 WL 1315596 (S.D.N.Y. June 14, 2002) (the "June 13 Opinion"), defendants' motion was granted. Specifically, [*6] the June 13 Opinion held:

As they are described in plaintiff's second amended complaint, the Consortial

Arrangement and Allocation System do not constitute a "specific employment practice" for purposes of Title VII disparate impact analysis. Rather, they constitute the organizational structure of the CUNY Graduate School and University Center. Plaintiff fails in his complaint to identify or allege the existence of any specific employment practice within this organizational structure that "has a significantly disparate impact on employment opportunities," Wards Cove [*Packing Co. v. Atonio*, 490 U.S. 642, 657, 104 L. Ed. 2d 733, 109 S. Ct. 2115 (1989)], of a protected class.

2002 U.S. Dist. LEXIS 10562 [WL] at *1. The June 13 Opinion further held:

Plaintiff states in his opposition that "at this stage, plaintiff cannot identify narrower policies. However, after discovery on this issue, perhaps more streamline [sic] policies or practices may be identified." Plaintiff cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), for the proposition that he need not be more specific in his pleadings. *Swierkiewicz* does [*7] not, however, relieve plaintiff of the obligation to identify in his pleadings a specific employment practice that is the cause of the disparate impact. Plaintiff must identify a specific employment practice to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 122 S. Ct. at 998 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

2002 U.S. Dist. LEXIS 10562 [WL] at *2.

n2 It does not appear that the second proposed amended complaint was ever filed.

A scheduling order of March 29, 2002, had noted that in the event the motion to dismiss the disparate impact claim were denied, the parties would be given an opportunity to complete discovery on that claim; in the event it were granted, a summary judgment motion or proposed pretrial order for the remaining claims would be due four weeks thereafter. Nonetheless, six days after the motion to dismiss was granted, by letter dated June 19, Kulkarni requested [*8] that discovery on his disparate treatment claims be reopened. By Order dated July 3, Kulkarni's request was denied. The Order noted that discovery on these claims had ended over four months earlier and that the reopening of discovery would prejudice the defendants, who had acted diligently to meet their discovery obligations and were preparing a summary judgment motion. n3 By letter dated July 3, and received on July 9, Kulkarni requested, inter alia, that he be allowed, in essence, to reargue his request for a reopening of discovery. Kulkarni's request to reargue was denied by memo endorsement dated July 10.

n3 The defendants' letter of June 24 opposed reopening discovery and pointed out many infirmities and irregularities in the plaintiff's discovery demands.

On July 8, Kulkarni moved for reconsideration of the June 13 Opinion's dismissal of his disparate impact claim. Kulkarni's motion was denied by Opinion dated August 23. *Kulkarni v. City Univ. of N.Y.*, 2002 U.S. Dist. LEXIS 15855, No. 01 Civ. 10628 (DLC), 2002 WL 1969676 (S.D.N.Y. Aug. 23, 2002) (the "August 23 Opinion") [*9] . Specifically, the August 23 Opinion stated:

Kulkarni argues that the Court overlooked his argument that, pursuant to 42 U.S.C. § 2000e-2(k)(1)(B)(i), he need not identify a specific employment practice so long as he has shown that the overall decision making process affecting his employment is incapable of separation for analysis. The June 13 Opinion, however, directly addressed this argument and rejected it. *Kulkarni*, 2002 U.S. Dist. LEXIS 10562, 2002 WL 1315596, at *1. The June 13 Opinion noted that Kulkarni's disparate impact claim as made out in his second amended complaint consisted of a general description of the organizational structure of the City University of New York Graduate School and University Center, consisting of a "Consortial Arrangement" and an "Allocation System," and the conclusory allegation that this organizational structure has "adversely

affected nonwhites, and in particular, Asians and Asian Indians." Id. The June 13 Opinion held that the "Consortial Arrangement" and "Allocation System" were not specific employment practices. Id.

By Order of that day, the summary judgment [*10] motion was scheduled to be served on September 13.

By letter dated August 1, Kulkarni's counsel John Virdone ("Virdone") applied to withdraw as counsel in this action. By letter dated August 16, Kulkarni's counsel Neal Brickman ("Brickman") opposed Virdone's application. By Order dated September 3, Virdone's request was granted.

