LEXSEE 2005 U.S. DIST. LEXIS 8480

WALTER F. DOWNEY, Plaintiff, v. DEERE & COMPANY, Defendant.

Case No. 04-1359-MLB

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

2005 U.S. Dist. LEXIS 8480

May 4, 2005, Decided
May 4, 2005, Filed

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Walter F Downey, Plaintiff: Randall K. Rathbun, Depew Gillen Rathbun & McInteer, LC, Wichita, KS.

For Deere & Company, Defendant: Eve L. Henson, Richard A. Sayles, Sayles & Werbner PC, Dallas, TX; Paul S. McCausland, Young, Bogle, McCausland, Wells &, Blanchard, PA, Wichita, KS.

**JUDGES:** DONALD W. BOSTWICK, United States Magistrate Judge.

**OPINIONBY:** DONALD W. BOSTWICK

**OPINION:**

### MEMORANDUM AND ORDER

Before the Court are Defendant's Motion for Protective Order (Doc. 36), seeking to prevent Plaintiff from taking the depositions of two of Defendant's employee-engineers, and Plaintiff's Motion to Compel (Doc. 38), seeking to compel Defendant to fully answer Plaintiff's interrogatory and request for production of documents. Plaintiff and Defendant each filed a response. (Docs. 46, 50.) Defendant filed a reply. (Doc. 52.)

Plaintiff also file a Motion for hearing, requesting oral argument on his Motion to Compel. (Doc. 44.) The Court finds that oral argument would not be helpful, and DENIES that motion.

The Court has reviewed the briefs on the remaining motions and is prepared to rule.

### BACKGROUND

Walter Downey filed suit against Deere & Company ("Deere") and a local John Deere dealer [*2] in state court, alleging that he was injured as a result of a defect in a tractor manufactured by Deere and sold to him by the local dealer. The tractor in issue is a model 7810 John Deere tractor. Downey claims that while he was exiting the tractor to check a load of hay bales the tractor slipped out of park, had powered movement and threw him to the ground, causing the injuries for which he seeks redress. Deere denies that the tractor was defective or that any defect caused Downey's injuries.

The case was originally filed in the District Court of Sedgwick County, Kansas, and discovery was conducted under the supervision of that court. In late October or early November of 2004, a final pretrial order was entered in the state court case, and discovery was closed with a few minor exceptions that are not relevant here. On November 17, 2004, Deere removed the case to federal court based on diversity jurisdiction, which was established when the local John Deere dealer was dismissed as a defendant in the state court case.

After removal to this court, Deere filed motions for summary judgment (Doc. 13) and to strike Downey's expert witness, Ronald Wells. (Doc. 25.) Downey then filed a response [*3] based upon *Fed. R. Civ. P. 56(f)* stating that there were many discovery issues yet to be resolved by the magistrate judge and the motion was based on an expert opinion developed for the case prior to removal to federal court. Downey requested that the district judge stay the motion for summary judgment until discovery has been undertaken. n1

Case 3:02-cv-00691-CFD    Document 55-4    Filed 07/14/2005    Page 2 of 4

Page 2
2005 U.S. Dist. LEXIS 8480, *

n1 In the alternative, Downey requests an order of dismissal of this case, without prejudice.

In his present motion to compel discovery, Downey argues that the standard on admissibility of expert testimony is much different in state court (which applies the *Frye* standard) than in federal court (which applies the *Daubert/Khumo Tire* standards), and he should be afforded additional discovery in order to meet the different standard applied in federal court. (Doc. 39 at 2.) In furtherance of that goal, Downey noticed two depositions, which are the subjects of Deere's Motion for Protective Order, and issued one interrogatory and one [*4] request for production of documents, which are the subjects of Downey's Motion to Compel.

Downey seeks to depose two employees of Deere, Don Pfundstein and Kirk Ney. Pfundstein is an engineer who worked on issues of inadvertent movement in 7000 series tractors, the predecessor to the 7810 model at issue here. Kirk Ney is also an engineer whom Deere has designated as its expert in this case. Downey deposed Ney prior to Ney being designated as Deere's expert.

