UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. 3:02cv00691 (CFD) |
|     Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY | : | |
|     Defendant. | : | SEPTEMBER 12, 2005 |

_____

**OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND CLARIFICATION**

The defendant, AT&T, respectfully opposes Plaintiff's belated motion, dated September 7, 2005, for extension of time and clarification. Plaintiff's request is untimely and unwarranted, and there is no need for clarification of this Court's order of July 15, 2005, the terms of which are clear.

The conduct of this case has been fraught with delay. Plaintiff commenced this action in March, 2002, and, by this court's order of August 2, 2002, the parties were to complete discovery by March 31, 2003. After several extensions, the discovery period finally concluded on May 21, 2005. On July 11, 2005, Defendant filed its motion for summary judgment (the "July 11 Motion"). That same day, Plaintiff filed a motion *ex post facto* to extend the time for discovery—specifically to depose Willem Weijer, who had supervised plaintiff at the time of termination and who was mentioned by name in plaintiff's 2002 Complaint--up to and including August 11, 2005.[1] The Court granted this request (the "July 15 Ruling"), stating simply that the

---

[1] On or about July 6, 2005, Plaintiff for the first time noticed Willem Weijer's deposition, and defense counsel responded by informing Plaintiff's counsel that the deposition notice was

July 11, 2005 motion (Dkt. #50) was granted for "good cause" shown; the Court's order further permitted AT&T to supplement its summary judgment motion within 21 days of the Weijer deposition.

On July 21, 2005, Plaintiff filed a motion for extension of time to reply to Defendant's motion for summary judgment (the "July 21 Motion"), seeking a thirty-day extension to reply to Defendant's motion for summary judgment and also seeking "authority" to depose Weijer. The court granted the July 21 Motion.

Discovery ended on August 11, 2005, and, for the first time on August 16, Plaintiff's counsel contacted defense counsel to make arrangements for a deposition of Weijer. Ex. B (Letter dated August 16, 2005 from Attorney Chavey to Attorney Shea). By letters dated August 16, August 18 and September 1, defense counsel sought to inform plaintiff's counsel that the discovery deadline had passed. Ex. B, C (Letter dated August 18, 2005 from Attorney Chavey to Attorney Shea), D (Letter dated September 1, 2005 from Attorney Chavey to Attorney Shea).

Once again seeking to reopen a deadline that has long since passed, Plaintiff now asks this Court to re-open the discovery period for an indeterminate period, so that he can depose Weijer, and to permit him, within 21 days of the deposition, to file an opposition to AT&T's summary judgment motion. Plaintiff's latest motion does not indicate:

--      why he did not seek to depose Weijer in the three years between March 2002, when he filed this Complaint identifying Weijer as a witness, and May 21, 2005, when the discovery period ended; or

---

untimely because the discovery period had long since expired. See Ex. A. (July 7, 2005 Letter from Attorney Chavey to Attorney Shea).

--  why he did not seek to depose Weijer between July 11, 2005, when he sought a 30-day extension (actually, reopening) of the discovery period, and August 11, 2005, when the requested discovery period ended.

Plaintiff's motion should be denied. He fails to show good cause as to why the discovery period--which closed on May 21, 2005, was reopened at plaintiff's request in July, and again closed on August 11, 2005--should again be reopened. See Loc. R. Civ. P. 7(b)2. He fails to show, as Local Rule 7(b)2 requires, "a particularized showing that the time limitation in question [could not] reasonably [have been] met despite the diligence of the party seeking the extension." There can be no dispute that Plaintiff has known of this witness—who was his manager at the time of termination--since 1999, and Plaintiff himself referred to Weijer in his Complaint filed in early 2002. An exercise of reasonable diligence would have resulted in Weijer's deposition being taken long ago.

Moreover, this is not the first time Plaintiff has failed to respect the Court's deadlines. For example, Plaintiff initially failed to respond to AT&T's motion to dismiss, resulting in this Court dismissing the case in October 2002 and entering judgment in AT&T's favor. When this Court later reopened the case and set a new deadline for plaintiff's response to AT&T's motion to dismiss, the plaintiff again missed the deadline. See, e.g., AT&T's November 7, 2003 Motion for Judgment (Dkt. #21). More recently, Plaintiff moved for an extension of the discovery period on July 11, 2005, almost two months after the discovery period had closed. The Court should not tolerate Plaintiff's pattern of indifference to its deadlines, especially in light of the fact that these deadlines have already been extended at Plaintiff's request. Moreover, AT&T is prejudiced by these delays, because it has already filed its summary judgment motion and would

need to expend additional time and resources to address the new discovery issues that Plaintiff seeks to raise.  See, e.g., King v. Friend of Farmer, Inc., 82 Fair Emp. Prac. Cas. (BNA) 802 (S.D.N.Y. 2000) (denying motion to reopen discovery for purpose of disclosing expert, where no explanation given for failure to retain expert during discovery period); Donk v. Miller, 2000 U.S. Dist. LEXIS 1871 (S.D.N.Y. 2000) (denying motion to reopen discovery where movant lacked diligence in conducting discovery, even if movant had misunderstood applicable law regarding conduct of discovery); see also Capozzi v. Gale Group Inc., 2002 U.S. Dist. LEXIS 17096 (D. Conn. 2002) (denying motion to compel filed after close of discovery because of movant's lack of diligence).

Finally, no clarification of this Court's July 15 ruling is necessary.  Perhaps Plaintiff seeks clarification because his understanding of the order is erroneous; he states that the July 15 Ruling "extend[ed] the time for plaintiff to file his objection to defendant's Motion for Summary Judgment to a date 21 days after the completion of Mr. Weijer's deposition."  (See id.).  This claim is patently inaccurate.  The order states that "*Defendant* shall have 21 days after the deposition [which was to take place before August 11, 2005] *to supplement its summary judgment motion*."  (Dkt. #56)(emphasis added).  Plaintiff's misconstruction of this simple order is not good cause to clarify it or to extend the now-passed deadlines.

For all these reasons, AT&T respectfully opposes Plaintiff's September 7, 2005 Motion for Extension of Time and Clarification.

THE DEFENDANT,

By: /s/ Victoria Woodin Chavey
     Victoria Woodin Chavey (ct14242)
     Eric L. Sussman (ct19723)
For:  Day, Berry & Howard LLP
     CityPlace I
     Hartford, Connecticut 06103-3499
     (860) 275-0100
     Its Attorneys

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to: William T. Shea, Shea & Cook, P.C., 290 Pratt Street, P.O. Box 1856, Meriden, CT 06450.

    /s/ Victoria Woodin Chavey
Victoria Woodin Chavey