1 of 1 DOCUMENT

NATASHA KING, Plaintiff, - against - FRIEND OF FARMER, INC. et al., Defendants.

97 Civ. 9264 (BSJ) (RLE)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 3538; 82 Fair Empl. Prac. Cas. (BNA) 802

March 17, 2000, Decided
March 17, 2000, Filed

**DISPOSITION:** [*1] Defendants' application to reopen discovery DENIED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For NATASHA KING, plaintiff: Allegra L. Fishel, Beranbaum Menken Ben-Asher & Fishel, New York, NY.

For FRIEND OF A FARMER, CORP., TERRY MORABITO, CARRIE MORABITO, JULIO HERAS, defendants: Annette G. Hasapidis, Lester Schwab Katz & Dwyer, New York, NY.

**JUDGES:** Honorable Ronald L. Ellis, United States Magistrate Judge.

**OPINIONBY:** Ronald L. Ellis

**OPINION:**

### MEMORANDUM OPINION & ORDER

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiff Natasha King ("King") brought this employment discrimination suit alleging sexual harassment by the individually named defendants, suing them together with the corporate defendant (collectively "defendants") on December 17, 1997. On October 21, 1998, the Honorable Barbara S. Jones referred the case to this Court for general pretrial supervision after the initial case conference. At the time of the referral, fact discovery had been closed by Judge Jones on July 31, 1998, and expert discovery was scheduled to be closed on November 2, 1998. The sole issue adjudicated before this Court was King's request for financial information from defendants. This discovery dispute was resolved by the Court, [*2] and the case returned to Judge Jones on July 20, 1999, as discovery was closed.

On February 3, 2000, Judge Jones again referred the case to the Court, to resolve the issue of defendants' application to reopen discovery for the limited purpose of permitting a psychological examination of King, pursuant to *Rule 35 of the Federal Rules of Civil Procedure.* After reviewing the letter application by defendants and response by King, and hearing oral argument on the issue on March 16, 2000, the Court finds that defendants have failed to meet their burden of showing good cause why discovery should be reopened and **DENIES** defendants' application.

The Federal Rules provide for courts to enter a schedule order for the completion of discovery, and such order "shall not be modified except upon a showing of good cause" and by leave of the court. *Fed.R.Civ.P. 16(b).*

Defendants argue that this Court should modify the scheduling order and reopen discovery to permit it to retain a psychological expert. Def. Let. at 2. n1 Defendants argued at the conference before the Court that is it "critical" to the issue of damages, to rebut the evidence submitted by plaintiff in an expert psychological report. [*3] Defense counsel concedes that the fact that he is the third counsel of the case does "entitle the defendant to more discovery," but beseeches the Court to grant the allowance "in the interest of justice." *See* **id.**

---

n1 "Def. Let." refers to defendants' letter application for reopening discovery, addressed to this Court and dated February 4, 2000.

---

Although defendants have shown that the testimony of another psychological expert is relevant to the issues

2000 U.S. Dist. LEXIS 3538, *; 82 Fair Empl. Prac. Cas. (BNA) 802

to be decided at trial, defendants offer no explanation as to why prior counsel did not retain that expert prior to the completion of discovery. *See* Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1 at 231 (party seeking to reopen discovery must show why the court's deadlines could not "reasonably" have been made "despite [its] diligence"). Absent some explanation for defendants' delay, the Court does not conclude that there is "good cause" within the meaning of Rule 16(b) to modify the scheduling order. Therefore, defendants' [*4] application to reopen discovery is **DENIED**.

**SO ORDERED this 17th day of March 2000**
**New York, New York**

**The Honorable Ronald L. Ellis**

**United States Magistrate Judge**