LEXSEE 2002 U.S. DIST. LEXIS 17096

SALVATORE CAPOZZI, PLAINTIFF, v. THE GALE GROUP, INC., ET AL., DEFENDANTS

CIV. NO. 3:00CV2129 (WWE)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2002 U.S. Dist. LEXIS 17096

June 3, 2002, Decided

**SUBSEQUENT HISTORY:** Subsequent appeal at *Capozzi v. Gale Group, 2003 U.S. App. LEXIS 23223* (2d Cir. Conn., Nov. 13, 2003)

**DISPOSITION:** [*1] Plaintiff's motion to compel denied and defendant's motion for protective order granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** For SALVATORE CAPOZZI, plaintiff: Thomas E. Mangines, Francis D. Burke, Mangines & Burke, LLC, Bridgeport, CT.

For GALE GROUP, INC., THOMPSON CORP., defendants: Michael R. Zeller, Elizabeth S. Torkelsen, Epstein, Becker & Green, P.C., Stamford, CT.

**JUDGES:** HOLLY B. FITZSIMMONS, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** HOLLY B. FITZSIMMONS

**OPINION:**

RULING

On March 26, 2002, this court heard oral argument on plaintiff's motion to compel discovery [doc. # 35] and defendants' motion for protective order [doc. # 38]. n1 After consideration of the oral arguments by counsel and documents submitted, the court orders the following.

---

n1 Document ## 24, 34-1, and 34-2 were withdrawn by counsel at oral argument.

---

Facts and Procedural History

The discovery responses that are the subject of plaintiff's motion to compel were served on plaintiff by defendants on May 15, 2001. Plaintiff did not [*2] seek to compel further responses prior to the original October 31, 2001 discovery deadline. Instead, plaintiff sought, and received, an extension of time to complete discovery until December 31, 2001. [See doc. # 19 (endorsement) (Eginton, J.).] However, plaintiff still did not file a motion to compel within that extended time frame. Instead, plaintiff filed a second motion for extension of time, in which plaintiff requested that the court extend the discovery deadline until March 1, 2002. [See doc. # 25.] On January 11, 2002, Judge Eginton granted that motion in part, resetting the discovery cutoff date to February 1, 2002, and specifically stated that *no* further extensions of time would be granted. [See id. (endorsement).] Again, plaintiff did not file a motion to compel. Instead, on February 4, 2002 - three days *after* the final cutoff date - plaintiff moved to extend the discovery deadline until March 4, 2002, and moved to compel discovery. [See doc. ## 33, 35.] Plaintiff also served additional discovery requests on that date. On February 22, 2002, defendants moved for a protective order [doc. # 38] on the ground that, inter alia, the requests [*3] were served after the discovery deadline passed. On March 6, 2002, Judge Eginton denied the motion for extension of time "as moot" [see doc. # 33 (endorsement)], and referred the motion to compel [doc. # 35] and motion for protective order [doc. # 38] to the undersigned.

Doc. # 35

The issue before the court with regard to the motion to compel is whether the court should compel further responses to discovery requests more than ten months after defendants' responses were served, pursuant to a motion to compel which was not filed until three days after a second extended discovery deadline. Answering that question in the negative, the court denies plaintiff's motion to compel.

2002 U.S. Dist. LEXIS 17096, *

Several courts have considered whether to compel responses to discovery when the motion to compel could have been, but was not, filed before the discovery cutoff date. In *Worldcom Network Services, Inc. v. Metro Access, Inc.,* 205 F.R.D. 136, 144 (S.D.N.Y. 2002), the court construed two documents as "an application to compel a response to ... two ... discovery requests," and denied such application "as untimely because the discovery cutoff had long since passed." The court specifically [*4] noted in a footnote that, "because no motion to compel was ever sought prior to the conclusion of the discovery period on August 17, 2001, it is unnecessary for the Court to make any findings as to when the documents were in fact served." *Id.* at 144, n.4. See also *Wells v. Sears Roebuck & Co.,* 203 F.R.D. 240, 241 (S.D. Miss. 2001) (noting that, while problems can obviously arise, "if the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel[;] if he fails to do so, he acts at his own peril"); n2 *Koerts v. MCI Telecommunications Corp.,* 1996 U.S. Dist. LEXIS 7866, No. 95 C 1039, *1996 WL 312078,* *1 (N.D. Ill. June 7, 1996) (denying motion to compel because "the Federal Rules do not require the court to reopen discovery and to overrule objections to interrogatories that were made months before and simply not acted upon until after the close of discovery"). n3

   n2 In Wells, the court denied the motion to compel because plaintiff propounded interrogatories on April 10, 2001, and did not file the motion to compel until September 17, 2001. *203 F.R.D. at 241.* The time period is even longer in this case, where the requests were *responded to* in May 2001, and the motion to compel was not filed until February 2002.

[*5]

   n3 The court further noted that "the defendant had many months in which to file its motion to compel" and that "defendant failed to do this until well after the close of discovery, in spite of the fact that it was well aware of the discovery cutoff deadline." *1996 U.S. Dist. LEXIS 7866, 1996 WL 312078* at *1

In the instant case, plaintiff had ten months and three discovery deadlines to file the motion to compel. Thus, plaintiff *could* easily have filed the motion prior to the discovery cutoff date. Moreover, plaintiff's counsel admitted that he *should* have filed the motion earlier because the documents sought would have been helpful during a deposition that plaintiff conducted. Therefore, in light of plaintiff's lack of diligence, and consistent with Judge Eginton's order which clearly contemplated the full completion of discovery by February 1, 2002, the court denies plaintiff's motion to compel.

Doc. # 38

Defendants seek a protective order that they do not have to respond to discovery requests served after the February 1, 2002 discovery deadline. As noted, Judge Eginton denied "as moot" plaintiff's [*6] motion for extension of time to propound further discovery requests. [See doc. # 33 (endorsement).] Defendants argue that the denial of that motion moots their motion for protective order because further discovery requests have been prohibited. Plaintiff, on the other hand, argues that, when Judge Eginton denied the motion for extension of time "as moot," he did so because the issue was alive via another pending motion: defendant's motion for protective order. Plaintiff's interpretation is not persuasive. First, Judge Eginton denied the motion for extension of time on the same day that he referred the motion for protective order. Furthermore, such an explanation is inconsistent with Judge Eginton's previous order that there would be no further extensions of time. The more logical explanation is that Judge Eginton denied the motion as moot because it was filed *after* the discovery deadline - a deadline which, by Judge Eginton's prior order, was final. Accordingly, the court grants defendant's motion for protective order.

Conclusion

For the foregoing reasons, plaintiff's motion to compel [doc. # 35] is **DENIED** and defendant's motion for protective order [doc. [*7] # 38] is **GRANTED**. This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. *28 U.S.C. § 636* (b)(1)(A); *Fed. R. Civ. P. 6(a), 6(e)* and *72(a)*; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 3d day of June 2002.

HOLLY B. FITZSIMMONS

UNITED STATES MAGISTRATE JUDGE