## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY | : | CIVIL ACTION NO. |
| | : | 3:02CV00691(CFD) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| AMERICAN TELEPHONE & TELEGRAPH COMPANY | : | |
| | : | |
| Defendant. | | DECEMBER 5, 2005 |

### DEFENDANT'S OBJECTION TO
### PLAINTIFF'S DEMAND FOR TRIAL BY JURY

The Defendant, American Telephone & Telegraph Company ("AT&T"), objects to Plaintiff's Demand for Trial by Jury as the demand is exceedingly untimely.

**I.    PROCEDURAL BACKGROUND**

On March 19, 2002, the Plaintiff, Robert J. Felekey ("Felekey"), filed an action in state court against AT&T alleging wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress. (Compl.)[1] His Complaint contained no reference to a jury trial. (See id.) On April 18, 2002, AT&T petitioned for removal to federal court. (Def.'s Pet. for Removal, 4/18/02.) On February 14, 2005, AT&T filed it Answer and Affirmative Defenses. Neither party has filed any additional pleadings.

---

[1] The Court dismissed Felekey's claims for wrongful termination and intentional infliction of emotional distress on November 3, 2004. (See Dkt. #35).

**II.   ARGUMENT**

    **A.   <u>The Demand for Jury Trial Is Untimely</u>**

Rule 38(b) of the Federal Rules of Civil Procedure[2] requires that a party seeking a jury trial make his demand "not later than 10 days after the service of the last pleading directed to such issue . . . ." Fed. R. Civ. P. 38(b). "A party who fails to serve and make such demand within the designated time period waives his right to a jury trial as to all issues in the general area of dispute." <u>Lastra v. Weil, Gotshal & Manges LLP</u>, 03 Civ. 8756, 2005 U.S. Dist. LEXIS 3630, at *4 (S.D.N.Y. Mar. 8, 2005) (citations omitted).[3]

AT&T filed the last pleading—its Answer and Affirmative Defenses—on February 14, 2005. Felekey filed his Demand for Trial by Jury nine months later on November 15, 2005. (<u>See</u> Dkt. # 62.) This action has been pending since March of 2002, and the discovery period expired in May of 2005, followed by AT&T's summary judgment motion filed on July 11, 2005.[4]

To afford Felekey a jury trial at this late date—over three years after he instituted this action and almost nine months after he unequivocally waived his right to the same—would unduly prejudice AT&T.[5] <u>See</u> <u>Townsend v. Clairol Inc.</u>, 26 Fed. Appx. 75, 78 (2d Cir. 2002) (stating

---

[2] Because the action was removed to federal court before AT&T served its Answer and Affirmative Defenses, the provisions of Rule 38, and not Rule 81, govern the timeliness of the jury demand. <u>See</u> <u>Ingredient Tech. Corp. v. Nay</u>, 532 F. Supp. 627, 633 (E.D.N.Y. 1982).

[3] A copy of this unreported case is attached as Exhibit A.

[4] Plaintiff was permitted to take one deposition after the close of discovery and after AT&T filed its summary judgment motion. See Order dated September 28, 2005 (Dkt. #61.)

[5] Indeed, many strategic decisions during litigation depend in part on whether the case will be tried to the court or to a jury, including but not limited to deciding whether to disclose expert witnesses.

that "prejudice would likely result to the defendant if a jury trial were permitted at this point, since defendant engaged in litigation planning and strategy *for over two years* based on the understanding that the case would be heard by bench trial") (emphasis added).  See also Rosen v. Dick, 639 F.2d 82, 94 (2d Cir. 1980) (stating that Rule 38 "embodies the equitable principles of reasonable reliance . . . and adequate notice . . ."); Berisford Capital Corp. v. Syncom Corp., 650 F. Supp. 999, 1001 (S.D.N.Y. 1987) (stating that the purpose of the rule is to "provide adequate notice to the parties of whether they will appear before a court or a jury" and that "[t]he parties may then rely on the Rule's explicit terms in presuming that the fact-finder will not thereafter change for the claims raised in the complaint").  Indeed, AT&T has proceeded through years of litigation, has completed discovery, and has made all its strategic decisions concerning the defense of these claims, all without any demand by Plaintiff for a jury trial.

### III.   CONCLUSION

For all of the foregoing reasons, the Defendant respectfully requests that this Court reject the Plaintiff's untimely Demand for Trial by Jury.

                                        THE DEFENDANT,
                                        AMERICAN TELEPHONE AND
                                        TELEGRAPH COMPANY

                                      By:     _____/s/ Jeffrey A. Fritz_____
                                                  Victoria Woodin Chavey (ct14242)
                                                  Eric L. Sussman (ct19723)
                                                  Jeffrey A. Fritz (ct26667)
                                                  Day, Berry & Howard, LLP
                                                  CityPlace I
                                                  Hartford, CT 06103-3499
                                                  Telephone: (860) 275-0100
                                                  Fax: (860) 275-0343
                                                  Its Attorneys

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was sent this date, via regular mail, postage prepaid, to:

William T. Shea
Shea & Cook, P.C.
290 Pratt Street
P.O. Box 1856
Meriden, Connecticut 06450

                                                                                         _____/s/ Jeffrey A. Fritz_____
                                                                                         Jeffrey A. Fritz