UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY,  Plaintiff, | : : : | Civil Action No. 3:02 CV 691 (CFD) |
| v. | : : | |
| AMERICAN TELEPHONE AND TELEGRAPH COMPANY  Defendant | : | |

### RULING ON PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Robert J. Felekey initially brought this suit in the Connecticut Superior Court on March 19, 2002. It was removed to this Court by the defendant American Telephone & Telegraph Company ("AT&T") on the basis of diversity of citizenship on April 18, 2002. An answer to that complaint was filed on February 14, 2005. Felekey, for the first time in this lawsuit, filed a demand for a trial by jury on November 15, 2005. AT&T objects to Felekey's jury demand, arguing that it was untimely because it was not filed within ten days of AT&T's answer. For the reasons stated below the Court now grants Felekey's request for a jury trial.

When a case is removed from state court to federal court before the answer is filed, Federal Rule of Civil Procedure 38 governs the deadlines for parties to file jury demands. 8 James Wm. Moore et al., Moore's Federal Practice § 38.50[7][c] (3d ed. 2006). Rule 38(b) requires that a party must demand a trial by jury "no later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). At the time of removal of this case, the answer had not yet been filed. Thus there is no question that Felekey failed to meet the Rule 38 deadline; he filed his jury demand nine months after AT&T's answer.

Under Rule 39(b), however, a district court has discretion to order a trial by jury notwithstanding a party's failure to satisfy Rule 38. Fed. R. Civ. P. 39(b). The Second Circuit

established the factors a district court should consider in exercising discretion under Rule 39(b) in Raymond v. International Business Machines Corp., 148 F.3d 63, 65-66 (2d Cir. 1998). Relief is justified if a party shows that the failure to comply with Rule 38 went "beyond mere inadvertence." Id. at 65. Additionally, even "mere inadvertence" is sufficient if it constituted "excusable neglect" by the moving party. Id. at 66 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 391-92 (1993)). Assessing whether the party's failure to comply with Rule 38 is "excusable neglect" requires the court to make an "'equitable [determination], taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Id. (quoting Pioneer, 507 U.S. at 395).

The equitable considerations from Raymond justify granting Felekey's jury demand. First, AT&T likely will not be prejudiced by a jury trial. In opposition to Felekey's motion, AT&T argues that granting a jury trial will prejudice AT&T because it conducted discovery and made strategic litigation decisions on the assumption that trial would be before the Court. Defendant's Objection to Plaintiff's Demand for Trial by Jury at 2-3. However, nearly three years elapsed between AT&T's removal of this case to federal court and AT&T's answer to the complaint. Thus, some discovery was conducted prior to the time when Felekey was required to file his jury demand, and this is the type of case that is typically tried before a jury. As Rule 38 allowed Felekey until ten days after AT&T filed its answer to make a jury demand, AT&T should have pursued its litigation strategies through late February 2005 on the assumption that the case would be tried before a jury.

Additionally, there is no evidence that Felekey made this delayed jury demand in bad faith. Felekey submitted a status report to the Court on October 13, 2004 in which he stated that

this case would be tried to a jury.[1] Status Report at 2. This shows that he intended to demand a jury trial months before Rule 38 required him to do so. This fact negates any possibility that he made his delayed motion in bad faith, indicates that his failure to comply with Rule 38 is likely due to the type of "excusable neglect" discussed in Raymond, and informed AT&T early on that this would likely be a jury case. Finally, the only "strategic decision" that AT&T points to that would be affected by a jury trial was "deciding to disclose expert witnesses." However, the Court would require such disclosure regardless of whether this were a bench or jury trial.

Given the facts surrounding Felekey's delayed jury trial demand, the equitable considerations set out in Raymond justify granting Felekey's motion. The plaintiff's demand for a jury trial **[Doc. # 62 ]** is granted.

SO ORDERED this  16th day of October, 2006, at Hartford, Connecticut.


　　　　　　　　　　　　　　　　　　　　/s/ CFD
　　　　　　　　　　　　　　　　　　**CHRISTOPHER F. DRONEY**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[1] The Court takes note of AT&T's July 13, 2004 status report which stated that little discovery had been conducted in the case and that the case would be tried to the Court. However, the Court did not limit the parties with regard to conducting discovery, and this status report was filed well before the Rule 38 deadline for Felekey to file his jury demand.