UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:02CV691 (CFD) |
| v. | : | |
| | : | |
| AMERICAN TELEPHONE & | : | |
| TELEGRAPH COMPANY, | : | |
| | : | |
| Defendant. | : | DECEMBER 1, 2006 |

## JOINT TRIAL MEMORANDUM

Pursuant to this Court's order, the parties respectfully submit this Joint Trial Memorandum.

1. **TRIAL COUNSEL**

Plaintiff, Robert J. Felekey:
William T. Shea (ct05211)
Shea & Cook, P.C.
290 Pratt Street, P.O. Box 1856
Meriden, CT  06450
(203) 634-1444
fax (203) 634-1297

Defendant, American Telephone & Telegraph Company:
Victoria Woodin Chavey (ct14242)
Eric L. Sussman (ct19723)
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100
fax (860) 275-0343

2.    **JURISDICTION**:

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties.

3.    **JURY/NON-JURY:**

The plaintiff's claims are being tried to a jury.

4.    **NATURE OF THE CASE**:

Plaintiff's Statement

Plaintiff worked for defendant AT&T from 1979 until terminated on October 15, 1999. Plaintiff claims his termination breached an implied contract of employment and a covenant of good faith and fair dealing.  Plaintiff claims that during his twenty years of employment with defendant he was repeatedly given representations by his employment managers that his employment was secure as long as he observed the AT&T Code of Conduct and would not be terminated except for "just and reasonable cause".  Plaintiff claims he was a highly successful sales manager who was transferred frequently to positions with increased responsibilities and compensation.  In 1999 plaintiff had completed the sale of AT&T communication services to Starwoods which entitled him to a sales commission of Eighty Two Thousand Dollars for which he was paid $6,000.00.  Plaintiff filed an appeal claiming his full commission in the form prescribed by defendant and within days was informed his sales managerial position was

terminated in a "corporate reorganization".  Plaintiff subsequently learned and claims this was a

corporate reorganization that only affected him and he was transferred on March 1, 1999 to a

different and relatively new division of defendant company at substantially less compensation for

which he was directed to take training in the products he would be selling.  Plaintiff was formally

evaluated successfully by his new manager, Willem Weijer, in the AT&T mid-year performance

feed-back review but within two weeks thereafter Mr. Weijer placed him on a ninety day

"Performance Improvement Plan" and within thirty days plaintiff was terminated without any

explanation as to the reason for his termination.

　　　　Plaintiff claims he was terminated in breach of his implied contract of employment and the

company had no reasonable cause to terminate him.

　　　　Plaintiff also claims a violation of Connecticut Statutes which require payment of earned

commissions and seeks appropriate damage for said corporate failure to pay his said commissions.


Defendant's Statement

　　　　Plaintiff worked for AT&T from 1979 until his termination on October 15, 1999.  The

surviving claims in his complaint are breach of contract and breach of the implied covenant of

good faith and fair dealing.  Specifically, Plaintiff claims that AT&T made representations to the

effect that he would not be terminated except for "just and reasonable cause."  He further claims

that the company lacked just and reasonable cause to fire him.  Defendant will prove that no one at

AT&T made any such representations to Plaintiff.  Indeed, Plaintiff was an employee-at-will.

Moreover, even if Plaintiff's employment were terminable only for just and reasonable cause, AT&T had just and reasonable cause to terminate him.

5.     **STIPULATIONS OF FACT:**

1.     Plaintiff became an AT&T employee in 1979.

2.     Plaintiff transferred from one AT&T business unit, AT&T Global Services, to another AT&T business unit, AT&T Solutions, on March 1, 1999.

3.     Plaintiff's supervisor at AT&T Solutions was Willem Weijer.

4.     On August 25, 1999, Plaintiff received a Mid Year Performance Feedback Review during a meeting he had with Mr. Weijer.

5.     By letter dated September 21, 1999, Plaintiff received a written Performance Improvement Plan, signed by Mr. Weijer.

6.     Plaintiff submitted written comments on the Performance Improvement Plan ("PIP"), and signed the PIP on September 23, 1999.

7.     On or about September 27, 1999, Plaintiff received a letter from Willem Weijer responding to Plaintiff's comments in his PIP.

8.     AT&T terminated Plaintiff's employment on October 15, 1999.

*The parties may stipulate to additional facts by the time of trial.

