# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:02-CV-691 (CFD) |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY, | : | |
| | : | |
| Defendant. | : | DECEMBER 1, 2006 |

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant, American Telephone and Telegraph Company ("AT&T"), respectfully submits the following proposed jury instructions. AT&T expressly reserves the right to further modify, supplement and/or amend its proposed instructions.

**PROPOSED JURY INSTRUCTION NO. 1**

**<u>FUNCTION OF COURT AND JURY</u>**

Ladies and gentlemen of the jury, the presentation of the evidence and the arguments of the attorneys have been completed.  It is now my duty to instruct you on the law which applies to this case, and which shall govern your deliberations in the jury room after I am finished with these instructions.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Source:          3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> § 71.01 (1987 & Supp. 2000).

**PROPOSED JURY INSTRUCTION NO. 2**

**FILING OF LAWSUIT, BURDEN OF PROOF**

The Plaintiff, Robert J. Felekey, whom I will refer to as "Mr. Felekey" or "the Plaintiff," claims that the Defendant, American Telephone and Telegraph Company, who I will refer to as "AT&T" or "the Defendant," breached an employment contract and breached the implied covenant of good faith and fair dealing—both of which I will explain later.  AT&T denies Mr. Felekey's allegations and contends that he did not have an employment contract that stated he could be terminated only for good cause, but that in any event, AT&T had good cause to terminate him.

Ladies and gentlemen, I must remind you that the mere filing of a lawsuit containing allegations or claims against another person is proof of nothing.  And you must not draw any inference from the fact that a lawsuit was filed.  To decide whether a plaintiff has proved a case in accordance with all of the requirements of law on which I will instruct you, you must look to the evidence, for it is from the evidence that you must determine whether Mr. Felekey has or has not proved his case.  Your verdict must be based absolutely and solely upon the evidence presented to you during the trial of this case.

## PROPOSED JURY INSTRUCTION NO. 3

## **CONSIDERATION OF THE EVIDENCE**

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The evidence from which you are to decide the facts comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

You may only consider the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Statements and arguments of counsel are not evidence in the case.  Moreover, any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.


Source:        3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> §§ 71.08, 72.04 (1987 & Supp. 2000).

**PROPOSED JURY INSTRUCTION NO. 4**

**<u>CORPORATE DEFENDANT</u>**

In this case, the Defendant, AT&T, is a corporation.  This fact must not influence your decision in this case.  In the eyes of the law, a corporation is a person and is entitled to the same fair trial at your hands as an individual.  Considerations of the size of the company or its financial position have no place in this trial.  This case is not to be decided on the basis of relative size or wealth.  All parties stand equal under the law and are to be dealt with as equals in a court of justice.

Source:      3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> §§ 71.01, 71.04 (1998).

**PROPOSED JURY INSTRUCTION NO. 5**

<u>**SYMPATHY**</u>

In deciding the facts of this case, you must perform your duties as jurors without bias or prejudice as to any party.  Your verdict may not be based on any element of sympathy.  For instance, you cannot find for Mr. Felekey simply because of some general feeling that AT&T should have treated him differently.  The question for you is not whether Mr. Felekey, in your view, was treated fairly or unfairly, well or badly, but whether he has proved all of the elements of his legal claims, as I will outline those claims to you, by a fair preponderance of the evidence.

Source:     <u>Marcic v. Reinauer Trans. Cos.</u>, 397 F.3d 120, 127 (2d Cir. 2005); <u>U.S. v. Seck</u>, 48 Fed. App'x 827, 831-31 (2d Cir. 2002); <u>Tolbert v. Queens Coll.</u>, 242 F.3d 58, 67 (2001); <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34 (2d Cir. 1982).

**PROPOSED JURY INSTRUCTION NO. 6**

**<u>PREPONDERANCE OF THE EVIDENCE</u>**

As a general matter, in civil actions such as this, Mr. Felekey bears the burden of proof on each essential element of his claim by a "preponderance of the evidence."

To prove by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This is not necessarily determined by the greater number of witnesses produced by a party but it means that the evidence on behalf of the party on whom the burden rests must have greater weight in your judgment, that is, greater probative value.

It might be helpful to visualize a pair of scales in equal balance. Imagine that you can put the Plaintiff's evidence on one side of the scale and the Defendant's on the other. If the scales tip in favor of the Plaintiff, his evidence preponderates, and he has sustained his burden of proof. If the scales tip the other way, in favor of the Defendant, then obviously the Plaintiff has not sustained his burden of proof. Should you feel that the scales are evenly balanced, that neither sides' evidence outweighs the other, then the Plaintiff has failed to meet the burden of proving his case by a preponderance of the evidence.

