UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02CV00691(CFD) |
| | : | |
| V. | : | |
| | : | |
| AMERICAN TELEPHONE AND | : | |
| TELEGRAPH COMPANY | : | |
| Defendant. | : | DECEMBER 13, 2006 |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO EXCUDE EVIDENCE RELATING TO DISMISSED AND/OR UNPLED CLAIMS**

Plaintiff claims that defendant was required to pay an $82,600.00 commission for the Starwood Resort & Hotel Inc. contract with AT&T but was only paid $6,000.00. Plaintiff claims that as a result of his filing an appeal on the failure to pay his full commission his sales position as Client Business Manager and Sales Team Leader in the Global Solutions division of AT&T was abolished and he was transferred to AT&T Solutions and within a short period of time he was terminated from AT&T without any explanation or reason and without due cause.

Plaintiff understands that the trial court limited plaintiff's claims for the actual commission but did not prevent plaintiff from introducing evidence that the failure to pay the commission and the corporate action following his appeal constituted a violation of defendant's and plaintiff's covenant of good faith and fair dealing.

Plaintiff also will offer testimony that he was given notice on April 3, 1998 of his eligibility for the Voluntary Retirement Incentive but this was not provided to him which was a breach of the covenant of good faith and fair dealing.

Plaintiff also will offer testimony that he had requested eligibility for the Force Management Program available when the company downsized its employees in the AT&T Solutions Division. His testimony will prove the Solutions division was downsized and its downsized employees' were eligible for Force Management Retirement and AT&T lied when they told him there was no staff reduction in sales personnel when in fact there was which representation also was a breach of the covenant of good faith and fair dealing.

As this court stated in its memorandum on Defendant's Motion to Dismiss, every contract carries an implied covenant of good faith and fair dealings that requires neither party do anything that will injure the right of the other to receive the benefit of the agreement. Halietz v. Condon 224 Conn. 231, 238 618 A.2d 501 (1992); Home Ins. Co. v. Aetna Life Casualty Co. 235 Conn.185, 200, 663 A.2d 1001 (1995); Feinberg v. Berglewicz 32 Conn. App. 857, 862, 632 A.2d 709, 711 (1993); Gibbons v. NER Holdings Inc. 983 F. Supp. 310, 319 (D. Conn. 1997).

The court quotes the Connecticut Superior Court decision in Reznitsky v. Phoenix Systems Integration, LLC Judicial District of Fairfield, Docket No. 150132 (July 2, 1999) and three other Superior Court cases in which this court stated that:

> "An action for breach of the covenant of good faith and fair dealing requires proof of three essential elements, which the plaintiff must duly plead: first, that the plaintiff and defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith."

Plaintiff intends to offer evidence that plaintiff and defendant enjoyed a twenty year implied contract and plaintiff was entitled to the commission benefit for the Starwood Resort and Hotel Inc. contract for which he was Team Leader and responsible for obtaining which successful sale was a substantial benefit to defendant. Plaintiff also will offer evidence that upon being paid only $6,000.00 from an earned commission of $82,600.00 he appealed the action in the procedure directed by defendant and on the form provided by defendant and that defendant did not respond to the appeal and did not pay the fully earned commission which was a violation of the covenant of good faith and fair dealing. Plaintiff contends that in violating the payment of his commission as required in Connecticut General Statutes 31-72, defendant was violating the requirement of the covenant of good faith and fair dealing. Evidence of that commission agreement and defendant's violation of the agreement and failure to respond to plaintiff's appeal is clearly necessary proof of his claim which he has pleaded.

In addition, plaintiff will offer testimony that he was offered and was eligible for the AT&T Voluntary Retirement Incentive Program and was eligible for the AT&T Force Management Retirement Program and was refused both which was a breach of the covenant of good faith and fair dealing

        THE PLAINTIFF,
        ROBERT J. FELEKEY

        By_____
        William T. Shea (**ct05211**)
        Shea & Cook, P.C.
        290 Pratt Street, P.O.Box 1856
        Meriden, CT 06450
        (203) 634-1444
        His Attorney

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was sent this _____ day of December, 2006, via first class mail, postage prepaid, to:

      Eric L. Sussman, Esq.
      Victoria Woodin Chavey, Esq.
      Jeffrey A. Fritz, Esq.
      Day, Berry & Howard, LLP
      CityPlace I
      Hartford, CT 06103-3499

      Richard C. Tynan, Esq.
      Halloran & Sage, LLP
      225 Asylum Street
      Hartford, CT 06103-4303

                                                      _____
                                                      William T. Shea