**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:02CV691 (CFD) |
| | : | |
| AMERICAN TELEPHONE & | : | |
| TELEGRAPH COMPANY, | : | |
| | : | |
| Defendant. | : | JUNE 7, 2007 |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AMENDED LIST OF EXHIBITS TO JOINT TRIAL MEMORANDUM**

The Defendant, American Telephone & Telegraph Company ("AT&T"), objects to Plaintiff's Amended List of Exhibits to Joint Trial Memorandum dated May 24, 2007. First, AT&T objects to the extent that the documents identified in Plaintiff's Amended List of Exhibits were not identified in the parties' Joint Trial Memorandum dated December 1, 2006. The only exhibits identified by Plaintiff in the Joint Trial Memorandum that he has also identified in his Amended List of Exhibits are as follows:

| **Original Exhibit Number** | **Amended Exhibit Number** |
|:---:|:---:|
| 1 | 1-3 |
| 2 | 12-5 |
| 3 | 2-47 |
| 4 | 6-7 |
| 5 | 8-5 |
| 6 | 12-1, 12-2, 12-3 |
| 7 | 12-6 |
| 8 | 13-1 |

-2-

| | |
|---|---|
| 9 | 7-2 |
| 10 | 11-2, 11-3 |
| 11 | 1-2 |
| 12 | 3-1 |
| 13 | 6-4 |
| 14 | 10-3 |
| 15 | 8-4 |
| 16 | 10-1 |
| 17 | 6-8 |
| 18 | 11-6 |
| 19 | 14 |
| 20 | 4-2 |
| 21 | 4-11 |
| 22 | 5-18 |
| 23 | 5-17 |
| 24 | 5-16 |
| 25 | 5-15 |
| 26 | 5-13 |
| 27 | 5-12 |
| 28 | 7-1 |
| 29 | 9-8 |
| 30 | 10-2 |
| 31 | 11-5 |

None of the remaining exhibits identified in the Amended List of Exhibits appear to have been listed in the Joint Trial Memorandum. Had other exhibits been listed, AT&T would have considered adding witnesses to its trial witness list and/or used the time between December 2006 and May 2007 to review the documents with AT&T personnel and otherwise prepare for trial. Accordingly, those exhibits should be excluded from evidence, as Plaintiff's disclosure of them is unjustifiably untimely and contrary to this Court's Pre-Trial Order.

In addition, AT&T asserts the following substantive objections to Plaintiff's Amended List of Exhibits:

1. AT&T objects to the admissibility of 36 of Plaintiff's proposed exhibits on the ground that they were never produced in discovery, and Defendant first received them on May 11, 2007. The exhibits are as follows: 2-1, 2-2, 2-3, 2-4, 2-6, 2-10, 2-14, 2-20, 2-28, 2-31, 2-32, 2-33, 2-36, 2-43, 2-48, 2-49, 2-50, 2-51, 2-54, 3-2 through 3-16, 6-3 and 15-1. Had these documents been produced in discovery, Defendant would have had an opportunity to depose Plaintiff about them, contact additional witnesses, and consider identifying additional witnesses for trial to the extent appropriate. These exhibits should be excluded from evidence due to Plaintiff's unexplained failure to disclose them in discovery.

2. Plaintiff has identified as trial exhibits numerous documents that span his 20-year history with AT&T, but that are not relevant to any issues at trial. Some of the documents were purportedly created by AT&T personnel and/or AT&T clients, and express thanks to Plaintiff (or to others about Plaintiff) for his help on various projects. Other documents are completely self-serving in that Plaintiff created them to "summarize" his "accomplishments" during various periods. AT&T objects to the admissibility of these documents because they are irrelevant and/or

hearsay. Many of the documents date back to the 1980s and early 1990s and have nothing to do with what happened in 1999, when Plaintiff had a different job, reporting to a different supervisor, working for a different division of AT&T. Those that are the Plaintiff's own recitation of events are hearsay. These irrelevant and inadmissible proposed exhibits are as follows: 2-1 through 2-46, 2-48 through 2-54, 3-1 through 3-16, 4-1 through 4-14 and 6-1 through 6-5.

      3.      Similarly, AT&T objects to the admissibility of Plaintiff's performance appraisals dating back to 1984. While AT&T does not object to the admission of Plaintiff's performance appraisals during his last few years of employment (Exh. 5-15 through 5-18), it does object to any performance appraisals before that time (Exh. 5-1 through 5-14). Plaintiff's performance during the early and middle years of his employment is simply irrelevant to either the existence of the alleged implied contract, his termination in October 1999 or the reasons therefor.

      4.      AT&T also objects to any documents concerning Plaintiff's alleged job search efforts subsequent to July 28, 2000, which are Exhibits 14-22 through 14-112, as they are irrelevant. The undisputed evidence in this case is that, following his termination from AT&T in October 1999, Plaintiff found employment with EMC Corporation ("EMC") in sales with a compensation package of $350,000. (Felekey Dep. at 154-55.)[1] Plaintiff voluntarily resigned from EMC on July 28, 2000. (Felekey Dep. at 155, 328.) Accordingly, he should not be permitted to submit evidence of alleged job search efforts following that date. See, e.g., Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982) (claimant forfeits right to backpay if he refuses a job substantially equivalent to the one he was denied); Carter v. Rosenberg & Estis, P.C., 77 Fair Emp. Prac. Cas. (BNA) 925, *44 (S.D.N.Y. 1998).

---

[1] Excerpts from Mr. Felekey's deposition transcript cited herein are attached as Exhibit A.

5. For the reasons stated in Defendant's Memorandum in Support of Motion in Limine to Exclude Evidence Relating to Dismissed and/or Unpled Claims and Defendant's Memorandum in Support of Motion in Limine to Exclude Appraisal of Economic Loss of Gary M. Crakes, AT&T also objects to the following proposed exhibits: 6-7, 6-8, 7-1, 7-2, 10-1, 11-1 through 11-6 and 13-1.

6. Finally, and in addition to the foregoing objections, AT&T objects to the following proposed exhibits:

| Exhibit Number | Objection |
|---|---|
| 2-25 | Relevance, hearsay, lack of authentication |
| 2-54 | Relevance, hearsay, lack of authentication |
| 8-5 | Relevance, lack of authentication |
| 9-1 | Relevance |
| 9-3 | Relevance |
| 9-8 | Relevance, lack of authentication |
| 9-10 | Relevance, lack of authentication |
| 10-2 | Relevance, lack of authentication |
| 10-3 | Relevance |
| 10-4 | Relevance |
| 12-7 | Hearsay |
| 12-12 | Incomplete document, Relevance |
| 12-13 | Relevance |
| 14-1 | Relevance, hearsay, lack of authentication, incomplete document |

| 15-1 | Relevance, lack of authentication |
|---|---|

For all of the foregoing reasons, AT&T respectfully requests that this Court sustain its objections to Plaintiff's Amended List of Exhibits.

DEFENDANT,
AMERICAN TELEPHONE & TELEGRAPH
COMPANY


By_____
Victoria Woodin Chavey (ct14242)
Eric L. Sussman (ct19723)
Day Pitney LLP
CityPlace I
Hartford, CT  06103-3499
(860) 275-0100
Its Attorneys

## ELECTRONIC CERTIFICATE OF SERVICE

I hereby certify that on **June 7, 2007**, a copy of the foregoing **Objections to Plaintiff's Amended List of Exhibits to Joint Trial Memorandum** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____
Eric L. Sussman