UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 3:02CV691 (CFD) |
| | : | |
| AMERICAN TELEPHONE & | : | |
| TELEGRAPH COMPANY, | : | |
| | : | |
| Defendant. | : | JUNE 19, 2007 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE DEFENDANT'S PROPOSED EXHIBITS 14 AND 15**

The Defendant, American Telephone & Telegraph Company ("AT&T"), objects to Plaintiff's Motion in Limine to Exclude Defendant's Proposed Exhibits 14 and 15.[1] Plaintiff claims that these exhibits are irrelevant because they "concern Mr. Felekey's employment after he was terminated by defendant, AT&T…." (Pl.'s Br. at 1.)  Defendant submits that Plaintiff's Motion in Limine is premature because Defendant's Proposed Exhibits 14 and 15 could be relevant at trial depending on Plaintiff's testimony.  For example, one of Defendant's claims is that Plaintiff failed to mitigate his damages after his termination from AT&T.  Although he found a job working at EMC Corporation ("EMC") within six months of his termination, Plaintiff resigned from that position only five months later.  If Plaintiff testifies that he resigned from EMC because he was being underpaid, Exhibits 14 and 15 would be relevant to impeach Plaintiff and to demonstrate the real reason he resigned.  There may be other testimony from Plaintiff or Plaintiff's witnesses at trial, on damages or other issues, that would make Exhibits 14 and 15 relevant.  Thus, Plaintiff's relevance objection is premature and should be overruled.

---

[1] Exhibit 14 is Plaintiff's Performance Improvement Plan from EMC Corporation.  Exhibit 15 is Plaintiff's Exit Interview Questionnaire from EMC Corporation.

-2-

Plaintiff's conclusory claim that Exhibits 14 and 15 are hearsay is also meritless because they constitute business records of EMC and would therefore be admissible under the business records exception to the hearsay rule. Should there be any dispute about this issue at trial, Defendant will call an EMC representative to testify about the records.[2]

DEFENDANT,
AMERICAN TELEPHONE & TELEGRAPH COMPANY


By_____/s/ Eric L. Sussman_____
    Victoria Woodin Chavey (ct14242)
    Eric L. Sussman (ct19723)
    Day Pitney LLP
    CityPlace I
    Hartford, CT  06103-3499
    (860) 275-0100
    Its Attorneys

**ELECTRONIC CERTIFICATE OF SERVICE**

I hereby certify that on **June 19, 2007**, a copy of the foregoing **Objection to Plaintiff's Motion in Limine** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                        _____/s/ Eric L. Sussman_____
                        Eric L. Sussman

---

[2] Defendant identified an EMC Corporation Representative in the Joint Trial Memorandum as a possible trial witness.