UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT J. FELEKEY,<br>　　Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 3:02 CV 691 (CFD) |
| AMERICAN TELEPHONE &<br>TELEGRAPH COMPANY<br>　　Defendant. | :<br>:<br>: | |

## RULING ON DEFENDANT'S OBJECTIONS TO EXHIBITS

The defendant filed a number of objections to the plaintiff's proposed trial exhibits [docket # 105].[1] The Court's July 3, 2007 order disposed of several of those objections, and the Court now addresses the remaining objections:

1. The defendant's motion to exclude plaintiff's exhibit 4, "Global Services Compensation Plan from 10/14/99," and exhibit 17, "Pages 1 and 7 of AT&T 1998 Global Services Compensation Plan," is granted under Fed. R. Evid. 402.

2. The defendant's motion to exclude plaintiff's exhibit 5, "AT&T Solution New Employee Orientation letter from Rick Roscitt," is denied.

3. The defendant's motion to exclude plaintiff's exhibit 8, "Appraisal of Economic Loss for Robert Felekey by Gary M. Crakes, Ph.D. 4/9/05," is denied without prejudice to being reasserted at trial.

4. The defendant's motion to exclude plaintiff's exhibit 9, "1998 Global Services Compensation Retention Award Authorization Form 2/8/99," and exhibit 28,

---

[1]The objections are treated as motions in limine to exclude the evidence.

"AT&T 1998 Global Compensation Appeal Form 1/20/99 by plaintiff," is denied without prejudice to being reasserted at trial. However, this evidence shall be admissible only if the plaintiff presents evidence that connects his January 1999 appeal of the Starwood Hotels contract commission he received to his termination from AT&T Solutions in October of 1999.

5. The defendant's motion to exclude plaintiff's exhibit 10, "AT&T Voluntary Retirement Incentive Program for Management (VRIP) sent to plaintiff April 9, 1998," and exhibit 31, "Letter from Harold Burlingame, Executive Vice President AT&T to plaintiff dated 4/3/1998 with financial attachment 'Your VRIP Amounts,'" is granted under Fed. R. Evid. 402.

6. The defendant's motion to exclude plaintiff's exhibit 12, "Letter to plaintiff from J.M. Gilliam 10/28/80" is granted under Fed. R. Evid. 402.

7. The defendant's motion to exclude plaintiff's exhibit 13, "Letter from Robert Gebo to Richard S. Miller Re: plaintiff 12/8/95," is denied without prejudice to being reasserted at trial.

8. The defendant's motion to exclude plaintiff's exhibit 14, "Plaintiff's Letter to Wm. A. Blinn 12/28/99," is granted. The Court finds that under Fed. R. Evid. 403 the probative value of this evidence is substantially outweighed by the danger that this evidence will confuse the issues and cause undue delay.

9. The defendant's motion to exclude plaintiff's exhibit 16, "AT&T Force Management Plan 10/1/99," and exhibit 18, "AT&T Transition Assistance Plan," is denied without prejudice to being reasserted at trial.

10. The defendant's motion to exclude plaintiff's exhibit 19 is denied without prejudice to being reasserted at trial.

11. The defendant's motion to exclude plaintiff's exhibit 20, "Leadership Continuity Program Nomination and Summary Guidelines 3/30/89," is granted under Fed. R. Evid. 402.

12. The defendant's motion to exclude plaintiff's exhibit 21, "AT&T Promotable Candidate Profile 3/31/93," is denied without prejudice to being reasserted at trial.

13. The defendant's motion to exclude plaintiff's exhibit 26, "Performance Appraisal Summary of plaintiff 1/94 to 12/94," and exhibit 27, "Performance Appraisal Summary of plaintiff 1/1/93 to 12/31/93," is denied without prejudice to being reasserted at trial.

14. The defendant's motion to exclude plaintiff's exhibit 29, "Transcript of conversation between Plaintiff and William Weijer 10/15/99," and exhibit 30, "Transcript of telephone conversation among William Blinn, Kathleen Swirz and plaintiff November 19, 1995," is denied. This evidence is admissible under Fed. R. Evid. 801(d)(2) subject to a limiting instruction that the jury is not to consider the statements made by the plaintiff for the truth of the matters asserted therein.

The rulings denying the defendant's objections assume adequate foundational evidence will be presented at trial.

SO ORDERED this  25th  day of July 2007 at Hartford, Connecticut.

      /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**