LEXSEE 2000 U.S. APP. LEXIS 27199


Analysis
As of: Aug 02, 2007

GREGORY WARREN, Plaintiff-Appellee, -v- B.P. SHIPPING INC, Defendant, and KEYSTONE SHIPPING COMPANY, Defendant-Appellant.

00-7241

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

*2000 U.S. App. LEXIS 27199*

October 25, 2000, Decided

**NOTICE:** [*1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *2000 U.S. App. LEXIS 34900*.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of New York (Jones, J.).

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed the judgment of the United States District Court for the Southern District of New York, which entered judgment in favor of plaintiff in his action seeking damages for personal injuries allegedly caused by defendant's negligence, and denied defendant's motions for judgment as a matter of law, for a new trial, and to set aside the damage award.

**OVERVIEW:** Plaintiff sought damages for personal injuries allegedly caused by defendant's negligence. The district court denied defendant's motions for judgment as a matter of law, for a new trial, and to set aside the damage award, and entered judgment in favor of plaintiff. On appeal, defendant argued that plaintiff failed to establish negligence because the condition of the stairs was not abnormal on a ship and plaintiff had knowledge of the stair conditions prior to his accident. The court found that plaintiff clearly established a dangerous condition existed on the ship. The district court did not err in denying defendant a directed verdict or judgment notwithstanding the verdict. The evidence presented was sufficient to support the damages award, and it was not so excessive as to shock the judicial conscience. Thus, the award stood.

**OUTCOME:** The judgment was affirmed; plaintiff clearly established that a dangerous condition existed on the ship and the evidence was sufficient to support the damages award.

**LexisNexis(R) Headnotes**

*Civil Procedure > Trials > Judgment as Matter of Law > General Overview*
*Civil Procedure > Judgments > General Overview*
[HN1] A directed verdict, like a judgment notwithstanding the verdict, may be granted only when, viewing the evidence most favorably to the party other than the movant, there can be but one conclusion as to the verdict that reasonable men could have reached. The identical standard governs upon the court's review of the grant of a directed verdict. The court has described the standard as one whereby a directed verdict or judgment notwithstanding the verdict may be granted only when: (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is

such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him.

*Civil Procedure > Judgments > Relief From Judgment > Motions for New Trials*

[HN2] A new trial on damages may only be awarded if the jury award is irrational or so high as to shock the judicial conscience, rendering it an abuse of discretion not to set it aside.

**COUNSEL:** Appearing for Appellant: Alexander Sansone, New York.

Appearing for Appellee: Gregory Warren, California on submission.

**JUDGES:** Present: RICHARD J. CARDAMONE, RALPH K. WINTER, ROSEMARY S. POOLER, Circuit Judges.

**OPINION**

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is **AFFIRMED.**

Gregory Warren, *pro se*, sought damages for personal injuries allegedly caused by Keystone's negligence, and won a $ 250,000.00 jury verdict. Keystone appeals from the district court's order denying its motions for judgment as a matter of law, for a new trial, and to set aside the damage award. For the reasons given below, we affirm.

Warren brought suit seeking $ 2 million in damages for injuries suffered as a result of falling off a ladder on one of Keystone's ships. Warren charged Keystone was negligent when [*2] it allowed condensation and grease to build up on a ladder he was asked to use on the S.S. Kenai, and that such negligence was causally related to his falling off the ladder and injuring his neck and foot. Specifically, Warren produced evidence demonstrating he suffered a broken toe.

The case went to trial before a jury, and both sides presented witnesses. At the appropriate times, Keystone moved for judgment as a matter of law against Warren. The jury returned a verdict in favor of Warren in regards to his foot injury. The jury awarded him $ 250,000.00 in past pain and suffering damages. Keystone then moved for a judgment notwithstanding the jury verdict under *Fed. R. Civ. P. 50(b)*, for a new trial under *Fed. R. Civ. P. 59(a)* and to set aside the damages as grossly excessive. The district court denied Keystone's motions, and entered judgment in favor of Warren. This timely appeal followed.

"[HN1] A directed verdict, like a judgment n.o.v., may be granted only when, viewing the evidence most favorably to the party other than the movant, 'there can be but one conclusion as to the verdict that reasonable men could have reached.' The identical standard governs upon our review of the grant [*3] of a directed verdict. We have described the standard. . . as one whereby a directed verdict or judgment n.o.v. may be granted only when: (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Diebold v. Moore McCormack Bulk Transp. Lines, Inc., 805 F.2d 55, 57 (2d Cir. 1986)*(internal quotes and citations removed).

On appeal, Keystone argues Warren failed to establish negligence because the condition of the stairs was not abnormal on a ship and Warren had knowledge of the stair conditions prior to his accident. To prevail, Warren had to prove, "(1) that a dangerous condition actually existed on the ship; (2) that the defendant shipowner had notice of the dangerous condition and should have reasonably anticipated [Warren] might be injured by it; and (3) that if the shipowner was negligent, such negligence proximately caused [Warren's] injuries." *Diebold, 805 F.2d at 58 (2d Cir. 1986)*. [*4] Our review of the evidence finds Warren clearly established a dangerous condition existed on the ship. Therefore, applying the standard of review, we cannot say the district erred in denying Keystone a directed verdict or judgment n.o.v.

Keystone next argues there was insufficient evidence to support the pain and suffering damages, or, in the alternative, that this Court should find the award grossly excessive. [HN2] A new trial on damages may only be awarded if the jury award is "irrational or so high as to shock the judicial conscience, rendering it an abuse of discretion not to set it aside." *Nairn v. Nat'l R.R. Passenger Corp., 837 F.2d 565, 567 (2d Cir. 1988)*. We find the evidence presented sufficient to support the damages award, and do not find it so excessive as to "shock the judicial conscience." Thus, the award stands.