LEXSEE 2005 U.S. DIST. LEXIS 5354


Cited
As of: Aug 02, 2007

CHRISTOPHER SANTOS, Plaintiff, v. PRAXAIR SURFACE TECHNOLOGIES, INC, Defendant.

Civil Action No. 3:04 CV 350 (CFD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*2005 U.S. Dist. LEXIS 5354; 16 Am. Disabilities Cas. (BNA) 1308; 10 Wage & Hour Cas. 2d (BNA) 1213*

March 31, 2005, Decided

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee brought an action alleging, among other things, (1) that defendant former employer violated the Connecticut Fair Employment Practices Act (CFEPA), *Conn. Gen. Stat. § 46a-51 et seq.*, (2) that the employer discriminated against and wrongfully terminated the employee on the basis of a medical condition, (3) retaliation, and (4) constructive discharge. The employer moved to dismiss four counts under *Fed. R. Civ. P. 12(b)(6)*.

**OVERVIEW:** The employee alleged that the employer and several of its supervisory employees conspired to deny him continued employment in violation of the CFEPA. The employee had not alleged which, if any, of the supervisory employees' actions met the standards under Connecticut's intracorporate conspiracy doctrine and could have been considered to have occurred outside the scope of employment. Because the employee failed to allege any extracorporate activity, the court found that the intracorporate conspiracy doctrine applied. Because the employee could have obtained a remedy under the CFEPA, the Americans with Disabilities Act, or the Rehabilitation Act of 1973, his common law wrongful discharge and constructive discharge claims were precluded. Finally, as to the retaliation claim, the employee had not alleged that he filed any complaint with the Connecticut Labor Department, nor had he otherwise claimed to have exhausted his administrative remedies under the Connecticut Family and Medical Leave Act, *Conn. Gen. Stat. § 31-51kk et seq.* A plaintiff's failure to exhaust administrative remedies deprived the court of subject matter jurisdiction over the affected claim.

**OUTCOME:** The employer's motion to dismiss was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN1] When considering a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to a plaintiff. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN2] The issue on a motion to dismiss is not whether a plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. Thus, a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)* should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Case 3:02-cv-00691-CFD   Document 127-4   Filed 08/03/2007   Page 2 of 6

Page 2
2005 U.S. Dist. LEXIS 5354, *; 16 Am. Disabilities Cas. (BNA) 1308;
10 Wage & Hour Cas. 2d (BNA) 1213

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
*Evidence > Judicial Notice > General Overview*
[HN3] In its review of a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken.

*Criminal Law & Procedure > Criminal Offenses > Inchoate Crimes > Conspiracy > Elements*
*Torts > Procedure > Multiple Defendants > Concerted Action > Civil Conspiracy > General Overview*
*Torts > Vicarious Liability > Employers > Scope of Employment > General Overview*
[HN4] The Connecticut Supreme Court has explained that, under Connecticut's intracorporate conspiracy doctrine, employees of the same corporate entity cannot conspire with one another or with the corporate entity as long as their alleged acts are within the scope of their employment. An employee is deemed to be acting within the scope of his employment as long as he is discharging his duties or endeavoring to do his job, no matter how irregularly, or with what disregard of instructions. To fall outside the intracorporate conspiracy doctrine, an employee's allegedly wrongful conduct must be in furtherance of personal considerations unrelated or extraneous to the corporation's interest.

*Criminal Law & Procedure > Criminal Offenses > Inchoate Crimes > Conspiracy > Elements*
*Torts > Procedure > Multiple Defendants > Concerted Action > Civil Conspiracy > General Overview*
*Torts > Vicarious Liability > Employers > Scope of Employment > General Overview*
[HN5] In the context of Connecticut's intracorporate conspiracy doctrine, when the allegations involve only one corporate entity acting through its employees, no conspiracy claim can stand.

*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Public Policy*
*Labor & Employment Law > Wrongful Termination > Public Policy*
*Labor & Employment Law > Wrongful Termination > Remedies > General Overview*
[HN6] Generally, Connecticut follows the rule that employment is at-will and terminable by either the employee or the employer for any reason. The Connecticut courts have recognized an exception to that rule, however, and allow that an employee may recover for wrongful discharge where he can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. A common-law wrongful discharge action is disallowed, however, where the plaintiff has an available statutory remedy.

*Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies*
*Civil Procedure > Pleading & Practice > Pleadings > Complaints > General Overview*
*Labor & Employment Law > Leaves of Absence > Family & Medical Leave Act > Remedies*
[HN7] Exhaustion of administrative remedies is required under the Connecticut Family and Medical Leave Act (CFMLA), *Conn. Gen. Stat. § 31-51kk et seq.*, prior to judicial action being initiated. The exhaustion requirement means that a plaintiff seeking to litigate a claim under the CFMLA must first file a complaint with the Connecticut Labor Department and seek relief through the state's administrative process.

*Civil Procedure > Justiciability > Exhaustion of Remedies > General Overview*
*Labor & Employment Law > Discrimination > Retaliation > Statutory Application > Family & Medical Leave Act*
*Labor & Employment Law > Leaves of Absence > Family & Medical Leave Act > General Overview*
[HN8] Under *Conn. Gen. Stat. § 31-51pp*, it is illegal for an employer to interfere with, restrain, or deny an employee from exercising his rights under the Connecticut Family and Medical Leave Act (CFMLA), *Conn. Gen. Stat. § 31-51kk et seq.*, as well as for an employer to discharge or discriminate against an employee who does exercise such rights. *Conn. Gen. Stat. § 31-51pp(a)(1)-(2)*. This latter provision of the statute encompasses retaliation claims. No matter the precise nature of the CFMLA violation, an aggrieved employee raising any claims under *§ 31-51pp(a)* must first file a complaint with the Connecticut Labor Commissioner. *§ 31-51pp(c)(2)*.

*Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies*
*Civil Procedure > Justiciability > Exhaustion of Remedies > Failure to Exhaust*
*Civil Procedure > Jurisdiction > General Overview*
[HN9] A plaintiff's failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over the affected claim.

Case 3:02-cv-00691-CFD   Document 127-4   Filed 08/03/2007   Page 3 of 6

Page 3

2005 U.S. Dist. LEXIS 5354, *; 16 Am. Disabilities Cas. (BNA) 1308;
10 Wage & Hour Cas. 2d (BNA) 1213

*Governments > Legislation > Statutory Remedies & Rights*
*Labor & Employment Law > Wrongful Termination > Constructive Discharge > General Overview*
*Labor & Employment Law > Wrongful Termination > Remedies > General Overview*

[HN10] In Connecticut, a constructive discharge is treated as the legal equivalent of a discharge. Like a wrongful actual discharge, however, a wrongful constructive discharge is only actionable if it violates public policy under certain criteria. If a plaintiff has other statutory remedies available to redress the public policy violation underlying the constructive discharge, then he may not bring an additional independent cause of action for the discharge itself.

**COUNSEL:** For Christopher Santos, Plaintiff: Edmond Clark, Madison, CT.

For Praxair Surface Tech Inc, Defendant: Christopher A. Kelland, Lori B. Alexander, Tyler, Cooper & Alcorn, New Haven, CT.

**JUDGES:** [*1] CHRISTOPHER F. DRONEY, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** CHRISTOPHER F. DRONEY

**OPINION**

**RULING ON MOTION TO DISMISS**

Plaintiff Christopher Santos brought this action in the Connecticut Superior Court against his former employer, Praxair Surface Technologies, Inc. ("Praxair"). Santos' complaint contains nine counts. Count One alleges that Praxair violated the Connecticut Fair Employment Practices Act ("CFEPA"), *Conn. Gen. Stat. § 46a-51 et seq.* Count Two alleges that the defendant and its employees conspired to deny Santos a continuing employment relationship with Praxair, in further violation of CFEPA. Count Three alleges that Praxair violated the Americans with Disabilities Act ("ADA"), *42 U.S.C. § 12101 et seq.*, while Count Four alleges that the employer violated Section 504 of the Rehabilitation Act of 1973, *29 U.S.C. § 794 et seq.* Count Five alleges that Praxair discriminated against and wrongfully terminated Santos on the basis of his medical condition, in violation of Connecticut common law. Count Six alleges that Praxair retaliated against Santos for attempting to exercise his rights [*2] under the Connecticut Family and Medical Leave Act, *Conn. Gen. Stat. § 31-51kk et seq.* Counts Seven and Eight allege the Connecticut common law torts of negligent and intentional infliction of emotional distress. In Count Nine, Santos claims that he was constructively discharged by Praxair in violation of Connecticut common law.

