LEXSEE 2005 U.S. DIST. LEXIS 29129


Cited
As of: Aug 02, 2007

**EDWARD R. THOMPSON, Plaintiff, v. REVONET, INC., SCOTT HOWARD, Defendants.**

**CASE NO. 3:05-CV-168 (RNC)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2005 U.S. Dist. LEXIS 29129*

**November 21, 2005, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendants, his former employer and its chief executive officer and president, claiming violation of state and federal laws from his termination. Defendants contended that the counts alleging breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing should be dismissed for failure to state a claim upon which relief could be granted. The employee contested the motion.

**OVERVIEW:** The employee was a business development vice president. After he started working, he received a copy of an employee handbook. About six months later, the employee underwent emergency bypass surgery, and the employer attempted to discharge him for inadequate performance. The employee was fired when he refused to sign a termination agreement. The court denied defendants' motion. Although disclaimers in the employee handbook appeared adequate to preclude contractual liability based on the handbook alone, the employee asserted that, during negotiations, defendants promised to give him the benefit of the handbook provisions on progressive discipline. Thus, notwithstanding the handbook disclaimers, the employee stated a valid breach of contract claim. Similarly, the alleged promise to review the employee's performance in accordance with the handbook stated a promissory estoppel claim that was sufficient to withstand dismissal. The complaint also adequately alleged breach of the implied covenant of good faith and fair dealing by defendants' promise that the employee would receive benefits under the handbook, but thereafter failed to follow it as to progressive discipline and compensation.

**OUTCOME:** The court denied defendants' motion to dismiss.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN1] A complaint may be dismissed for failure to state a claim on which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In applying this test, which is designed to protect the right of access to courts, the allegations of a complaint must be accepted as true and interpreted in a manner most favorable to the plaintiff. In practice, it is rare that the allegations of a complaint can be viewed this way and yet be jettisoned as legally insufficient.

*Civil Procedure > Trials > Jury Trials > Province of Court & Jury*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Express Contracts*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Implied Contracts*
[HN2] The Connecticut Supreme Court has held that employee handbooks can create express or implied con-

tracts. In the absence of definitive contract language, whether a handbook creates such a contract is a question of fact. Employers can preclude contract claims based on handbooks by eschewing language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract.

*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Express Contracts*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Implied Contracts*
[HN3] Courts have dismissed breach of contract claims when employee handbooks contained language disclaiming any intent to form a contract. The existence of a disclaimer does not automatically preclude contractual liability. Even when a handbook contains a disclaimer of contractual intent, contradictory statements by an employer can lead to liability.

*Civil Procedure > Trials > Jury Trials > Province of Court & Jury*
*Contracts Law > Consideration > Promissory Estoppel*
[HN4] Pursuant to the doctrine of promissory estoppel, courts will enforce a promise which a promisor should reasonably expect to induce action or forbearance on the part of a promisee and which does induce such action or forbearance if the interests of justice require enforcement. A fundamental element of promissory estoppel is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. For a statement to induce reasonable reliance, it must manifest a present intent to commit as distinguished from a mere statement of intent to contract in the future. Whether a representation constitutes a promise is generally a question of fact.

*Labor & Employment Law > Employment Relationships > At-Will Employment*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Express Contracts*
[HN5] Under Connecticut law, general promises of permanent employment create at will employment only. To avoid this default rule of employment at will, an employee must obtain an agreement from the employer that the employment will last for a definite term or be terminable only for cause.

*Contracts Law > Consideration > Promissory Estoppel*
*Contracts Law > Types of Contracts > Implied-in-Law Contracts*
[HN6] Under Connecticut law, a representation that is insufficient to create an implied contract can nonetheless provide a basis for promissory estoppel.

*Contracts Law > Breach > Causes of Action > Elements of Claims*
*Contracts Law > Contract Interpretation > Good Faith & Fair Dealing*
[HN7] The implied covenant of good faith and fair dealing serves to fulfill the reasonable expectations of the parties to a contract. To state a claim for breach of this implied covenant, three elements must be alleged: first, that the parties had a contract under which plaintiff reasonably expected to receive certain benefits; second, that defendants engaged in conduct interfering with plaintiff's right to receive the benefits; and, third, that defendants acted in bad faith.

**COUNSEL:** [*1] For Edward R. Thompson, Plaintiff: Thomas S. Luby, Luby, Olson, Mango, Gaffney and DeFrances, Meriden, CT.

