LEXSEE 1998 U.S. DIST, LEXIS 13488



Analysis
As of: Aug 02, 2007

## FRANKLIN X. DAVIDSON v. MORGANTI NATIONAL INC.

### CASE NO. 3:96CV1053 (AHN)

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*1998 U.S. Dist. LEXIS 13488*

**August 14, 1998, Decided
August 18, 1998, Filed**

**DISPOSITION:** [*1] Defendant's Motion for Summary Judgment with Respect to Count Two and Partial Summary Judgment with Respect to Count One [doc. # 27] GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant employer filed a motion for partial summary judgment of plaintiff employee's claims alleging breach of contract and wrongful termination which arose out of the employee's alleged termination of employment.

**OVERVIEW:** An employee and employer entered into an agreement whereby the employee was to perform as construction superintendent for employer's project. After the employer terminated the employment, the employee filed an action in state court alleging breach of contract, wrongful termination and fraud, which defendant later removed to federal court. Defendant sought partial summary judgment on the employee's breach of contract claims. The court granted the motion, and held that the employment contract was not one for a definite term, and that the employee could not rely on the bonus clause because it only fixed the rate of compensation and was not a term of employment. Therefore, the employee was an at-will employee who could be terminated at any time. The court also noted that the employee's deposition testimony showed that he expected only that his employment would last as long as it took for the project to be completed. Therefore, there was no agreement as to the actual length of the term of his employment and the employee was an at-will employee.

**OUTCOME:** The court granted summary judgment on the employee's breach of contract claims surrounding his employment contract and ordered him to file an amended complaint consistent with its ruling.

**CORE TERMS:** summary judgment, definite term, completion, bonus, employment contract, citation omitted, internal quotation marks, open-ended, genuine, terminable, definite, duration, at-will, annual, partial, wrongful termination, material fact, construction project, determinable, deposition, hired, base salary, breach of contract, written agreement, annual salary, specific project, definite period, terminated, indefinite, assigned

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants*
*Civil Procedure > Summary Judgment > Standards > Appropriateness*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
[HN1] A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).* The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. After discovery, if the party against whom summary judgment is sought has failed to make a sufficient showing on an essential element of its case with

1998 U.S. Dist. LEXIS 13488, *

respect to which it has the burden of proof, then summary judgment is appropriate. The substantive law governing the case identifies those facts that are material on a motion for summary judgment. A court must grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. In assessing the record to determine whether a genuine dispute as to a material fact exists, the court is required to resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Thus, only when reasonable minds could not differ as to the import of the evidence is summary judgment proper.

*Contracts Law > Contract Interpretation > General Overview*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Duration of Employment*
*Labor & Employment Law > Wrongful Termination > Breach of Contract > General Overview*
[HN2] An employment contract for a definite or determinable term is terminable by either party only for good cause. By contrast, contracts of permanent employment and employment contracts for an indefinite duration are terminable at the will of either party. The interpretation of a contract must be made in accordance with the terms employed in the instrument and a court cannot by that means disregard the words used by the parties or revise, add to, or create a new agreement.

*Labor & Employment Law > Employment Relationships > Employment Contracts > Conditions & Terms > Compensation*
*Labor & Employment Law > Employment Relationships > Employment Contracts > Conditions & Terms > Duration of Employment > Fixed Term*
*Labor & Employment Law > Wrongful Termination > Breach of Contract > General Overview*
[HN3] A bonus clause does nothing more than fix a rate at which employees may be compensated during the course of their employment. As such, its purpose is similar to that of an annual salary term which is equally insufficient to establish a definite period of employment.

**COUNSEL:** For FRANKLIN X. DAVIDSON, plaintiff: James T. Shearin, Pullman & Comley, Bridgeport, CT.

For FRANKLIN X. DAVIDSON, plaintiff: James C. Thompson, Jr., Wickwire Gavin, Vienna, VA.

For MORGANTI NATL, INC, defendant: Louis R. Pepe, Anthony J. Natale, Pepe & Hazard, Hartford, CT.

For MORGANTI NATL, INC, defendant: John Crowe Duncan, III, Duncan & Hopkins, Alexandria, VA.