On September 19, six days after defendants served their motion for summary judgment, the plaintiff hand delivered a letter dated "August 16" to defense counsel. The letter was received by the Court on September 20. It requested a reopening of discovery and an opportunity to replead the disparate impact claim. Plaintiff's counsel stated the following:

> It is my understanding that prior to my involvement in this case, and through no fault of the Plaintiff, no interrogatories were served upon Defendants in this matter, no depositions were conducted by Plaintiff's original counsel in this matter, no Notice of Deposition was ever served upon Defendants, nor was any demand for the production of documents ever served upon Defendants in this matter.

Brickman also stated:

> Plaintiff has informed me that once the Second Amended Complaint [in [*11] Kulkarni II] was filed, Mr. Virdone did not inform Plaintiff that discovery on the new claims would have to follow the same time line.

In their letter dated September 20, defendants responded by noting, inter alia, that they had voluntarily produced 1,000 pages of discovery after the discovery cutoff date in addition to their earlier voluntary production of documents identified in their mandatory disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., and documents that were marked as exhibits at Kulkarni's deposition. Defendants stated that they had produced these documents voluntarily "in part in an effort to head off precisely the sort of dilatory tactics exemplified by plaintiff's most recent motion."

In an Order of October 4, the Court granted plaintiff additional time to oppose the pending summary judgment motion, and denied the requests to reopen discovery or to replead the disparate impact claim. This Opinion explains the basis for these latter two rulings.

Discussion

I. Request to Reopen Discovery

Pursuant to Rule 26(b)(1), Fed. R. Civ. P., "parties may obtain discovery regarding any matter . . . that is relevant to the claim . . . of the party . . [*12] . ." This rule may be limited by a court where "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2).

Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery. See Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when it had "ample time in which to pursue the discovery that it now claims is essential").

Kulkarni has previously submitted two requests to reopen discovery, both of which were denied because of the prejudice that a reopening of discovery [*13] would cause to defendants, whose counsel has conducted the instant case as well Kulkarni I with commendable diligence and focus. Kulkarni then argued months after the close of discovery and after being served with a motion for summary judgment that discovery should be reopened so that he could correct the failures of his previous counsel, and so that he could prepare an opposition to defendants' summary judgment motion. To the extent that Kulkarni made a request pursuant to Rule 56(f), Fed. R. Civ. P., to reopen discovery, a party opposing summary judgment will not be entitled to further discovery unless he submits an affidavit explaining:

> 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and 2) how those facts are reasonably expected to

create a genuine issue of material fact; and 3) what efforts the affiant has made to obtain those facts; and 4) why those efforts were unsuccessful.

*Burlington Coat, 769 F.2d at 926.* Kulkarni failed to submit such an affidavit, nor did he make any specific statements in his letter request that might meet any of these factors. In light of the substantial prejudice [*14] to defendants that the reopening of discovery would have caused at this stage in the litigation, Kulkarni's request was denied.

II. Request to Replead

*Rule 15, Fed. R. Civ. P.*, governs the amendment of pleadings. Rule 15(a) instructs that leave to amend should be "freely given." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18, 36 F. 1458 (2d Cir. 1997)* (citation omitted). Leave to amend should be denied, however, where the proposed amendment would be futile, if defendants have demonstrated undue delay, bad faith, or dilatory motive, or where defendants would suffer undue prejudice. *Dluhos v. Floating and Abandoned Vessel, 162 F.3d 63, 69 (2d Cir. 1998).*

Kulkarni argued in his "August 16" letter that he should be given leave to replead his disparate impact claim because he can now point to two specific policies which disparately affect Asian Americans of Indian descent. Specifically, he argues that CUNY's Distinguished Professor Guidelines and its guidelines for Joint Faculty Appointments Involving Two Colleges result in a "blatant favoring of new applicants over those applicants wishing to be promoted from within."

It is unnecessary [*15] to decide whether a complaint that identified these two policies could survive a motion to dismiss. They would be included in what would be the third amended complaint in this action and were described for the first time months after the motion to dismiss the disparate impact claim was granted. Kulkarni fails, moreover, to explain how the favoring of new applicants disparately affects Asian Americans of Indian descent. If, as Kulkarni has argued in both Kulkarni I and II, CUNY employs a disproportionately small number of ethnically South-Asian employees, it is reasonable to conclude that a policy that favors new applicants would promote rather than inhibit the hiring of South-Asians to high-ranking positions.

In any case, Kulkarni has demonstrated substantial undue delay throughout this litigation. Allowing him to replead his disparate impact claim would have substantially prejudiced defendants.

Conclusion

For the reasons stated, Kulkarni's requests for a reopening of discovery and to replead his disparate impact claim were denied.

SO ORDERED:

Dated: New York, New York

January 3, 2003

DENISE COTE

United States District Judge