Downey's interrogatory seeks "the date of the complaint and identity [of] the tractor owner[s] who made the complaint for each of 39 [specified] claims," involving defects on tractors of the same model as the one owned by Downey. (Doc. 40, Ex. 1.) Downey's request for production of documents seeks "documents relating to each of the 39 [specified] claims . . . including repair work done, correspondence with the owner, warranty details, and analysis of failure." (Doc. 40, Ex. 2.) Downey argues that all of the information requested is relevant under *Rule 26*.

Deere objects to the discovery generally because discovery is closed, and claims that Downey is simply trying to get a second bite at the discovery apple. Deere further [*5] claims that much of the discovery is irrelevant, and the Ney deposition is cumulative.

DISCUSSION

The key issue for this motion is whether further discovery should be allowed when discovery was completed in state court, and the case was subsequently removed to federal court. The Court is not aware of any cases on point, and the parties fail to direct the Court's attention to any such cases. However, the Court is not without guidance.

The Removal of Causes Act, *28 U.S.C. § 1441 et seq.*, states, in pertinent part that "all injunctions, orders, and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the [federal] district court." *28 U.S.C. § 1450.* Interpreting *section 1450*, the Supreme Court stated:

> [section] 1450 can and should be interpreted in a manner which fully serves its underlying purposes . . . . Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. [*6] Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders . . . will not lapse upon removal.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 435-36, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).* The Court further stated that "after removal, the federal court takes the case up where the State court left it off.'" *Id. at 436 (citing Duncan v. Gegan, 101 U.S. 810, 812, 25 L. Ed. 875 (1880)).* The transfer of a suit from state court to the federal court does not vacate what has been done in the state court prior to the removal. *Duncan v. Gegan, 101 U.S. 810, 812, 25 L. Ed. 875 (1880).* After removal, the case shall proceed as though the suit had commenced and all of the proceedings had taken place in federal court, *Freeman v. Bee Machine Co., 319 U.S. 448, 452, 63 S. Ct. 1146, 87 L. Ed. 1509, 1943 Dec. Comm'r Pat. 771 (1943),* and those proceedings shall have the same force [*7] and effect as if they had taken place in federal court. *Alpert v. Resolution Trust Corp., 142 F.R.D. 486, 487 (D. Colo. 1992) (citing In re Meyerland Co., 960 F.2d 512, 520 (5th Cir. 1992); In re Savers Federal Savings & Loan Ass'n, 872 F.2d 963, 966 (11th Cir. 1989)).* However, once a case is removed to federal court, federal law governs future proceedings. *Granny Goose Foods, 415 U.S. at 437.*

Since this court takes the case up where the State court left it off,' it is clear that, in effect, Downey is now attempting to "reopen" discovery. The Court has wide discretion in determining whether to reopen discovery, and this court has identified six factors to consider when faced with such a motion: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the state court, (5) the

foreseeability of the need for additional discovery in light of the time allowed for discovery by the state court, and (6) the likelihood that the discovery [*8] will lead to relevant evidence. *Harding v. Goodyear Tire & Rubber Co., 170 F.R.D. 477, 478 (D. Kan. 1997)* (citing *Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990)* (quoting *Smith v. U.S., 834 F.2d 166, 169 (10th Cir. 1987))).

In general, these factors weigh heavily against reopening discovery. While a trial date has not been set, this case was entirely prepared for trial when it was removed to federal court. Thus, it can fairly be said that trial is imminent. The request is opposed and Deere argues that it will be prejudiced by Downey's attempt to reopen discovery at this late date. Most importantly, though, the need for much of the discovery sought was foreseeable in the state court case and Downey does not explain why he did not seek the discovery in state court prior to the closing of discovery. Finally, Downey does not adequately explain how the requested discovery is directed to enabling Mr. Wells to "shore up" his opinions so that those opinions would withstand Deere's *Daubert* challenge.