6.     **<u>PLAINTIFF'S CONTENTIONS:</u>**

Plaintiff earned Bachelor of Science and Master of Science degrees from the School of
Engineering Washington University, St. Louis Missouri.  He was a highly successful AT&T sales
manager receiving many awards and promotions and in 1997 secured a one hundred thirty six
million dollar contract with IT&T for which he was paid his sales commission under the Global
Services Compensation Plan and in 1998 completed one of the defendant's largest communication
service contracts with the Starwoods Hotel and Resorts, Inc., a member of the IT&T Buying
Consortium.  Starwoods was the largest hotel corporation in the world and the contract was a four
year agreement for approximately one hundred seventy six million dollars in world wide
communication network services for which plaintiff was entitled to a sales commission of
$82,000.00 and for which he was paid only $6,000.00.  Plaintiff filed an appeal on the prescribed
AT&T compensation appeal form and was notified within two weeks that his job was eliminated
in a "corporate reorganization".  Plaintiff contends he was informed he should seek placement in
another AT&T division.  Plaintiff was interviewed for a position in AT&T Solutions and was
promised he could remain in Connecticut and would receive transitional benefit compensation for
a year because the compensation for the position he was assigned was less than his compensation
at his previous division, Global Services.  Corporate executives recommended plaintiff take
advantage of extensive training in the services he would be selling as a Solutions Client Services
Executive.  Plaintiff voluntarily underwent the training for three months at corporate headquarters
in New Jersey until he was informed by Mr. Weijer on September 23, 1999 that he was being

placed in a ninety (90) day Performance Improvement Plan ("PIP").  Plaintiff cooperated but was

terminated without explanation on October 15, 1999.

Plaintiff contends he was terminated in violation of contractual assurances given to him

throughout his career and especially in the year 1999.

7.    **DEFENDANT'S CONTENTIONS:**

1.    Plaintiff's employment was not terminable only for just and reasonable cause.

2.    At no time did AT&T make any representations to Plaintiff, verbal or written, that his employment was terminable only for just and reasonable cause.

3.    Even if AT&T had made any such representations, it had just and reasonable cause to terminate Plaintiff's employment.

4.    Plaintiff was not on track to meet his performance objectives for 1999.

5.    AT&T employees complained to Willem Weijer that Plaintiff was difficult to work with.

6.    During Plaintiff's mid-year performance review meeting on August 25, 1999, Willem Weijer informed Plaintiff that he would place Plaintiff on a PIP based on his performance deficiencies.

7.    During the August 25, 1999 meeting, Mr. Weijer asked Plaintiff to propose performance objectives that would be part of the PIP.

8.    Plaintiff did not propose appropriate performance objectives.  Mr. Weijer therefore prepared a written PIP and delivered it to Plaintiff by letter dated September 21,

1999.

9.      By October 15, 1999, Plaintiff's performance had not improved.  Among other
        performance deficiencies, Plaintiff had failed to qualify any sales opportunities.
        AT&T therefore terminated his employment on October 15, 1999.

8.      **LEGAL ISSUES:**

Plaintiff's Statement of Issues:

1.      Has plaintiff proven by a preponderance of the evidence that he had an unwritten
but implied employment contract with AT&T?

2.      Has plaintiff proven by a preponderance of the evidence that he had lived up to the
AT&T Code of Conduct throughout his twenty years as a management employee of AT&T?

3.      Has plaintiff proven by a preponderance of the evidence that there was no just and
reasonable cause for AT&T terminating his employment and not including him in a Voluntary
Retirement Incentive Program (VRIP) or Force Management Plan (FMP) retirement program to
which he was eligible?

4.      Has plaintiff proven by a preponderance of the evidence that he was assured of
continued employment as long as he accomplished his employment assignments at AT&T and
followed the AT&T Code of Conduct?

5.      Has plaintiff proven by a preponderance of the evidence that AT&T acted in bad
faith in terminating his employment?

6.      Has plaintiff proven by a preponderance of the evidence that AT&T refused to pay him his earned commission for the Starwoods Consortium one hundred sixty eight million dollar contract?

7.      Has plaintiff proven by a preponderance of the evidence that he has engaged in reasonable efforts to mitigate his damages through various employments?

Defendant's Statement of Issues:

1.      Has the Plaintiff proven by a preponderance of the evidence that he had a contract with AT&T pursuant to which his employment was terminable only for "just and reasonable cause"?

2.      If so, has the Plaintiff proven by a preponderance of the evidence that AT&T lacked "just and reasonable cause" to terminate his employment on October 15, 1999?