Source:     3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> § 72.01, 71.04 (1998); <u>Roger Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141 (2000); <u>Newman v. GHS Osteopathic, Inc.</u>, 60 F.3d 153, 158 (3d Cir. 1995); <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610 (1993); <u>Kirchner v. Office of the Comptroller</u>, 973 F.2d 88, 91 n.2 (2d Cir. 1992);  <u>Hagelthorn v. Kennecott Corp.</u>, 710 F.2d 76, 86 (2d Cir. 1983); <u>Geller v. Markham</u>, 635 F.2d 1027, 1035 (2d Cir. 1980); <u>Loeb v. Textron, Inc.</u>, 600 F.2d 1003, 1019-20 (1st Cir. 1979).

**PROPOSED JURY INSTRUCTION NO. 7**

**CREDIBILITY OF WITNESSES**

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, their testimony deserves.  This is also true as to the veracity and weight of the other evidence including exhibits.  There is no magic formula by which one may evaluate testimony.  You bring with you to this courtroom all the experience and background of your daily lives.  In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others.  The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations here.  You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case.  You may also consider any bias or prejudice for or against any party; the witness's opportunity to observe; any reason for the witness to remember or forget; the inherent probability of his or her own story; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief.  Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand.  Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Source:          3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> (1987 & Supp. 2000).

**PROPOSED JURY INSTRUCTION NO. 8**

**FALSUS IN UNO**

You may also bear in mind that if you should find that any witness has deliberately testified falsely on any material point, you may take that into consideration in determining whether that witness has testified falsely on other points.  Simply because you find that a witness has not testified accurately with respect to one fact, it does not necessarily follow that the witness is wrong on every other point.  A witness may be honestly mistaken on one point of testimony yet entirely accurate on others.  But if you find that a witness has deliberately lied on any material point, it is only natural that you should be suspicious of the testimony of that witness on all points.  Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire testimony of that witness.  Whether you disbelieve it or not lies in your sound judgment and sole prerogative.


Source:        3A Edward J. Devitt, et al., Federal Jury Practice & Instructions (1987 & Supp. 2000); BLACK'S LAW DICTIONARY 603 (6th ed. 1990).

## PROPOSED JURY INSTRUCTION NO. 9

### EXPERT TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. Ordinarily, a witness cannot give an opinion about anything but is limited to testimony as to facts and that witness's personal knowledge. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education, training, and experience, have become expert in some field may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each opinion of each expert whether in testimony or in a report received in evidence in this case, and give it such weight, if any, as you may think it deserves. The fact that these witnesses may qualify as experts does not mean that you have to accept their opinions. You can accept them or reject them in making your decisions. If you should conclude that the reasons given in support of an opinion are not sound or not believable, you may disregard it. You may consider an expert's education, training, and experience in that particular field in deciding whether to give weight to an expert's opinion. You should also consider the information available to the expert including the facts the expert has, documents or other available evidence the expert has, the expert's opportunity and availability to examine those things, the expert's ability to recollect the bases of an opinion, and the expert's ability to accurately describe to you the fact, activity, and bases for the opinion. You should consider whether the opinions stated by the expert have a rational and reasonable basis in evidence. If

14

you feel that an opinion is outweighed by other evidence, you may disregard it.  Finally, if the opinion is based on facts that you do not find proven, you should disregard it.  Based on all of these things together with your general observation and assessment of the witness it is up to you to decide whether or not to accept the opinion of the expert.  You may believe all, some, or none of an expert's testimony.

In other words, an expert's testimony is subject to your review just as any other witness. In resolving any conflict that may exist between the testimony of two different expert witnesses, you should weigh the opinion of one expert against the other.  In doing so, you should consider the relative qualifications, experience and credibility of the expert witness, as well as the reasons for each opinion and the facts on which the opinions are based.

Source:      Fed. R. Evid. 701-05; Hally v. Hospital of St. Raphael, 162 Conn. 352, 358 (1972); Daley v. Wesleyan, Docket No. 77380, J.D. of Middletown at Middletown, July 16, 1998, Transcript of Jury Instructions, at 117-21 (Mullarkey, J.);  3A Edward J.Devitt, et al., Federal Jury Practice & Instructions § 72.08 (4th ed. 1987); 1 Douglass B. Wright & William Ankerman, Connecticut Jury Instructions § 326, at 523-24 (4th ed. 1993).