Defendant Praxair removed the action to this Court pursuant to *28 U.S.C. § 1441*.[1] Praxair has now filed a motion to dismiss Counts Two, Five, Six, and Nine of the plaintiff's complaint under *Fed. R. Civ. P. 12(b)(6)*, for failure to state a claim upon which relief can be granted.

   1   The Court has subject matter jurisdiction under *28 U.S.C. § 1331* and *28 U.S.C. § 1367*.

**I. Background**[2]

   2   These assertions are taken from the plaintiff's complaint.

[*3] Christopher Santos, a man of Puerto Rican descent, was employed by Praxair Surface Technologies from August 1996 through December 2001. During that time, Santos suffered a visible disability in that he had a pronounced limp.

Santos claims that throughout his employment with Praxair, he was subject to discriminatory disparate treatment on the basis of his race and disability. The alleged discrimination included Santos' not receiving training at the same level as other employees, being the object of racially hostile comments from Praxair supervisors, being unfairly reprimanded for his work performance, being unfairly demoted, and being denied disability leave on one occasion.

Praxair terminated Santos in December 2001, for the stated reason that Santos was "receiving [Praxair] short term disability benefits while claiming to be disabled but simultaneously working for another employer." Complaint at P39. Santos claims that his termination actually was motivated by illegal racial and disability discrimination.

**II. Standard of Review**

[HN1] When considering a *Rule 12(b)(6)* motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences [*4] from these allegations in the light most favorable to the plaintiff. See *Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)*, overruled on other grounds, *Davis v. Scherer, 468 U.S. 183, 82 L. Ed. 2d 139, 104 S. Ct. 3012 (1984)*; *Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991)*, cert. denied, *504 U.S. 911, 118 L. Ed. 2d 548 (1992)*. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See *Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)*; *Frasier v. Gen-*

Case 3:02-cv-00691-CFD   Document 127-4   Filed 08/03/2007   Page 4 of 6

Page 4

2005 U.S. Dist. LEXIS 5354, *; 16 Am. Disabilities Cas. (BNA) 1308;
10 Wage & Hour Cas. 2d (BNA) 1213

eral Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). [HN2] "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale-New Haven Hosp.*, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing *Scheuer*, 416 U.S. at 232). Thus, a motion to dismiss under 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [*5] his claim which would entitle him to relief." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (citations and internal quotations omitted), cert. denied, 513 U.S. 816, 130 L. Ed. 2d 28 (1994). [HN3] In its review of a 12(b)(6) motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

### III. Discussion

The challenged counts of the plaintiff's complaint will be evaluated in turn.

### A. Count Two: Conspiracy to Violate the CFEPA

In Count Two of his complaint, Santos alleges that Praxair and several of its supervisory employees conspired to deny him continued employment in violation of CFEPA.[3] Praxair argues that Connecticut law establishes that a corporation can not conspire with its employees, and therefore the count must be dismissed.

> 3   Santos has not named these supervisors as defendants.

[*6] [HN4] The Connecticut Supreme Court has explained that, under the state's intracorporate conspiracy doctrine, "employees of the same corporate entity cannot conspire with one another or with the corporate entity as long as their alleged acts are within the scope of their employment." *Harp v. King*, 835 A.2d 953, 266 Conn. 747, 751 n.5 (2003). An employee is deemed to be acting within the scope of his employment "as long as he is discharging his duties or endeavoring to do his job, 'no matter how irregularly, or with what disregard of instructions.'" *Id. at 786* (citing *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997)). To fall outside the intracorporate conspiracy doctrine, an employee's allegedly wrongful conduct "must be in furtherance of personal considerations unrelated or extraneous to the corporation's interest." *Id. at 782*.