For Revonet Inc, Defendant: A. Robert Fischer, Michael J. Soltis, Natasha C. Maynard, Jackson Lewis, Stamford, CT.

For Scott Howard, Defendant: Michael J. Soltis, Natasha C. Maynard, Jackson Lewis, Stamford, CT.

**JUDGES:** Robert N. Chatigny, United States District Judge.

**OPINION BY:** Robert N. Chatigny

**OPINION**

*RULING AND ORDER*

Plaintiff brings this action against his former employer, Revonet Inc., and its Chief Executive Officer and President, Scott Howard, claiming various violations of state and federal law stemming from Revonet's termination of his employment. Defendants contend that counts two, three, and four of the complaint, alleging breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing, should be dismissed for failure to state a claim on which relief can be granted. Plaintiff's allegations are at least marginally adequate to support each cause of action. Accordingly, defendants' motion to dismiss is denied.

I. *Facts*

Case 3:02-cv-00691-CFD    Document 127-7    Filed 08/03/2007    Page 3 of 5

Page 3
2005 U.S. Dist. LEXIS 29129, *

The complaint alleges the following facts, which are assumed to be true for purposes of this motion. [*2] In the spring of 2002, plaintiff was recruited by defendant Howard to join Revonet as Vice President of Business Development. (Compl. P9.) Pursuant to an unsigned letter agreement dated June 10, 2002, plaintiff was to be paid $ 150,000 annually plus commissions and, if his employment was terminated without cause before June 30, 2003, he was to receive full payment of his salary through that date. (Id.) Plaintiff started working for defendant on June 28, 2002, at which time he received a copy of the employee handbook. (Id. P10.) Until the events in question, plaintiff received no indication that his performance was inadequate. (Id. P18.)

On January 13, 2003, plaintiff underwent emergency by-pass surgery. (Id. P12.) He worked from the hospital on January 13 and 14. (Id. P14.) On January 28, his cardiologist authorized him to return to a limited work schedule. (Id. P15.) From January 28 to February 6, plaintiff performed work by telephone. (Id.) Revonet did not pay him during his medical absence even though he had personal and vacation days at his disposal. (Id. P14.)

On February 6, 2003, defendant Howard attempted to discharge plaintiff, citing "inadequate [*3] performance." (Id. P17.) At that time, Howard informed plaintiff that the terms of his employment agreement would not be honored because of financial problems. (Id. P21.) Howard sent plaintiff a proposed "Release Agreement," pursuant to which his employment would be terminated, he would be paid a separation benefit of one month's pay, he would release Revonet from all claims arising from the termination, and he would execute a non-compete agreement. (Id. P23.) After plaintiff rejected this proposal, he was fired. (Id. P25.) Plaintiff was not paid for the work he performed while recuperating, nor did he receive more than $ 19,000 in commissions owed to him. (Id. PP14, 27-28.)

II. *Discussion*

[HN1] A complaint may be dismissed for failure to state a claim on which relief may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In applying this test, which is designed to protect the right of access to courts, the allegations of the complaint must be accepted as true and interpreted in a manner [*4] most favorable to the plaintiff. *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999). In practice, it is rare that the allegations of a complaint can be viewed this way and yet be jettisoned as legally insufficient. The counts at issue here are no exception.

*Count Two: Breach of Contract*

Count two alleges that Revonet promised plaintiff it would notify him of any concerns about inadequate performance on his part in accordance with a policy of progressive discipline set forth in the employee handbook. [HN2] The Connecticut Supreme Court has held that employee handbooks can create express or implied contracts. *Gaudio v. Griffin Health Servs. Corp.*, 249 Conn. 523, 532, 733 A.2d 197 (1999); *Finley v. Aetna Life & Cas. Co.*, 202 Conn. 190, 198, 520 A.2d 208 (1987), overruled on other grounds by *Curry v. Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). "In the absence of definitive contract language," whether a handbook creates such a contract is a question of fact. *Finley*, 202 Conn. at 199 (quotation omitted). Employers can preclude contract claims based on handbooks by "eschewing [*5] language that could reasonably be construed as a basis for a contractual promise, or by including appropriate disclaimers of the intention to contract." *Id. at 199 n.5*.