**JUDGES:** Alan H. Nevas, United States District Judge.

**OPINION BY:** Alan H. Nevas

**OPINION**

*RULING ON PARTIAL MOTION FOR SUMMARY JUDGMENT*

The plaintiff, Franklin X. Davidson ("Davidson"), filed this action against the defendant, Morganti National, Inc. ("Morganti"), in Virginia state court raising claims for breach of contract ("count one"), wrongful termination ("count two"), and fraud ("count three"). On the basis of diversity jurisdiction, *see 28 U.S.C. § 1332*, Morganti removed this action to federal court pursuant to *28 U.S.C. § 1441*.

Now pending before the court is Morganti's Motion for Summary [*2] Judgment with Respect to Count Two and Partial Summary Judgment with Respect to Count One. For the reasons set forth below, the motion [doc. # 27] is GRANTED.

*STANDARD OF REVIEW*

[HN1] A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the moving party is entitled to judgment as a matter of law. *See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).* The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970).* After discovery, if the party against whom summary judgment is sought "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).*

The substantive law governing the case identifies those facts that are material on a motion [*3] for summary judgment. *See Anderson, 477 U.S. at 258.* A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact.'" *Miner v. Glens*

*Falls*, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir. 1992) (internal quotation marks and citation omitted).

In assessing the record to determine whether a genuine dispute as to a material fact exists, the court is required to resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. *See Anderson*, 477 U.S. at 255. Thus, "only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

## FACTUAL BACKGROUND

Morganti is a Connecticut corporation with its [*4] principal place of business in Danbury, Connecticut. (*See* Notice of Removal P 3.) Davidson is a citizen and resident of the Commonwealth of Massachusetts. (*See* Aff. of Franklin X. Davidson [hereinafter "Davidson Aff."] P 2.) Davidson possesses experience as both a national and international construction professional. (*See* Davidson Aff. P 2.)

In March, 1994, Morganti was the general contractor for a project to erect a Voice of America Relay Station in the Democratic Republic of Sao Tome and Principe. (*See* Def.'s Statement of Undisputed Facts [hereinafter "Def.'s Stat."] P 1.) Morganti hired Davidson to act as a Construction Superintendent for the project. (*See id.*) On March 14, 1994, Davidson signed a written agreement with Morganti setting the terms of his employment. (*See id.* P 2.) The agreement stated:

We are pleased to offer you the position of Project Superintendent assigned to our Sao Tome - Voice of America Radio Relay Station Project.

*Base Salary*: $ 58,000 annually payable weekly.

*Hardship Allowance*: 30% of annual base salary while in Sao Tome payable weekly. Does not apply while in the U.S.

*Completion Bonus*: 10% of annual [*5] base pay payable upon completion of the project or your assignment whichever comes first, unless you resign.

*Project Team Bonus*: 10% to 15% of base salary based on specific project goals attainment . . .

*Leave*: Four trips, 10 days each annually. Each trip consists of 7 days R&R and 3 travel days.

*Class of Travel*: Economy/Excursion.

*Automobile*: The company will provide you the use of a company vehicle.

*Housing*: You will be housed in a reasonable company rented, furnished apartment. All utilities, housekeeping and laundry service will be paid by the company.

*Messing*: The company will provide meals or an allowance to be determined later.

*Benefits*: Your major medical and hospitalization will be with Blue Cross/Blue Shield . . .

(*See* Mem. of Points and Authorities in Supp. of Pl.'s Opp'n to Def.'s Mot. for Summ. J. [hereinafter "Pl.'s Opp'n"] Ex. A.)

On May 19, 1994, Morganti terminated Davidson's employment. [1] (*See* Def.'s Stat. P 3.) On February 27, 1996, Davidson commenced this action in the Circuit Court for the City of Richmond, Virginia alleging breach of contract, wrongful termination, [2] and fraud. On April 1, 1996, Morganti [*6] removed this action to federal court in the Eastern District of Virginia. On June 5, 1996, this action was transferred to the District of Connecticut.