The distinction between the *Daubert* and *Frye* standards concerns only whether scientific evidence [*9] is reliable, *i.e.*, based on scientific principles. *See* 29 Wright & Gold, FEDERAL PRACTICE AND PROCEDURE § 6266 (1997) (stating that under the *Frye*, expert testimony was admissible only if based on principles generally accepted by the relevant scientific community, whereas *Daubert* created a non-exclusive four-factor test for determining whether expert testimony was sufficiently reliable). Such a distinction does not appear to be implicated by Defendant's motions to exclude Plaintiff's expert witness (Doc. 25) and for summary judgment (Doc. 13), wherein Defendant argues that Wells' testimony is not reliable because it is based on speculation. Defendant essentially argues that Wells' opinion is not reliable because he admittedly does not understand the subject tractor's linkage and bases his testimony on the assumption that Plaintiff's rendition of the event is true despite the fact that he cannot specifically identify any defect. (Doc. 26 at 6 7). Plaintiff's discovery requests do not appear to relate to proving that Wells' proposed opinion is reliable, *i.e.*, not speculation, but rather appear to seek additional discovery to identify a defect.

With respect to the [*10] interrogatory and document request, Deere argues that Mr. Wells has already testified that the accident in this case, involving powered movement on a three lever tractor is "unique" and therefore the other complaints which Downey is seeking to discover are not calculated to lead to the discovery of admissible evidence since they all involve non-powered movement. (Doc. 50 at 4-5.) Downey's response to that argument is that Deere may be telling the truth, but he doesn't want to take their word for it. (Doc. 39 at 3.)

Because Downey has not clearly identified how the requested information would assist his expert witness in supplementing his report or opinion in order to withstand a *Daubert* challenge, and because Downey knew of these prior claims some time ago and could have sought this information during discovery in the state court case, the court will not reopen discovery to allow either the interrogatory or document request.

As to the two requested depositions, Downey has not identified how testimony by Pfundstein concerning a prior model tractor (a two-lever version) is calculated to lead to discoverable evidence in this case. Nor does Downey indicate why Pfundstein's [*11] deposition could not have been taken during discovery in the state court case if Mr. Wells thought that data concerning the two-lever model tractor was important to his report or opinion. Therefore, the Court will enter a protective order, preventing Downey from deposing Pfundstein and will not reopen discovery to allow Downey to take Pfundstein's deposition.

As to Ney, Downey indicates that his deposition is to be an "evidentiary" deposition. (Doc. 46 at 1.) The federal rules do not distinguish between a "discovery" deposition and an "evidentiary" deposition. This court's local rules, however, provide that the "deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period." D. Kan. Rule 30.3. Only where the witness agrees to appear at trial, and then later becomes unable to or refuses to attend, does the rule allow a deposition to be taken "at any time prior to trial." *Id.* In this case, Deere has designated Ney as their expert witness so there is no basis for assuming at this time that he will not be available for or present at the trial in this case, thus there is no present need for an "evidentiary deposition."

In this case, [*12] Downey deposed Ney in the state court case prior to the time Ney was designated as an expert by Deere. Furthermore, Deere has established that it offered to make Ney available for a further deposition in the state court case after he was designated as an expert, but Downey opted not to depose him. (Doc. 36 at 1-2, 7, and Ex. "A".) Therefore, the court grants Defendant's motion for a protective order precluding Plaintiff from re-deposing Mr. Ney.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Oral Argument (Doc. 44), DENIES Plaintiff's Motion to Compel (Doc. 38), and GRANTS

Case 3:02-cv-00691-CFD   Document 55-4   Filed 07/14/2005   Page 4 of 4

Page 4
2005 U.S. Dist. LEXIS 8480, *

Defendant's Motion for Protective Order (Doc. 36) to the extent that it seeks to prevent Downey from taking the depositions of either Ney or Pfundstein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 4th day of May, 2005.

DONALD W. BOSTWICK

United States Magistrate Judge