3.      If so, has the Plaintiff proven by a preponderance of the evidence that AT&T acted in bad faith in terminating his employment?

4.      Did the Plaintiff engage in reasonable efforts to mitigate his damages?

9.      **VOIR DIRE QUESTIONS:**

1.      State your name and address.

2.      State your present occupation including the name of your employer and the nature of your duties.  If you are retired, please describe your last full-time job, including the name of your employer and the nature of your duties.

3.      Are you married?  If so, please describe your spouse's employment, including the name of your spouse's employer and the nature of your spouse's duties.  If your spouse is deceased or if you are divorced, what was the occupation and who was the employer of your spouse?

4.      Please describe the highest level of education that you have received.

5.      In deciding this case, you must base your decision on the facts and law.  Will you be able to decide this case based on the facts and law?  Can you decide this case without regard to any sympathy you may feel for the Plaintiff?

6.      In this lawsuit, Robert Felekey is suing AT&T.  Are you familiar with this lawsuit?  If so, how did you become familiar with this lawsuit?

7.      Do you understand that just because the Plaintiff has filed a lawsuit does not mean that he is entitled to recover monetary damages?

8.      The defendant in this case is AT&T.  Have you or anyone in your family ever been employed by AT&T, or any other entity affiliated with it?  If so, please explain.

9.      Have any of you or any member of your family ever had any connection with, employment with or any dealings with AT&T?  If so, please describe the dealings or connection.

10.     Have you or anyone close to you ever filed a claim against or been involved in any type of litigation with AT&T?  If so, please describe the lawsuit and its resolution.

11.     Do you know or are you or any member of your family related to any officer, director or employee of AT&T?

12.     The plaintiff in this case is Robert Felekey of West Hartford, Connecticut.  Do you, or any member of your immediate family, know him or any members of his family?  Do you know anyone who knows Mr. Felekey?  If so, please state how you or any members of your immediate family know Mr. Felekey, or a member of his family, and the nature of such relationship or association.

13.     Do you know any of the proposed witnesses in this case?  If so, how do you know the individuals?  Do you have any feelings about these individuals?  Do you have any feelings about these individuals that would prevent you from rendering a fair and impartial verdict?

14.     The Plaintiff in this case is represented by Attorney William Shea of Shea & Cook in Meriden, Connecticut.  Do you know Mr. Shea?  Do you know any other lawyers at Shea & Cook?

15.     AT&T is represented by Victoria Woodin Chavey and Eric Sussman of the firm of Day, Berry & Howard in Hartford, Connecticut.  Do you know either of these lawyers or any lawyers at Day, Berry & Howard?

16.     Do you have any feeling or belief which would prevent you from rendering a verdict in favor of a corporation and against an individual if the evidence supported such a verdict?

17.     Do you have any feeling or belief which would prevent you from rendering a verdict in favor of an individual and against a corporation if the evidence supported such a verdict?

18.     Have you or any member of your family been laid off or terminated from a job or been refused a job you believed you were qualified for?  Have your or any member of your family ever been on a Performance Improvement Plan?  If so, please explain.

19.     Have you, or has any member of your family or any person close to you, ever presented a claim or grievance against or sued their employer either in or out of court for any reason, including wrongful termination or discrimination?  If so, please explain.

20.     Have you or any member of your family ever been sued by anyone or been threatened with a lawsuit?  If so, please describe the lawsuit and/or the claim(s).

21.     Have you ever had any training in personnel, human resources or employment matters?  If so, what kind of training?

22.     Have you ever been employed in the personnel or human resource office of any company or organization?  If so, in what capacity?

23.     Have you ever owned or operated a business in which you employed other people?

24.     Have you or any member of your family had a job which required you to hire, fire, discipline or supervise employees?

25.     Have you ever been a witness in a lawsuit?  If so, please describe the lawsuit and your role in it.

26.     Have you ever sat on a jury before?  If so, please describe whether the case was civil or criminal, in state or federal court, how the case turned out and what issues were involved in the case?

27.     Do you feel that the size of a company affects how fairly the employees are treated? Please explain.

28.     Have you or anyone close to you been terminated or laid off from employment for reasons you or they believed to be improper?  Please explain.

29.     Do you know of any reason or has any occurred to you during this questioning, that might make you doubtful that you can be a completely fair and impartial juror in this case?  If there is, it is your duty to disclose the reason at this time.


10.     **<u>LIST OF WITNESSES</u>**:

<u>Plaintiff's List of Witnesses</u>

1.     **<u>Robert J. Felekey</u>** – 253 North Main Street, West Hartford, Connecticut.