## PROPOSED JURY INSTRUCTION NO. 10

### __BREACH OF CONTRACT__

1.      Mr. Felekey alleges that AT&T breached an employment contract when it terminated his employment on October 15, 1999.  He claims that he was promised, early in his employment, that he could be terminated only for just cause.  Under Connecticut law, unless the parties have an employment contract stating that they can be terminated only for certain reasons, all employment relationships are "at-will." This means that either the employee or the employer can terminate the employment relationship at any time and for any reason.  In employment-at-will relationships, neither the employee nor the employer is obligated, contractually or otherwise, to maintain the employment relationship for any period of time.

In Connecticut, employment is at-will even if the employer has made assurances that employment will continue indefinitely, that employment would never be taken away, or that an employee can have a job as long as she wants it.  Under Connecticut law, such promises of so-called permanent employment do not create an employment contract requiring just cause for termination.  Therefore, even if Mr. Felekey shows that such assurances were made, he has not presented evidence of a contract or promise that his employment could be terminated only for just cause.

Source:        Baron v. Port Auth. of N.Y. & N.J., 271 F.3d 81, 88-89 (2d Cir. 2001); Calderon v. Dinan & Dinan PC, No. 3:05cv1341, 2006 U.S. Dist. LEXIS 39024, at *23 (D.

16

Conn. Jun. 13, 2006); <u>Absher v. FlexiInt'l Software, Inc.</u>, No. 3:02cv171, 2005 U.S. Dist. LEXIS 43939, at *26 (D. Conn. Sept. 30, 2005); <u>Torosyan v. Boehringer Ingelheim Pharmals., Inc.</u>, 234 Conn. 1, 8 (1995); <u>Sheets v. Teddy's Frosted Foods</u>, 179 Conn. 471, 474 (1980); <u>Barbuto v. William Backus Hosp.</u>, No. 105452, 1995 WL 235068, at *4-5 (Conn. Super. Ct. Apr. 13, 1995).

2.    To establish his claim for breach of an employment contract, Mr. Felekey must prove, by a preponderance of the evidence, each of the following elements: (1) that a contract existed under which he could be terminated only for good cause; (2) that he performed his obligations under the contract; (3) that AT&T breached that contract by terminating him without good cause; and (4) that AT&T's breach caused him harm.  If, but only if Mr. Felekey proves <u>all</u> of these elements by a preponderance of the evidence, you must render a verdict in his favor.  If you do not find that Mr. Felekey has proven all of these elements by a preponderance of the evidence, you must render a verdict for AT&T.

Source:    <u>Discover Re Managers, Inc. v. Preferred Employers Group, Inc.</u>, No. 3:05-CV-809, 2006 U.S. Dist. LEXIS 71818, at *8 (D. Conn. Sept. 28, 2006); <u>Torosyan v. Boehringer Ingelheim Pharmals., Inc.</u>, 234 Conn. 1, 13-20 (1995); <u>Coelho v. Posi-Seal Int'l, Inc.</u>, 208 Conn. 106, 111-13 (1988); <u>Carbone v. Atl. Richfield</u>, 240 Conn. 460, 471-72 (1987); <u>D'Ulisse-Cupo v. Bd. of Dirs. of the Notre Dame High Sch.</u>, 202 Conn. 206, 212 n.2 (1987); <u>Finley v. Aetna Life & Cas. Co.</u>, 202 Conn. 190, 198-99 (1987); <u>Lundberg v. Kovacs</u>, 172 Conn. 229, 232 (1977); <u>Reynolds v. Chrysler First Commercial Corp.</u>, 40 Conn. App. 725, 730 (1996).

3.    In order to determine whether a contract exists and what its terms are you must look to the intentions of the parties as exhibited by their words and acts.  Mr. Felekey has the burden of proving by a fair preponderance of the evidence that AT&T agreed, either by words or action or conduct, that it would only terminate his employment if it had good cause to do so.