Here, the plaintiff has not alleged which, if any, of the supervisory employees' actions meet the above standards and may be considered to have occurred outside the scope of employment. [HN5] When the allegations involve only one corporate entity acting through its employees, no conspiracy claim can stand. See *Natale v. Town of Darien*, 1998 U.S. Dist. LEXIS 2356, *16 (D. Conn. Feb. 26, 1998)*. [*7] Because the plaintiff has failed to allege any extracorporate activity, the intracorporate conspiracy doctrine applies. The Court grants Praxair's motion to dismiss Count Two of the complaint.[4]

> 4   Praxair, of course, may be independently liable for violating the CFEPA as alleged in Count One of the complaint.

### B. Count Five: Common-Law Wrongful Discharge

In Count Five, Santos alleges that Praxair wrongfully terminated him because of various medical conditions that he suffered. [HN6] Generally, Connecticut follows the rule that employment is at-will and terminable by either the employee or the employer for any reason. *Fisher v. Jackson*, 118 A.2d 316, 142 Conn. 734, 736 (1955). The Connecticut courts have recognized an exception to that rule, however, and allow that an employee may recover for wrongful discharge where he "can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. [*8] " (Emphasis in original.) *Sheets v. Teddy's Frosted Foods, Inc.*, 427 A.2d 385, 179 Conn. 471, 475 (1980).

A common-law wrongful discharge action is disallowed, however, where the plaintiff has an available statutory remedy. See *Burnham v. Karl & Gelb, P.C.*, 745 A.2d 178, 252 Conn. 153, 162 (2000) (holding that statutory remedy set forth in *Conn. Gen. Stat. § 31-51(b)* precluded common law wrongful discharge claim); see also *Mauro v. Southern New Eng. Telcomms., Inc.*, 208 F.3d 384, 388 n.3 (2d Cir. 2000) (noting the relevant rule in Connecticut); *Swihart v. Pactiv Corp.*, 187 F. Supp. 2d 18, 25 (D. Conn. 2002) (applying Burnham rule to claim for wrongful discharge). The limitation on Sheets-based actions has been explained as follows:

> It is evident that the Connecticut Supreme Court in Sheets did not intend to create a means for discharged employees to assert the same statutory or constitutional violations twice in a single complaint or to circumvent the procedural requirements of the state human rights statutes. Instead, the court intended merely to provide "a modicum of judicial [*9] protection," for those who did not already have a means of challenging their dismissals under state law.

Case 3:02-cv-00691-CFD   Document 127-4   Filed 08/03/2007   Page 5 of 6

Page 5

2005 U.S. Dist. LEXIS 5354, *; 16 Am. Disabilities Cas. (BNA) 1308;
10 Wage & Hour Cas. 2d (BNA) 1213

*Banerjee v. Roberts, 641 F. Supp. 1093, 1108 (D. Conn. 1986)* (quoting *Sheets, 179 Conn. at 477*).

In the instant case, the plaintiff has raised additional claims under CFEPA, the ADA, and the Rehabilitation Act of 1973 for his allegedly wrongful termination. Because the plaintiff may obtain a remedy under any of these statutory schemes, his common law wrongful discharge claim is preempted. See *Medvey v. Oxford Health Plans, 313 F. Supp. 2d 94, 99 (D. Conn. 2004)*.

Therefore, the Court grants Praxair's motion to dismiss Count Five of the complaint.

### C. Count Six: Violations of the Connecticut Family and Medical Leave Act

In Count Six, Santos alleges that Praxair denied him his rights under the Connecticut Family and Medical Leave Act ("CFMLA"), *Conn. Gen. Stat. § 31-51kk et seq.*, and retaliated against him for attempting to exercise those rights. In response, Praxair argues that this count must be dismissed for Santos' failure to exhaust administrative remedies, as is required by the [*10] statute.