Applying *Finley*, [HN3] courts have dismissed breach of contract claims when handbooks contained language disclaiming any intent to form a contract. *See, e.g., Amici v. First Union Nat'l Bank*, 2003 Conn. Super. LEXIS 1037, No. CV020459754, 2003 WL 1962924, at *2 (Conn. Super. Ct. Apr. 15, 2003) ("First Union reserves the right to terminate the employment relationship with or without cause at any time or to impose any form of discipline without following the step listed above."); *Acevedo v. Ledgecrest Health Care*, 2001 Conn. Super. LEXIS 3001, No. CV00509027, 2001 WL 1355594, at *2 (Conn. Super. Ct. Oct. 18, 2001) ("Neither the contents of this handbook nor any other communications . . . create any type of employment contract. . . . Nothing contained in this handbook shall be construed as a guarantee of continued employment nor as a guarantee of hours or benefits."); *Markgraf v. Hospitality Equity Investors, Inc.*, 1993 Conn. Super. LEXIS 426, No. 30 85 01, 1993 WL 53604, at *2 (Conn. Super. Ct. Feb. 18, 1993) ("The contents of this Handbook [*6] . . . are not to be understood or construed as a promise or contract . . . ."). But the existence of a disclaimer does not automatically preclude contractual liability. Even when a handbook contains a disclaimer of contractual intent, contradictory statements by the employer can lead to liability. *See, e.g., Holt v. Home Depot, U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 824, No. 3:00CV1578 (RNC), 2004 WL 178604, at *1 (D. Conn. Jan. 22, 2004) (employer's assurances that employees who availed themselves of open door policy would not be penalized could be viewed as binding notwithstanding general disclaimer in employee handbook), aff'd, 135 Fed. Appx. 449 (2d Cir. 2005); *Rodriguez v. Host Int'l, Inc.*, 2000 Conn. Super. LEXIS 3575, No. CV990585323, 2000 WL 1995589, at *5 (Conn. Super.

Ct. Dec. 22, 2000) ("The existence of disclaimer language in an employee handbook, therefore, does not always defeat a claim for breach of an express or implied contract, particularly under circumstances where other representations have been made independent of a handbook which are not themselves disclaimed."); Harrop v. Allied Printing Servs., 2000 Conn. Super. LEXIS 774, No. CV 980583561, 2000 WL 350472, at *2 (Conn. Super. [*7] Ct. Mar. 24, 2000) (denying a motion for summary judgment, despite a handbook disclaimer, because of questions of fact as to representations made by the employer during employment negotiations).

In this case, plaintiff alleges that Revonet, in the course of negotiating his employment contract, promised to give him the benefit of the handbook provision on progressive discipline, which thus became a part of the contract. (Compl. P40.) Defendants, in turn, point to the handbook's numerous disclaimers of intent to form a contract.[1] These disclaimers appear to be adequate to preclude contractual liability based on the handbook alone. But they do not necessarily immunize the company from contractual liability based on its alleged promise to the plaintiff in the course of negotiations. If the company made the contractual commitment to the plaintiff that he alleges, he can recover for its alleged breach, notwithstanding the disclaimers in the handbook. Accordingly, the motion to dismiss this count must be denied.[2]

[1] The introductory page of the handbook states: "Please understand that nothing contained in this handbook should be construed as a contract of employment between you and the company. No policy set forth herein guarantees any continuity of benefits or rights." Moreover, the section of the handbook concerning disciplinary action contains several more disclaimers:

> If you fail to meet the required standards, we will generally make an effort to work with you to correct that situation. . . . It should be clearly understood that disciplinary action need not be progressive and Revonet, Inc. reserves the right to forego any of these steps if management determines that the infraction or performance warrants the severity of the discipline. And because Revonet is an "at will" employer, it reserves the right to terminate its team members at any time for any reason with or without cause.

[*8]
[2] To guard against the risk of costly litigation in a case such as this, an employer may need to obtain a signed statement from the employee, in the letter agreement or otherwise, that no promises have been made to the employee other than as set forth in the letter agreement.

*Count Three: Promissory Estoppel*

Count three is grounded in the doctrine of promissory estoppel, [HN4] pursuant to which courts will enforce "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance" if the interests of justice require enforcement. D'Ulisse-Cupo v. Bd. of Dirs. of Notre Dame High Sch., 202 Conn. 206, 213, 520 A.2d 217 (1987) (quoting Restatement (Second) of Contracts § 90 (1973)). "A fundamental element of promissory estoppel . . . is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." Id. For a statement to induce reasonable reliance, it must manifest "a present intent [*9] to commit as distinguished from a mere statement of intent to contract in the future." Stewart v. Cendant Mobility Servs. Corp., 267 Conn. 96, 105, 837 A.2d 736 (2003). Whether a representation constitutes a promise is generally a question of fact. Id. at 106.