1   Morganti concedes this fact solely for the purposes of this summary judgment motion. (*See* Def.'s Stat. at n.1.)

2   In an earlier ruling the court held that count two, which was captioned "wrongful termination," stated a claim for breach of an employment contract for a definite term. *See Davidson v. Morganti Nat'l, Inc., 1996 U.S. Dist. LEXIS 22218* (AHN) (D. Conn. Dec. 23, 1996) (ruling on motion to dismiss).

## DISCUSSION

Morganti seeks partial summary judgment on Davidson's claims relating to breach of employment contract on the grounds that he was an employee at-will, subject to termination at any time. Davidson maintains that he was not an at-will employee, but that his contract was for a definite or determinable period of two years.

Under Connecticut and Massachusetts law, [HN2] an employment contract for a definite or determinable [*7] term is terminable by either party only for good cause. [3] *See Slifkin v. Condec Corp., 13 Conn. App. 538, 549, 538 A.2d 231 (1988); Goldhor v. Hampshire College, 25 Mass. App. Ct. 716, 521 N.E.2d 1381, 1385 (Mass. Ct. App. 1988).* By contrast, contracts of permanent employment and employment contracts for an indefinite duration are terminable at the will of either party. *See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980)* (citations omitted); *Fortune v. National Cash Register Co., 373 Mass. 96, 364 N.E.2d 1251, 1255 (Mass. 1977).* "The interpretation of a contract must be made in accordance with the terms employed in the instrument and a court cannot by that means disregard the words used by the parties or revise, add to, or create a new agreement." *Slifkin, 13 Conn. App. at 545* (citation and internal quotation marks omitted). Contrary to Davidson's argument, the court concludes that the employment contract at issue is not a contract for a definite or determinable term.

3    The parties previously argued that the court must determine whether Connecticut or Massachusetts law governs this controversy. The court has found, however, that this issue need not be resolved because "the law of both States regarding 'for cause' and 'at-will' employment is substantially similar." *See Davidson v. Morganti Nat'l, Inc.,* Civ. No. 3:96cv1053 (AHN) (D. Conn. Dec. 23, 1996) (ruling on motion to dismiss). Neither party has argued that this issue should be revisited.

[*8] The contract does not contain a clause governing the length of Davidson's employment with Morganti. Nonetheless, Davidson argues that the clause governing compensation indicates that the parties intended an employment term of two years. Specifically, Davidson relies on the provision pertaining to a completion bonus which states that he would receive "10% of annual base pay payable upon completion of the project or your assignment whichever comes first, unless you resign." (See Pl.'s Opp'n Ex. A.)

This provision is not sufficient to create an employment contract for a definite term of two years. *See James v. CAP Gemini Am., Inc., 1989 U.S. Dist. LEXIS 2959, No. 88 C 0917, 1989 WL 27446, at *2 (N.D. Ill. Mar. 21, 1989)* (finding that "a promise of a bonus accompanied by a detailed computation method does not create a contractual obligation to employ for a specific period of time"); *Wilkerson v. Carriage Park Dev. Corp., 503 S.E.2d 138, 1998 N.C. App. LEXIS 948, 1998 WL 436334, at *2 (N.C. App. 1998)* (holding that a bonus provision related to the completion of a construction pro-

ject does not "convert the contract into one for a definite [*9] period"). To the contrary, [HN3] a bonus clause does nothing more than fix a rate at which employees may be compensated during the course of their employment. As such, its purpose is similar to that of an annual salary term which is equally insufficient to establish a definite period of employment. *See Webber v. Frelonic Corp., 1994 Mass. Super. LEXIS 28, No. 92-1437, 1994 WL 878830, at *2 (Mass. Super. Oct. 7, 1994)* (recognizing that "an agreement that establishes an annual rate of pay does not create a contract for a definite term of employment") (citation omitted); *Paris v. Northeast Savings F.A., 1994 Conn. Super. LEXIS 1412, No. CV 910398144, 1994 WL 248061, at *3 (Conn. Super. Jun. 1, 1994)* (finding that "an annual salary term in a contract does not create a contact for a definite duration") (citation and internal quotation marks omitted). Because the completion bonus clause in the contract at issue is simply one of expectation, it does not transform Davidson's contract into one for a definite term.