2.     **<u>Benjamin Lubecki</u>** – A retired AT&T executive of 888 Almond Hill Court, Manchester, Missouri is expected to testify as to job security at AT&T and that once hired you had a job for life if you did your job, did not embezzle from the company or committed a felony and

Mr. Felekey's competency and that AT&T was a company that took care of its long term employees such as Mr. Felekey.

<u>Defendant's Objection</u>:  Relevance.


3.    **<u>Steven Celic</u>** – A retired AT&T and Sprint Executive of 18 Olde Forge Road, Chester, New Jersey who is expected to testify as to the value of benefits paid by AT&T to its managers which constituted compensation over and above the direct job compensation.

<u>Defendant's Objection</u>:  Relevance


4.    **<u>Dr. Gary Crakes</u>** – 860 Ward Lane, Cheshire, Connecticut.  Dr. Crakes is expected to testify concerning his expert opinion as to Mr. Felekey's damages resulting from the AT&T's termination of Mr. Felekey on October 15, 1999.


<u>Defendant's List of Witnesses</u>

Defendant anticipates that it may call some or all of the witnesses listed below and some of the witnesses listed by the Plaintiff.  Defendant expressly reserves the right to amend this witness list to call additional witnesses, if necessary, to rebut testimony offered by Plaintiff's witnesses.

1.    **<u>William Bangert</u>**—Former AT&T employee.  Mr. Bangert is expected to testify regarding the circumstances surrounding Plaintiff's termination from AT&T.

2.      **Bill Blinn**—Former AT&T employee.  Mr. Blinn may be called to testify regarding the circumstances surrounding Plaintiff's termination from AT&T.

3.      **Bill Oates**—Former employee of an AT&T client.  Mr. Oates may be called to testify regarding his interactions with Plaintiff, as a client of AT&T.

4.      **John O'Brien**—AT&T employee.  Mr. O'Brien is expected to testify about Plaintiff's performance.

5.      **Richard Spina**—AT&T employee.  Mr. Spina is expected to testify about the basis for the decision to transfer Plaintiff to AT&T Solutions.

6.      **Kathy Swirz**—AT&T employee.  Ms. Swirz is expected to testify regarding the circumstances surrounding Plaintiff's termination from AT&T.

7.      **Pete Thompson**—AT&T employee.  Mr. Thompson may be called to testify about Plaintiff's performance.

8.      **Willem Weijer**—Former AT&T employee.  Mr. Weijer is expected to testify about Plaintiff's performance, including but not limited to:  (1) the basis for the decision to put Plaintiff on a PIP; and (2) the basis for the decision to terminate Plaintiff's employment.

9.     **John Wood**—Former AT&T employee.  Mr. Wood may be called to testify regarding the circumstances surrounding Plaintiff's termination from AT&T.

10.     **EMC Corporation Representative**—This individual, as yet unidentified, is expected to testify concerning Plaintiff's performance at EMC Corporation, where he worked following his termination from AT&T, and the circumstances of his separation from EMC Corporation.

11.     **AT&T Benefits Representative**—This individual, as yet unidentified, may be called to testify, if necessary, regarding AT&T's benefits package and about how those benefits would have applied to Plaintiff had he remained an AT&T employee.

12.     **Records Custodian**—This individual, as yet unidentified, may be called to testify, if necessary, regarding authenticity of Defendant's records.

11.     **EXHIBITS**:

Plaintiff's List of Exhibits:

1.     AT&T Code of Conduct KNA "Our Business Ethics Living Our Common Bond"

2.     AT&T Notice of Termination letter to plaintiff dated October 15, 1999

3.     Organizational Announcement by Willem Weijer and Peter Thompson

4.      Global Services Compensation Plan 10/14/99

5.      AT&T Solution New Employee Orientation letter from Rick Roscitt

6.      AT&T Performance Improvement Plan 9/23/99

7.      Separation Agreement and Global Release with letter to plaintiff from Willem Weijer 10/26/99

8.      Appraisal of Economic Loss for Robert Felekey by Gary M. Crakes, Ph.D. 4/9/05

9.      1998 Global Services Compensation Retention Award Authorization Form 2/8/99