The mere fact that Mr. Felekey believed that certain words or language would be a contract does not bind AT&T.  Instead, you must specifically find that AT&T offered and agreed to the precise terms relied on by Mr. Felekey, and that AT&T intended the statements made verbally or in writing to be a contract governing the terms and conditions of his employment in the manner he claims.  As jurors you must <u>first</u> determine whether AT&T made an offer to Mr. Felekey to terminate him only for good cause, and <u>second</u>, you must determine whether Mr. Felekey accepted that offer.  You may find that a contract for good cause termination existed between Mr. Felekey and AT&T <u>only</u> if you determine that both Mr. Felekey and AT&T agreed to enter into an employment contract whereby AT&T agreed it would only terminate Mr. Felekey for good cause.

Any statements or language relied on as the basis of the contract must be promissory, not merely statements of hope or intent to do something.  AT&T's representations must have risen to the level of a "clear and definite promise."  Vague statements, whether verbal or written, are not sufficient to prove the existence of a contract to terminate only for good cause.  Isolated comments made by AT&T or its representatives over time do not create a contract.  A contractual promise cannot be created by plucking phrases out of context; there must be a

meeting of the minds between the parties.  More simply, to find the existence of a contract, you must find that both Mr. Felekey and AT&T understood the terms of contract and agreed to be bound by those terms.

I remind you that Mr. Felekey has the burden to prove an employment contract requiring just cause for termination existed; it is not AT&T's obligation as the Defendant to disprove that such a contract existed.  If you find that AT&T did not enter into a contract with Mr. Felekey to terminate him only for just cause, then you must enter a verdict for AT&T on Mr. Felekey's breach of contract claim.


Source:     Owen v. Georgia-Pac. Corp., 389 F. Supp. 2d 382, 391 (D. Conn. Aug. 26, 2005); Torosyan v. Boehringer Ingelheim Pharmals., Inc., 234 Conn. 1, 13-20 (1995); Coelho v. Posi-Seal Int'l, Inc., 208 Conn. 106, 111-13 (1988); Carbone v. Atl. Richfield, 240 Conn. 460, 471-72 (1987); D'Ulisse-Cupo v. Bd. of Dirs. of the Notre Dame High Sch., 202 Conn. 206, 212 n.2 (1987); Finley v. Aetna Life & Cas. Co., 202 Conn. 190, 198-99 (1987); Lundberg v. Kovacs, 172 Conn. 229, 232 (1977); Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725, 730 (1996).

4.     The law does not enforce all promises as contracts.  Several requirements must be met before promises are enforceable, one of which is the requirement that each party give consideration to the other for the other's promise.

A promise is not enforceable as a contract unless something of value was given for that promise.  The law calls the thing of value "consideration."  Consideration may be anything of benefit given to the person making the promise, or even given to a third person.  Consideration may also be any disadvantage or detriment suffered by one party to obtain a benefit from the contract.

In addition to some value, a consideration must also be bargained for and given in exchange for the other party's promise.  To decide whether a consideration was bargained for, you may only consider the external conduct of the parties and any reasonable inferences that may be drawn from that conduct.  You may not find a bargained-for exchange based solely on the undisclosed intentions of one party.

Source:        American Bar Association, <u>Model Jury Instructions: Employment Litigation</u> § 3.04[3][a] (1994).

5.     Only if you find that an employment contract requiring just cause for termination existed between Mr. Felekey and AT&T, you must then determine whether AT&T breached the agreement.  In other words, if you find that Mr. Felekey has established, by a preponderance of the evidence, that he is not an at-will employee and that AT&T entered into an agreement whereby it could only terminate his employment for "good cause," you must then determine whether AT&T had good cause to terminate Mr. Felekey's employment.  Although you are not constrained by any rigid definition of what could constitute "good cause," you may find that AT&T had good cause to terminate Mr. Felekey's employment if it had a reasonable basis for doing so in view of any relevant factors and circumstances, which may include his duties, responsibilities, conduct on the job or otherwise, job performance, and employment.

Source:         Model Uniform Employment Termination Act prefatory note, *reprinted in* 9A
                Lab. Rel. Rep. (BNA) 21, 23 (Aug. 8, 1991).

## PROPOSED JURY INSTRUCTION NO. 11

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1.      Only if you find that an employment contract requiring just cause for termination existed between Mr. Felekey and AT&T, need you consider whether AT&T breached the implied covenant of good faith and fair dealing.