Judges in the District of Connecticut previously have examined the CFMLA and its associated regulations and concluded that [HN7] "exhaustion of administrative remedies is required under the CFMLA prior to judicial action being initiated." *Persky v. Cendant Corp., 114 F. Supp. 2d 105, 107 (D. Conn. 2000)*; see also *Abbate v. Cendant Corp., 2004 U.S. Dist. LEXIS 11546, *5 (D. Conn. Jun. 23, 2004)* (holding same). The exhaustion requirement means that a plaintiff seeking to litigate a claim under the CFMLA must first file a complaint with the Connecticut Labor Department and seek relief through the state's administrative process. [5] See *Persky, 114 F. Supp. 2d at 106-07*; see also Conn. Agencies Regs. § 31-55qq-43.

---

5   Santos alleges that his CFMLA retaliation claim is not subject to the exhaustion requirement, but this is unsupported by the statute. [HN8] Under *Conn. Gen. Stat. § 31-51pp*, it is illegal for an employer to interfere with, restrain, or deny an employee from exercising his rights under the CFMLA, as well as for an employer to discharge or discriminate against an employee who does exercise such rights. See *Conn. Gen. Stat. § 31-51pp(a)(1)-(2)*. This latter provision of the statute encompasses retaliation claims such as that raised by Santos. No matter the precise nature of the CFMLA violation, an aggrieved employee raising any claims under this subsection must first "file a complaint with the [Connecticut] Labor Commissioner . . . ." *§ 31-51pp(c)(2)*.

---

[*11] Santos has not alleged that he filed any complaint with the Labor Department, nor has he otherwise claimed to have exhausted his administrative remedies under the CFMLA. [HN9] A plaintiff's failure to exhaust administrative remedies deprives the Court of subject matter jurisdiction over the affected claim. See, e.g., *Niagara Mohawk Power Corp. v. FERC, 306 F.3d 1264, 1270 (2d Cir. 2002)*; *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 199 (2d Cir. 2002)*. Therefore, the Court dismisses Count Six of the plaintiff's complaint.

### D. Count Nine: Common-Law Constructive Discharge

In Count Nine of his complaint, Santos alleges that Praxair's failure to eliminate workplace discrimination against him constituted a constructive discharge of his employment in violation of Connecticut common law. Praxair has moved to dismiss this count of the complaint on the ground that Connecticut does not recognize an independent cause of action for constructive discharge.

[HN10] A constructive discharge is treated as the legal equivalent of a discharge. *Seery v. Yale-New Haven Hosp., 554 A.2d 757, 17 Conn. App. 532, 540 (1989)*. Like a wrongful [*12] actual discharge, however, a wrongful constructive discharge is only actionable if it violates public policy under the criteria set forth in *Sheets v. Teddy's Frosted Foods, 427 A.2d 385, 179 Conn. 471, 475 (1980)*. See *Kilduff v. Cosential, Inc., 289 F. Supp. 2d 12, 18 (D. Conn. 2003)*. If a plaintiff has other statutory remedies available to redress the public policy violation underlying the constructive discharge, then he may not bring an additional independent cause of action for the discharge itself. See *id. at 18-19*; see also Discussion, Section III.B, supra.

As stated previously, the plaintiff already has raised claims that his termination violated the CFEPA, the ADA, and the Rehabilitation Act of 1973. Because those statutory schemes provide him remedies for discriminatory discharge, his common-law constructive discharge claim is precluded. The Court therefore dismisses Count Nine of the complaint.

### IV. Conclusion

The Court GRANTS Defendant's Motion to Dismiss [Doc. # 10]. The remaining counts in the complaint are: Count One, alleging violations of the CFEPA; Count Three, alleging violations of the ADA; [*13] Count Four, alleging violations of the Rehabilitation Act of 1973; and Counts Seven and Eight, alleging the common

Case 3:02-cv-00691-CFD   Document 127-4   Filed 08/03/2007   Page 6 of 6

Page 6

2005 U.S. Dist. LEXIS 5354, *; 16 Am. Disabilities Cas. (BNA) 1308;
10 Wage & Hour Cas. 2d (BNA) 1213

law torts of negligent and intentional infliction of emotional distress.

So ordered this __31st__ day of March 2005 at Hartford, Connecticut.

/s/ CFD

**CHRISTOPHER F. DRONEY**

**UNITED STATES DISTRICT JUDGE**