Plaintiff claims that Revonet and Howard promised (1) to provide him with long-term employment at a specified annual salary and with specified benefits and (2) to review his performance pursuant to the terms of the handbook. Defendants contend that any promise of long-term employment was too vague to support a claim of promissory estoppel. I agree with this argument.[3] [HN5] Under Connecticut law, general promises of permanent employment create at will employment only. D'Ulisse-Cupo, 202 Conn. at 211 n.1. To avoid this default rule of employment at will, an employee must obtain an agreement from the employer that the employment will last for a definite term or be terminable only for cause. See Torosyan v. Boehringer Ingelheim Pharm., Inc., 234 Conn. 1, 15, 662 A.2d 89 (1995); see also Schermerhorn v. Mobil Chem. Co., 2001 U.S. Dist. LEXIS 519, No. 3:99 CV 941 (GLG), 2001 WL 50534, [*10] at *4-5 (D. Conn. Jan. 9, 2001) (promise of long-term employment, without accompanying promise that employment would be for a definite term or could be terminated only for cause, did not give rise to implied contract). In this case, neither of these things is alleged. To the contrary, plaintiff affirmatively alleges a general promise of long-term employment for no definite term,

and the letter agreement itself allows for termination without cause.

> 3   Defendants also argue with some force that the alleged promise of long-term employment could not induce reasonable reliance because the employment letter allowed for termination within one year.

The alleged promise that plaintiff's performance would be reviewed in accordance with the handbook, in contrast, is sufficiently clear and definite to survive the motion to dismiss. This promise allegedly was made in the course of contract negotiations when the parties were discussing key terms of the employment relationship. Even if a jury were to find that defendants did [*11] not intend their representations to be binding, it still could find that the representations constituted a promise on which plaintiff reasonably relied. ⁴ In view of this possibility, the motion to dismiss this count is denied.

> 4   As the Second Circuit has recognized,[HN6] under Connecticut law, a representation that is insufficient to create an implied contract can nonetheless provide a basis for promissory estoppel. See *Cweklinsky v. Mobil Chem. Co.*, 364 F.3d 68, 78 (2d Cir. 2004).

*Count Four: Breach of Implied Covenant*

The fourth count of plaintiff's complaint alleges a breach of [HN7] the implied covenant of good faith and fair dealing, which serves to fulfill "the reasonable expectations of the parties [to a contract]." *Magnan v. Anaconda Indus., Inc.*, 193 Conn. 558, 572, 479 A.2d 781 (1984). To state a claim for breach of this implied covenant, three elements must be alleged: first, that the parties had a contract under which plaintiff reasonably expected to receive certain [*12] benefits; second, that the defendants engaged in conduct interfering with plaintiff's right to receive the benefits; and, third, that the defendants acted in bad faith. *Felekey v. AT&T*, 2004 U.S. Dist. LEXIS 25443, No. 3:02-CV-691 (CFD), 2004 WL 2958468, at *5 (D. Conn. Nov. 3, 2004).

Plaintiff alleges that defendant breached the implied covenant by falsely promising him long-term employment, failing to pay him promised compensation, failing to follow its progressive discipline policy, and falsely stating that he was being terminated for inadequate performance. Defendants contend that plaintiff's allegations fail to allege a cognizable breach. I agree with the defendants that plaintiff's allegation of a false promise of long-term employment does not support a claim for relief. As just discussed, such a promise would create an at will relationship, which could be terminated anytime without cause. The same is not true of plaintiff's other allegations, however. Crediting those allegations, a jury could find that the company interfered with plaintiff's reasonable expectation that he would receive benefits under the contract, and did so in bad faith, by failing to follow its progressive [*13] discipline policy, failing to pay him compensation, and falsely attributing his termination to inadequate performance. ⁵ Accordingly, the motion to dismiss this count is also denied.

> 5   Defendants argue that relief under the implied covenant of good faith and fair dealing is unavailable when a plaintiff can recover on another ground. This is partially true. See *Mackay v. Rayonier, Inc.*, 75 F. Supp. 2d 22, 30 (D. Conn. 1999) (explaining that the covenant should not be implied to remedy actions already prohibited by statute). At this preliminary stage of the litigation, however, it would be inappropriate to dismiss this count merely because plaintiff might recover on statutory claims.

III. *Conclusion*

For the foregoing reasons, defendants' motion to dismiss [Doc. # 4] is denied.

So ordered.

Dated at Hartford, Connecticut this 21st day of November 2005.

/s/

Robert N. Chatigny

United States District Judge