There is also no merit to Davidson's alternative argument that he was not an employee-at-will because he was hired for the [*10] duration of the construction project, and there is no support for this claim in the clear language of the contract. The contract merely provides that Davidson was being assigned to this project as a Project Superintendent, it does not guarantee Davidson employment for the length of the project. *See Chadwick v. Capital Advisors, Inc., 1992 U.S. Dist. LEXIS 8842, Civ. A. No. 89-0144, 1992 WL 121616, at *7 (E.D. Pa. May 26, 1992)* (recognizing that "hiring a person to implement a specific program, without more, does not create an implicit promise to hire that person for the duration of the project"); *Griffin v. Elkhart Gen. Hosp., Inc., 585 N.E.2d 723, 726 (Ind. App. 1992)* (finding a plaintiff's claim that his employment was tied to the completion of a specific project "did not constitute a definite term of employment which would remove [him] from the employment at will doctrine"). There is simply nothing in the written contract between Morganti and Davidson that states the length of his employment. Rather, the contract leaves the term of employment open-ended. Because the contract term is open-ended, Davidson was an at-will employee [*11] who could be terminated at any time. *See Torosyan v. Boehringer Ingelheim Pharm., Inc., 234 Conn. 1, 14, 662 A.2d 89 (1995)* (recognizing that contracts "for an indefinite term[] are terminable at will") (citation and internal quotation mark omitted); *Maddaloni v. Western Mass. Bus Lines, Inc., 386 Mass. 877, 438 N.E.2d 351, 353 (Mass. 1982)* (finding that where "no definite term of employment was set out in the contract . . . the contract was terminable at will") (citations omitted).

This conclusion is further supported by Davidson's deposition testimony. Specifically, at his deposition, he testified that:

> Q. Now, is there any discussion in there about how long you'd be employed by Morganti?
>
> A. In my personal discussion with [Thomas E. Hussey, a Project Manager for Morganti] it was two years.
>
> Q. When did he tell you this?
>
> A. He told me that at the time when I was looking over the drawings.
>
> Q. Did he tell you it was a two-year project?
>
> A. Told me it was a two-year project. He said I'd be there probably two years. . .
> .
>
> Q. So other than that was anything else said with respect to how long you'd be employed by Morganti?
>
> A. No. **[*12]**
>
> Q. And did you ever question that based on the contract, that there was no term in the [written] agreement . . .
>
> A. No, I was told it was an open-ended contract because it could be more.
>
> Q. Open-ended?
>
> A. Yeah.
>
> Q. In what respect?
>
> A. Well, they needed a person to represent them for one year because they had a guarantee of the job for one year. So one of us originally was scheduled to be there for the remaining year. It could be a three-year contract.
>
> Q. "Open-ended," though, what do you mean by that?

> A. That's all he told me. Open . . .
>
> Q. So getting back to the length of the project, Mr. Davidson, anything else discussed with respect to the length of your service other than the fact he said, "It's a two-year job"?
>
> A. Right, that's all I got. And I took that to be that, you know, I would be there two years.

(*See* Dep. of Franklin X. Davidson [hereinafter "Davidson Dep."] at 103-06.) This testimony indicates that Davidson was never told that he was being hired for either two years or the length of the Sao Tome construction project. Rather, it indicates that Davidson simply expected that his employment would extend for this time period because the project was **[*13]** expected to take two years to complete. Davidson's expectation that his employment would last for the time it took to complete the project does not create a contract for a definite term. This testimony reenforces the conclusion that there was no agreement between Morganti and Davidson as to the actual length of his employment. *See Myers v. Bunker Ramo Corp., 1992 U.S. Dist. LEXIS 5336,* Civ. No. B-90-506(JAC), 1992 WL 88166, at *3 (D. Conn. Jan. 21, 1992) (recognizing that "[a] contract implied in fact, like an express contract depends on actual agreement") (citation and internal quotation marks omitted).

*CONCLUSION*

Based on the foregoing, the defendant's Motion for Summary Judgment with Respect to Count Two and Partial Summary Judgment with Respect to Count One [doc. # 27] is GRANTED. The plaintiff is directed to file an amended complaint consistent with this ruling within twenty-one days of the date it is filed.

SO ORDERED this 14 day of August, 1998 at Bridgeport, Connecticut.

Alan H. Nevas

United States District Judge