10.     AT&T Voluntary Retirement Incentive Program for Management (VRIP) sent to plaintiff April 9, 1998

11.     Letter to plaintiff from Dawn Ogletree 4/19/79

12.     Letter to plaintiff from J. M. Gilliam 10/28/80

13.     Letter from Robert Gebo to Richard S. Miller Re: plaintiff 12/8/95

14.     Plaintiff's letter to Wm. A. Blinn 12/28/99

15.     AT&T Sales Transition Plan for plaintiff 2/25/99

16.     AT&T Force Management Plan 10/1/99

17.     Pages 1 and 7 of AT&T 1998 Global Services Compensation Plan

18.     AT&T Transition Assistance Plan

19.     152 pages of assorted employment applications

20.     Leadership Continuity Program Nomination and Summary Guidelines 3/30/89

21.     AT&T Promotable Candidate Profile 3/31/93

22.     Mid-year Performance Feedback Review of plaintiff 8/25/99

-16-

23.    Performance Appraisal Summary of plaintiff 2/20/99

24.    Performance Appraisal Summary of plaintiff 1/1/97 to 12/31/97

25.    Performance Evaluation Summary of plaintiff 5/1/96

26.    Performance Appraisal Summary of plaintiff 1/94 to 12/94

27.    Performance Appraisal Summary of plaintiff 1/1/93 to 12/31/93

28.    AT&T 1998 Global Compensation Appeal Form 1/20/99 by plaintiff

29.    Transcript of conversation between Plaintiff and William Weijer 10/15/1999

30.    Transcript of telephone conversation among William Blinn, Kathleen Swirz and
plaintiff November 19, 1999

31.    Letter from Harold Burlingame, Executive Vice President AT&T to plaintiff dated
4/3/1998 with financial attachment "Your VRIP Amounts"


Defendant's List of Exhibits:

Defendant expressly reserves the right to amend this list up to the time of trial and to use
any of the exhibits on Plaintiff's list of exhibits. Defendant further reserves the right to use charts
or enlargements during the course of the trial as needed, and rebuttal exhibits if necessary:

1.    Sales Transition Plan Payment Calculation Worksheet (D-0001-0005)

2.    10/12/99 Memo from W. Bangert to J. Wood (D-0364)

3.    Personnel File Cover—R. Felekey (D-0365)

4.    EDCR Cover Sheet (D-0373)

5.    Candidate Manager Interview Form, Richard Spina (D-0378)

6.      Candidate Manager Interview Form, Willem Weijer (D-0379)

7.      9/21/99 Letter from W. Weijer to R. Felekey, enclosing PIP (D-0383)

8.      Performance Improvement Plan (D-0384-0388, D-0391-0392)

9.      9/27/99 Letter from W. Weijer to R. Felekey (D-0389-0390)

10.     8/25/99 Mid Year Performance Feedback Review (D-0393-0394)

11.     AT&T Business Ethics Manual (D-0395-0435)

12.     AT&T Policy re: Termination of Employment

13.     9/23/99-9/24/99 E-mail String Between R. Felekey, W. Weijer and J. Cleary (Pl.'s Dep. Exh. 2)

14.     7/10/00 Memo from T. Fragomeni to R. Felekey re: Performance Improvement Plan (Pl.'s Dep. Exh. 9)

15.     EMC Exit Interview Questionaire (Pl.'s Dep. Exh. 10)

16.     R. Felekey Application for Employment—EMC (Pl.'s Dep. Exh. 11)

17.     Department of Labor Notice of Hearing and Fact Finding Report for R. Felekey (Pl.'s Dep. Exh. 16)

18.     Job Search Skills Assessment by R. Felekey (Pl.'s Dep. Exh. 17)

19.     AT&T Management Job Ad dated 9/14/99

20.     West Hartford Public Schools Tutor Information, submitted by R. Felekey

21.     AT&T Policy:  "The Business Development Process:  Find, Profile and Qualify

Stages"

22.    8/27/99 E-mail from R. Felekey to W. Weijer re: Thompson Funnel Summary

Report, with attachment

23.    9/10/99 E-mail from R. Felekey to W. Weijer re: Weekly Reports, with attachments

24.    9/17/99 E-mail from R. Felekey to W. Weijer re: Weekly Updates, with

attachments

25.    9/23/99 E-mail from R. Felekey to W. Weijer re: Bi-Weekly Reports, with

attachments

26.    10/11/99 E-mail from R. Felekey to W. Weijer re: Weekly Stewardship Reports,

with attachments

27.    AT&T Policy:  "Managing Your Career"

28.    R. Felekey 1996 Performance Appraisal

29.    R. Felekey 1998 Performance Appraisal

30.    Transcript of Telephone Conversation between B. Blinn, K. Swirz and R. Felekey

of 11/19/99 (created by R. Felekey)