The law implies into every contract a promise, also called a covenant, that neither party to the contract will take any action intended to deprive the other party of the benefit of the contract.  This promise is implied because the law puts it into all contracts, even though the parties never discussed it.  This implied promise is called the "covenant of good faith and fair dealing," which imposes a duty on both parties to a contract to act in good faith toward each other.  Good faith means honesty in fact and behaving in such a way as to allow both parties to obtain the benefits for which they contracted.  A breach of the covenant of good faith and fair dealing is considered a breach of the contract and can occur whenever one party acts in bad faith toward the other party.

Source:      Edwards v. Metro-North Commuter R.R. Co., No. 3:04cv1430, 2006 U.S. Dist.
             LEXIS 70211, at *39 (D. Conn. Sept. 27, 2006); Cowen v. Fed. Express Corp., 25
             F. Supp. 2d 33, 37 (D. Conn. 1998); Doherty v. Sullivan, 29 Conn. App. 736, 743
             (1992); American Bar Association, Model Jury Instructions: Employment
             Litigation § 3.06[1] (1994).

2.    To establish a breach of the implied covenant of good faith and fair dealing, Mr. Felekey must prove, by a preponderance of the evidence, the following four elements:

(1)  that he and AT&T entered into an employment contract, and the terms of that contract

(2)  that AT&T took some action, or failed to act, in a way that was not authorized by the contract and did so in bad faith with the intent of depriving him of some benefit that he reasonably expected to receive from the employment contract;

(3)  that AT&T's action, or its failure to act, was the proximate cause of an economic loss to him; and

(4)  the amount of the economic loss that he sustained.

Source:      Powell v. Spot-On Networks, LLC, No. 3:04-CV-92, 2006 U.S. Dist. LEXIS 15904, at *10-11 (D. Conn. Mar. 31, 2006); American Bar Association, Model Jury Instructions: Employment Litigation § 3.06[2] (1994).

3.      As I just instructed, the second element that Mr. Felekey must prove to establish his claim for breach of the implied covenant of good faith and fair dealing is that the defendant acted in bad faith.

Bad faith means that a party to an employment contract acts or fails to act in order to deprive the other party of benefits that are reasonably expected from the contract and for the sole purpose of harming the other party.  Bad faith is a subjective state of mind.  It means more than mere negligence and involves a dishonest purpose.  It implies both actual and constructive fraud, or design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by honest mistake as to one's rights or duties, but by some interested or sinister motive.

You may consider all of the circumstances in which AT&T acted or failed to act to determine its intent.  You must not, however, find bad faith unless you are convinced that AT&T wanted to deprive Mr. Felekey of some benefit that he would have received from the employment contract and that this desire to deprive him was the reason AT&T acted or failed to act.

Source:      Powell v. Spot-On Networks, LLC, No. 3:04-CV-92, 2006 U.S. Dist. LEXIS 15904, at *10-11 (D. Conn. Mar. 31, 2006); Anatra v. Waldo, No. CV9603906685, 1998 Conn. Super. LEXIS 535, at *4 (Conn. Super. Ct. Feb. 17, 1998); Magnan v. Anaconda Indus., Inc., 193 Conn. 558, 566-67 & 572 (1984); American Bar Association, Model Jury Instructions: Employment Litigation § 3.06[3] (1994).

**PROPOSED JURY INSTRUCTION NO. 12**

**<u>BUSINESS JUDGMENT RULE</u>**

Just as your verdict must not be premised on sympathy, you must also not substitute your judgment for AT&T's judgment. Under the law, an employer is entitled to make decisions regarding its work force, such as the decision to lay off employees, and its operation, such as the sale of a product line. The wisdom, correctness, and justification for such decisions is not subject to your review. Moreover, the law does not impose any obligation on employers to find or create another position for an employee who has been laid off or fired. Instead, your concern here is only whether the Plaintiff has satisfied his burden of proof on his claims.

Simply put, it is not your role to decide whether AT&T treated Mr. Felekey fairly or unfairly. Likewise, you cannot find for the Plaintiff simply because you feel sorry for him. You may not find for him because of some general feeling that he deserved to be treated differently by his employer. Your decision in this case cannot be influenced by whether you personally agree or disagree with the employment decision made by AT&T with respect to Mr. Felekey's employment or whether you believe that the Plaintiff was treated fairly. An employer has the right to take those steps it feels are necessary to run its business, so long as it makes these decisions without violating the law as I instruct you on it.