31.    7/13/99 E-mail from R. Felekey to W. Weijer with attached draft Mid Year

Appraisal

32.    9/23/99 E-mail from R. Felekey to W. Weijer re: ITT Industries Meeting

33.    9/23/99 E-mail from W. Weijer to R. Felekey re: 30-day PIP Review

34.     10/7/99 E-mail from R. Felekey to W. Weijer re: CK Witco Materials

35.     10/7/99 E-mail from R. Felekey to W. Weijer re: ITT Industries Meeting

36.     Eligibility and Certification for JTPA Title III Dislocated Workers

37.     Monetary Determination of Unemployment Compensation Benefits, 10/99-10/00

38.     Unemployment Notice—Strategic Technologies

39.     Monetary Determination of Unemployment Compensation Benefits, 6/03-5/04

40.     Notice of Potential Liability to RCG Information Technology, dated 6/03

41.     Notice to Claimant of Hearing dated 2/18/04

42.     10/15/99 Termination Letter from W. Weijer to R. Felekey

43.     Notes Prepared by R. Felekey—undated

44.     Notes Prepared by R. Felekey dated 8/25/99

45.     Performance Improvement Plan guidelines—1-page document

46.     5/20/99 E-mails between W. Weijer and R. Felekey re: Revenue Forecasting Tool

47.     5/16/79 Letter from D. Cousins to R. Felekey

48.     6/1/79 Letter from D. Cousins to R. Felekey

49.     R. Felekey 1997 Income Tax Return

50.     R. Felekey 1998 Income Tax Return

51.     R. Felekey 1999 Income Tax Return

52.     R. Felekey 2000 Income Tax Return

53.     R. Felekey 2001 Income Tax Return

54.     R. Felekey 2002 Income Tax Return

55.     R. Felekey 2003 Income Tax Return

56.     R. Felekey 2004 Income Tax Return

57.     R. Felekey 2005 Income Tax Return

58.     In addition to the foregoing, defendant may also use demonstrative exhibits during the course of the trial, including but not limited to summaries and charts that synthesize facts presented during the course of the trial.


12.     **DEPOSITION TESTIMONY**:

Depending upon the content of Plaintiff's testimony at trial, Defendant may introduce the deposition testimony of Ben Lubecki to rebut Plaintiff's testimony.  Aside from Mr. Lubecki's possible deposition testimony, no witnesses are expected to testify by deposition at trial.


13.     **REQUESTS FOR JURY INSTRUCTIONS:**  Defendant's Proposed Jury Instructions are attached as Exhibit A.  Plaintiff intends to file a Motion for Extension of Time to file his Proposed Jury Instructions.  The parties reserve the right to revise their proposed jury instructions through the date of trial.


14.     **ANTICIPATED EVIDENTIARY PROBLEMS**:  Defendant intends to file a Motion in Limine to preclude Plaintiff from offering testimony concerning claims that he failed to plead

and/or that have been dismissed by the Court.  Defendant's Motion in Limine is attached as Exhibit B.

15.     **TRIAL TIME:**

AT&T estimates that its case will take three (3) days.  Plaintiff estimates that his case will take six (6) days.

16.     **FURTHER PROCEEDINGS**:

Defendant asserts that Plaintiff is not entitled to a trial by jury with respect to any claims for equitable relief.

17.     **ELECTION FOR TRIAL BY MAGISTRATE**:

The parties request a trial before a United States District Court Judge.

18.     **STATEMENT TO JURY PANEL:** The parties' proposed Statements to the Jury Panel are attached as Exhibit C.

19.     **VERDICT FORM:**   The parties' Proposed Verdict Forms are attached as Exhibit D.

THE PLAINTIFF,                              THE DEFENDANT,
ROBERT FELEKEY                             AMERICAN TELEPHONE AND
                                           TELEGRAPH COMPANY


By:_____         By:_____
      William T. Shea (ct05211)             Victoria Woodin Chavey (ct14242)
      Shea & Cook, P.C.                     Eric L. Sussman (ct19723)
      290 Pratt Street                      Day, Berry & Howard LLP
      P.O. Box 1856                         CityPlace I
      Meriden, Connecticut  06450           Hartford, Connecticut 06103-3499
      (203) 634-1444                        (860) 275-0100
      His Attorney                          Its Attorneys