Source:    <u>Dister v. Cont. Group, Inc.</u>, 859 F.2d 1108 (2d Cir. 1988); <u>Frank v. LoVetere</u>, 363 F. Supp. 2d 327, 334 (D. Conn. Mar. 31, 2005); <u>Vandel v. Standard Motor Prods., Inc.</u>, 52 F.Supp.2d 344 (D. Conn. 1999), *aff'd*, 1999 U.S. App. LEXIS 34237 (2d

Cir. 1999); <u>Grasefenhain v. Pabst Brewing Co.</u>, 827 F.2d 13, 20 (7th Cir. 1987); <u>Meiri v. Dacon</u>, 759 F.2d 989, 995 (2d Cir. 1985); <u>Byrum v. Pratt & Whitney</u>, No. CV 92 0466509 S, Trial Transcript (Holtzberg, J.).

**PROPOSED JURY INSTRUCTION NO. 13**

**<u>PROXIMATE CAUSATION</u>**

It is the Plaintiff's burden to prove that the Defendant's actions were a proximate cause of his injury or damage. Proximate cause means that the Defendant's act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

In your determination of the damages, if any, to be awarded to Mr. Felekey, you must first determine that there is a causal connection between the actions of defendant AT&T and the injury or damage to Mr. Felekey that you find.

Source:        Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, <u>Pattern Jury Instructions (Civil Cases)</u> 15.2 (1991).

## PROPOSED JURY INSTRUCTION NO. 14

## <u>WEIGHT OF THE EVIDENCE—PLAINTIFF'S PERCEPTION OF HIMSELF</u>

Mr. Felekey's own perception and judgment as to the value of his past experience and his job performance should carry little weight in your deliberations. It is the perception and judgment of the people who made the decisions relating to his employment and termination, and not that of Mr. Felekey himself, that are most relevant. The most probative evidence of an employee's qualifications comes from the employer's decision-makers, including the employee's direct supervisor. An employee's perception of himself, including his perception of his own workplace performance, past experience and skills, is entitled to little weight unless it is corroborated by other evidence.

Source:    3 Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions Civil</u> § 104.01 (5th ed. 2000); <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 610 (1993); <u>Kirschner v. Office of Comptroller</u>, 973 F.2d 88, 92 n.2 (2d Cir. 1992); <u>Hagelthorn v. Kennecott Corp.</u>, 710 F.2d 76, 86 (2d Cir. 1983); <u>Geller v. Markham</u>, 635 F.2d 1027, 1035 (2d Cir. 1980).

## PROPOSED JURY INSTRUCTION NO. 15

### <u>DAMAGES</u>

1.       There is only one trial in this case and you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first, whether the Defendant is liable, and if so, second, the amount of the damages Plaintiff has proved, if any.

Since AT&T must address damages or lose its opportunity to do so, none of the evidence or discussion relating to damages presented on AT&T's behalf should be taken or construed by the jury as an admission by AT&T that it is liable or that Plaintiff is entitled to damages.  Quite the contrary, as has been made clear before you, AT&T has denied Mr. Felekey's allegations just as vigorously as Mr. Felekey has pressed his claims.

Moreover, the fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of Plaintiff in accordance with the other instructions that I have given you.

It is for you to decide, on the evidence presented and the rules of law I have given you, whether Mr. Felekey has proved, by a fair preponderance of the evidence, that he is entitled to recover from AT&T.  If you decide that Mr. Felekey is not entitled to recover, your verdict will be for AT&T and you need not go further.  Only if you decide that Mr. Felekey's rights have

been violated by the intentional acts of AT&T, will you then consider the measure of damages. In other words, if you find that Mr. Felekey has failed to prove any one of the elements of proof which are essential to his claim by a preponderance of the evidence, then your verdict must be against Mr. Felekey and in favor of AT&T on this claim.  It is the Plaintiff's burden to prove that he actually suffered damages and that such damages were directly caused by AT&T.  It is the Plaintiff's burden to prove the amount of such damages by a preponderance of the credible evidence.

Source:       3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> § 74.02 (1998); <u>Mempher Cmty. Sch. Dist. v. Stachura</u>, 477 U.S. 299 (1986); <u>Carey v. Piphus</u>, 435 U.S. 247, 264-65 (1978); <u>Kirsch v. Fleet St., Ltd.</u>, 148 F3d 149, 166 (2d Cir. 1998); <u>Protos v. Volkswagen of Am., Inc.</u>, 797 F.2d 129, 137-39 (3d Cir. 1986); <u>Cox v. Am. Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1562-63 (11th Cir. 1986); <u>Wells v. Meyer's Bakery</u>, 561 F.2d 1268, 1272-73 (8th Cir. 1977).

2.      The law places a burden upon Mr. Felekey to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary that Mr. Felekey prove the amount of those damages with mathematical precision, he is required to present such evidence as might reasonably be expected to be available under the circumstances.

Source:        3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> § 86.07 (1998).

3.    The purpose of compensatory damages is to make Mr. Felekey whole—that is, to compensate him for the damage that he has actually suffered.  You can award compensatory damages only for injuries that Mr. Felekey proves were the proximate result of AT&T's alleged wrongful conduct.  Compensatory damages are not allowed as punishment and cannot be imposed or increased to penalize AT&T.  You should not award compensatory damages for speculative injuries, but only for those injuries which Mr. Felekey has proved he actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Source:        Committee on Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 15.2 (1991).

## PROPOSED JURY INSTRUCTION NO. 16

## <u>MITIGATION OF DAMAGES</u>

1.     Even if you find that Mr. Felekey was injured by an act of AT&T, Mr. Felekey

was obligated to use reasonable care to minimize the resulting losses and damages caused

thereby.  An employee who believes he has been wrongfully dismissed has a duty to make every

reasonable effort to find and accept other employment.  Mr. Felekey has a duty to mitigate his

lost wages by seeking *comparable* employment elsewhere.  If you find that AT&T has proved,

by a preponderance of the evidence, that Mr. Felekey could have sought comparable

employment and did not, then he deserves no lost wages at all.


Source:        3A Edward J. Devitt, et al., <u>Federal Jury Practice & Instructions</u> § 106.08 (1998);
               <u>Broadnax v. City of New Haven</u>, 415 F.3d 265 (2d Cir. 2005); <u>Raimondo v.
               AMAX, Inc.</u>, 843 F. Supp. 806, 808-09 (D. Conn.), *aff'd*, 48 F.3d 1214 (2d Cir.
               1994); <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53-54 (2d Cir. 1998);
               <u>Rasimas v. Michigan Dep't of Mental Health</u>, 714 F.2d 614, 624 (6th Cir. 1983);
               <u>Carter v. Bartek</u>, 142 Conn. 448, 451-52, 114 A.2d 923 (1955); <u>Morro v.
               Brockett</u>, 109 Conn. 87, 92, 145 A. 659 (1929).

2.      Similarly, if you find that Mr. Felekey reasonably attempted to mitigate his damages for a time but then unreasonably failed to do so during another time period, his actions may serve to reduce his recovery, if any.  It was Mr. Felekey's duty to earn what he could from the time he was no longer working for AT&T.  So, if you should find from a preponderance of the evidence that Mr. Felekey failed to seek out and take advantage of employment that was reasonably available to him under all the circumstances, as shown by the evidence, then you should reduce the amount of his damages by the amount he could have reasonably realized if he had taken advantage of such an opportunity.  Similarly, if you find that Mr. Felekey voluntarily left employment that he could have continued, you should reduce the amount of his damages by the amount he could have reasonably realized if he had continued in that employment.  If you find that Mr. Felekey refused employment or any interim jobs, you should reduce the amount of his damages by the amount he could have earned had he not refused such subsequent employment.  You must not compensate Mr. Felekey for any portion of his damages which resulted from his failure to use ordinary care to minimize his damages and to seek and retain other employment.


Source:      42 U.S.C. § 2000e-5(g); 3A Edward J. Devitt, et al., Federal Jury Practice & Instructions §§ 1.06.07 (1998); 8 Am. Jur. Pleading & Practice Forms, Damages, Form 335 (Rev. ed. 1982);  Broadnax v. City of New Haven, 415 F.3d 265 (2d Cir. 2005); Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-54 (2d Cir. 1998); Higgins v. Lawrence, 107 Mich. App. 178, 181, 309 N.W.2d 194, 195-96 (1981); Taylor v. Safeway Stores, Inc., 524 F.2d 263, 268 (10th Cir. 1975).

Respectfully Submitted,

**DEFENDANT,
AMERICAN TELEPHONE AND
TELEGRAPH COMPANY**

By:_____
    Victoria Woodin Chavey (ct14242)
    Eric L. Sussman (ct19723)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100 (telephone)
    (860) 275-0343 (facsimile)
    Its Attorneys

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to: William T. Shea, Shea & Cook, P.C., 290 Pratt Street, P.O. Box 1856, Meriden, CT 06450.

_____
Eric L. Sussman