**Hon. Christopher F. Droney**
**United States District Judge**

# <u>PROPOSED JURY INSTRUCTIONS</u>

**CASE: <u>Robert J. Felekey v. American Telephone & Telegraph Co.,</u>**
**<u>3:02 CV 691 (CFD)</u>**

## SECTION I:  GENERAL INSTRUCTIONS

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening or closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said -- or what I may say in these instructions -- about the facts of this case. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. The questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should

render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a

risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair

trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

### Corporate Defendant

In this case, the defendant is a corporation. The mere fact that one of the parties is a

corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal

before the law, and corporations, big or small, are entitled to the same fair consideration as you

would give any other individual party.

Under the law, a corporation is a person, but it can only act through its agents—such as

its directors, officers and employees. A corporation is legally bound by the acts and statements

its agents and employees do or make within the scope of their employment or within the scope of

their authority. In other words, this means that AT&T is responsible for any statements of its

agents and employees which are made on behalf of AT&T and which are directly related to the

performance of duties the agent or employee had authority to perform. An agent or employee has

the authority to perform not only those acts which have been specifically authorized by the

corporation, but also those acts which a reasonable person would reasonably assume that the

agent or employee had the authority to do.

### Burden of Proof - General

This is a civil case and as such the plaintiff, Mr. Felekey, has the burden of proving the

material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony, you are satisfied that the plaintiff has carried his

burden on each essential point as to which he has the burden of proof, then you must find for the

plaintiff on his claims. If after such consideration you find the testimony of the parties to be in

balance or equally probable, then the plaintiff has failed to sustain his burden and you must find

for the defendant.  If upon a consideration of all the facts on the material allegations of the

complaint, you find that the plaintiff has failed to sustain the burden cast upon him, then you

proceed no further and your verdict must be for the defendant.

## Burden of Proof -- Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving every

disputed element of his claim to you by a preponderance of the evidence.  If you conclude that

the party bearing the burden of proof has failed to establish his claim by a preponderance of the

evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance

of the evidence means to prove that the fact is more likely true than not true.  A preponderance of

the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness

of the evidence, not to the number of witnesses or documents.  In determining whether a claim

has been proved by a preponderance of the evidence, you may consider the relevant testimony of

all witnesses, regardless of who may have called them, and all the relevant exhibits received in

evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the

parties -- that it is equally probable that one side is right as it is that the other side is right -- then

you must decide that issue against the party having this burden of proof.  That is because the

party bearing this burden must prove more than simple equality of evidence -- he must prove the

element at issue by a preponderance of the evidence.  On the other hand, the party with this

burden of proof need prove no more than a preponderance.  So long as you find that the scales

tip, however slightly, in favor of the party with this burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

### Evidence In The Case

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them; any facts which are stipulated; and all exhibits received in evidence, regardless of who may have produced them.

Deposition testimony may also be received in evidence. Depositions contain sworn testimony, with counsel for each party being entitled to ask questions. Testimony produced in a deposition may be read to you in open court. Deposition testimony may be accepted by you, subject to the same instructions which apply to witnesses testifying in open court.

To constitute evidence, exhibits must have been received or admitted into evidence. Exhibits which have been marked for identification or which were used to refresh a witness's recollection are not evidence unless they were admitted into evidence. During your deliberations, you will have the exhibits that were admitted into evidence with you in the jury room.

The questions posed by the lawyers are not evidence. It is the witnesses' answers that are evidence.

Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Statements, objections and arguments of counsel are not evidence in this case, because the lawyers are not witnesses.  What the lawyers have said in their opening and closing statements is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

If certain evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## **Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he knows by virtue of his own senses -- something he has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

To remind you of the example I gave you at the beginning of the case, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  As you see, there are no windows in this courtroom.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with

a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

An inference may be drawn only if it is reasonable and logical, not if it is speculative.  You are allowed to draw logical inferences from facts that you find to have been provided; but you may not go outside of the evidence to find the facts, nor to resort to guesswork or conjecture.  While you may draw conclusions from proven facts, you may not draw inferences from their inferences.  To aid you in better understanding this, in the rain example I used earlier, while you could infer from the wet umbrellas that it was raining, you could not infer that there was a thunderstorm as well without more evidence.  In other words, you should be careful to avoid resorting to speculation, conjecture or guesswork to determine critical facts in this case.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## **Stipulations of Fact**

_____A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

The parties have stipulated to the following facts in this case:

9

1. The plaintiff, Robert J. Felekey, became an AT&T employee in 1979.

2. Mr. Felekey transferred from one AT&T business unit, AT&T Global Services, to another AT&T business unit, AT&T Solutions, on March 1, 1999.

3. Mr. Felekey's supervisor at AT&T Solutions was Willem Weijer.

4. On August 25, 1999, Mr. Felekey received a Mid Year Performance Feedback Review during a meeting he had with Mr. Weijer.

5. By letter dated September 21, 1999, Mr. Felekey received a written Performance Improvement Plan ("PIP"), signed by Mr. Weijer.

6. Plaintiff submitted written comments on the Performance Improvement Plan ("PIP") and signed the PIP on September 23, 1999.

7. On or about September 27, 1999, Mr. Felekey received a letter from Mr. Weijer responding to Mr. Felekey's comments on his PIP.

8. AT&T terminated Mr. Felekey's employment on October 15, 1999.

## Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did the witness appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was the witness's demeanor -- that is, carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person said but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witnesses had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

## Interested Witnesses

_____In evaluating the credibility of the witnesses in this case, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.   Such interest in the outcome may create a motive to testify falsely or inaccurately in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering has an interest

in the outcome of this trial, you should bear that in mind when evaluating the credibility of his or her testimony, and accept it with great care. The parties in this case have an obvious interest in the outcome of the case and therefore you should consider that and carefully scrutinize their testimony when evaluating its credibility.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, a witness's interest has affected his or her testimony.

## **Impeachment of Witnesses**

The attorneys may argue that discrepancies in the testimony of certain witnesses are a reason for you to reject the testimony of those witnesses. Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him– or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously by you when assessing whether to credit any of the testimony of a witness who willfully testifies falsely.

It is for you to decide, based on your total impression of the witness, how to weigh any

discrepancies in his or her testimony in assessing the witness's credibility in whole or in part. Remember that in assessing a witness's testimony you should use your own common sense and good judgment.

You may also bear in mind that if you should find that any witness has deliberately testified falsely on any material point, you may take that into consideration in determining whether that witness has testified falsely on other points. Simply because you find that a witness has not testified accurately with respect to one fact, it does not necessarily follow that a witness is wrong on every other point. A witness may be honestly mistaken on one point of testimony yet entirely accurate on others. But if you find that a witness has deliberately lied on any material point, it is only natural that you should be suspicious of the testimony of that witness on all points. Under those circumstances, you are entitled, if you deem it appropriate, to disbelieve the entire testimony of that witness. Whether you disbelieve it or not lies in your sound judgment and sole prerogative.

## Expert Testimony

In this case, I have permitted Dr. Crakes to express his opinion about certain matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You

should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

### Number of Witnesses Called is Not Controlling

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

## SECTION II:  ISSUES IN THIS CASE

Now I will turn to the specific claims made by the plaintiff, Robert J. Felekey.

### Mr. Felekey's Complaint

Mr. Felekey, as the plaintiff in this lawsuit, has filed what the law calls a "complaint." Mr. Felekey's complaint claims that the defendant, AT&T, violated his rights under Connecticut law in two ways.  First, Mr. Felekey claims that AT&T wrongfully terminated him without just and due cause.  Second, Mr. Felekey claims that AT&T violated the covenant of good faith and fair dealing as it pertained to Mr. Felekey's employment.

### Burden of Proof

I shall shortly instruct you on the elements of the plaintiff's claim.  But before I do, I want to remind you again that the plaintiff has the burden of proving each and every element of his claims by a preponderance of the evidence.  If you find that the plaintiff has not proven the elements of one or both of his claims by a preponderance of the evidence, you must return a verdict for the defendant on that claim or claims.

### First Claim: Breach of Implied Contract

Mr. Felekey's first claim alleges that AT&T breached an employment contract when it terminated his employment on October 15, 1999.  He claims that he was promised that he could be terminated only for just cause.  As you heard during the trial, "just cause" is also known as "just and reasonable cause," or "good cause."  Under Connecticut law, unless the parties have an employment contract stating that the employee may be terminated only for certain reasons, all employment relationships are what is known as "at-will."  This means that either the employee or

15

the employer can terminate the employment relationship at any time and for any reason.  In employment-at-will relationships, neither the employee nor the employer is obligated, contractually or otherwise, to maintain the employment relationship for any period of time.

Employment is at-will even if the employer has made the employee a promise of employment for an indefinite period or a promise of permanent employment.  Therefore, even if Mr. Felekey showed that AT&T promised him employment for an indefinite period or permanent employment, this is not evidence that he and AT&T had a contract that he could be terminated only for just cause.

To establish his claim for breach of an employment contract, Mr. Felekey must prove, by a preponderance of the evidence, each of the following elements: (1) that he and AT&T had a contract under which he could be terminated only for just cause; (2) that AT&T breached that contract by terminating him without just cause; and (3) that AT&T's breach caused him harm.  If Mr. Felekey proved all of these elements by a preponderance of the evidence then you must render a verdict in his favor.  If you do not find that he proved each of these elements, however, you must render a verdict for AT&T on this claim.

In order to determine whether a contract existed and what its terms are you must look to the intentions of the parties as exhibited by their words and acts.  Mr. Felekey has the burden of proving by a fair preponderance of the evidence that AT&T agreed, either by words or action or conduct, that it would only terminate his employment if it had good cause to do so.

The mere fact that Mr. Felekey believed that certain words or action or conduct would be a contract does not bind AT&T.  Instead, you must specifically find that AT&T intended the statements made verbally or in writing to be a contract governing the terms and conditions of his

16

employment in the manner he claims.  As jurors you must first determine whether AT&T made an offer to Mr. Felekey to terminate him only for good cause, and second, you must determine whether Mr. Felekey accepted that offer.  You may find that a contract for good cause termination existed between Mr. Felekey and AT&T only if you determine that both Mr. Felekey and AT&T agreed to enter into an employment contract whereby AT&T agreed it would only terminate Mr. Felekey for good cause.

Any statements or language relied on as the basis of the contract must be promissory, not merely statements of hope or intent to do something.  AT&T's representations must have risen to the level of a clear and definite promise.  Vague statements, whether verbal or written, are not sufficient to prove the existence of a contract to terminate only for good cause.  A contractual promise cannot be created by plucking phrases out of context; there must be a meeting of the minds between the parties to create a contract.  More simply, to find the existence of a contract, you must find that both Mr. Felekey and AT&T understood the terms of the contract and agreed to be bound by those terms.

I remind you that Mr. Felekey bears the burden of proving that an employment contract requiring just cause for termination existed.  It is not AT&T's obligation to disprove that such a contract existed.  If you find that AT&T did not enter into a contract with Mr. Felekey to terminate him only for just cause, then you must enter a verdict for AT&T on Mr. Felekey's breach of contract claim.

The law does not enforce all promises as contracts.  Several requirements must be met before promises are enforceable, one of which is the requirement that each party give consideration to the other for the other's promise.

A promise is not enforceable as a contract unless something of value was given for that promise. The law calls the thing of value "consideration." Consideration may be anything of benefit given to the person making the promise, or even given to a third person. Consideration may also be any disadvantage or detriment suffered by one party to obtain a benefit from the contract.

In addition to some value, a consideration must also be bargained for and given in exchange for the other party's promise. To decide whether a consideration was bargained for, you may only consider the external conduct of the parties and any reasonable inferences that may be drawn from that conduct. You may not find a bargained-for exchange based solely on the undisclosed intentions of one party.

If you find that an employment contract requiring just cause for termination did exist between AT&T and Mr. Felekey, then you must determine whether AT&T breached the agreement. In other words, if you find that Mr. Felekey has established, by a preponderance of the evidence, that he is not an at-will employee and that AT&T entered into an agreement whereby it could only terminate him for "good cause," then you must determine whether AT&T had good cause to terminate Mr. Felekey's employment. Mr. Felekey must prove, by a preponderance of the evidence, that AT&T did not have just cause to terminate him. Although you are not constrained by any rigid definition of what could constitute "good cause," you may find that AT&T had good cause to terminate Mr. Felekey's employment if it had a reasonable basis for doing so in view of any relevant factors and circumstances, which could include his duties, responsibilities, conduct on the job or otherwise, and job performance. If you find that Mr. Felekey proved, by a preponderance of the evidence, that AT&T and Mr. Felekey had a

contract whereby AT&T could only terminate Mr. Felekey for just cause, and that AT&T

breached that agreement by terminating Mr. Felekey without just cause, then you must render a

verdict for Mr. Felekey on this claim.  If, however, you find that Mr. Felekey did not prove, by a

preponderance of the evidence, that AT&T lacked just cause to fire him, then you must render a

verdict for AT&T on this claim.

### Second Claim: Breach of the Implied Covenant of Good Faith and Fair Dealing

You should only consider Mr. Felekey's second claim if you find that Mr. Felekey

proved, by a preponderance of the evidence, that an employment contract requiring just cause for

his termination existed between him and AT&T.  Mr. Felekey's second claim is that AT&T

breached the implied covenant of good faith and fair dealing.

The law implies into every contract a promise, also called a covenant, that neither party to

the contract will take any action intended to deprive the other party of the benefit of the contract.

This promise is implied because the law puts it into all contracts, even though the parties never

discussed it.  This implied promise is called the "covenant of good faith and fair dealing," and it

imposes a duty on both parties to a contract to act in good faith toward each other.  Good faith

means behaving in such a way as to allow both parties to obtain the benefits for which they

contracted.  A breach of the covenant of good faith and fair dealing is considered a breach of the

contract and can occur whenever one party acts in bad faith toward the other party.

To establish a breach of the implied covenant of good faith and fair dealing, Mr. Felekey

must prove, by a preponderance of the evidence, the following four elements: (1) that he and

AT&T entered into an employment contract, and the terms of that contract; (2) that AT&T took

some action, or failed to act, in a way that was not authorized by the contract and did so in bad

19

faith with the intent of depriving him of some benefit that he reasonably expected to receive from the employment contract; (3) that AT&T's action, or its failure to act, caused an economic loss to him above and beyond that caused by any breach of the employment contract by AT&T; and (4) the amount of this additional economic loss, above and beyond any economic loss resulting from any breach of the contract by AT&T.

As I just instructed, the second element that Mr. Felekey must prove to establish his claim for breach of the implied covenant of good faith and fair dealing is that the defendant acted in bad faith.

Bad faith means that a party to an employment contract acts or fails to act in order to deprive the other party of benefits that are reasonably expected from the contract and for the sole purpose of harming the other party. Bad faith is a subjective state of mind. It means more than mere negligence and involves a dishonest purpose. It implies both actual and constructive fraud, or design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by honest mistake as to one's rights or duties, but by some interested or dishonest motive.

You may consider all of the circumstances in which AT&T acted or failed to act to determine its intent. You must not, however, find bad faith unless you are convinced that AT&T wanted to deprive Mr. Felekey of some benefit that he would have received from the employment contract and that this desire to deprive him was the reason AT&T acted or failed to act.

If you find that Mr. Felekey proved these four elements by preponderance of the evidence, you must render a verdict in his favor on his second claim. If you find that Mr. Felekey

did not prove these four elements by a preponderance of the evidence, then you must render a verdict for AT&T on his second claim.

## Business Judgment Rule

Just as your verdict must not be premised on sympathy, you must also not substitute your judgment for AT&T's judgment. Under the law, an employer is entitled to make decisions regarding its work force and its operations. The wisdom, correctness, and justification for such decisions is not subject to your review. Moreover, the law does not impose any obligation on employers to find or create another position for an employee who has been laid off or fired. Instead, your concern here is only whether Mr. Felekey satisfied his burden of proof on his claims.

Simply put, you cannot find for Mr. Felekey simply because you feel sorry for him. You may not find for him because of some general feeling that he deserved to be treated differently by his employer. Your decision in this case cannot be influenced by whether you personally agree or disagree with the employment decision made by AT&T with respect to Mr. Felekey's employment. An employer has the right to take those steps it feels are necessary to run its business, so long as it makes these decisions without violating the law as I instruct you on it.

## Weight of the Evidence– Plaintiff's Perception of Himself

Mr. Felekey's own perception and judgment as to the value of his past experience and his job performance should carry little weight in your deliberations. It is the perception and judgment of the people who made the decisions relating to his employment and termination, and not that of Mr. Felekey himself, that are most relevant. The most probative evidence of an employee's qualifications comes from the employer's decision-makers, including the employee's

direct supervisor.  An employee's perception of himself, including his perception of his own

workplace performance, past experience and skills, is entitled to little weight unless it is

corroborated by other evidence.

## SECTION III:  DAMAGES

### Compensatory Damages

If the plaintiff has proven by a preponderance of the credible evidence that the defendant is liable on the plaintiff's claim or claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole-that is, to compensate him for the damage suffered.  Damages should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

I remind you that the plaintiff bears the burden of proving he suffered damages and the amount of those damages by a preponderance of the evidence.  You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries,

23

but only for those injuries that the plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiff, but find that the plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the nominal or token amount of one dollar.

Nominal damages must be awarded when a plaintiff has been deprived by a defendant of a contractual right but has suffered no actual damage from the defendant's conduct.  The mere fact that a breach of contract occurred is an injury to the other party to the contract, even when no actual damages flow from the breach.  Therefore, if you find that the plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of breach of contract, you must award nominal damages of one dollar.

**Mitigation of Damages**

Even if you find that Mr. Felekey was injured by an act of AT&T, Mr. Felekey was obligated to use reasonable care to minimize the resulting losses and damages caused thereby.

24

An employee who believes he has been wrongfully dismissed has a duty to make every reasonable effort to find and accept other employment. Mr. Felekey has a duty to mitigate his lost wages by seeking comparable employment elsewhere. If you find that AT&T has proved, by a preponderance of the evidence, that Mr. Felekey could have sought comparable employment and did not, then he deserves no lost wages at all.

Similarly, if you find that Mr. Felekey reasonably attempted to mitigate his damages for a time but then unreasonably failed to do so during another time period, his actions may serve to reduce his recovery, if any. It was Mr. Felekey's duty to earn what he could from the time he was no longer working for AT&T. So, if you should find from a preponderance of the evidence that Mr. Felekey failed to seek out and take advantage of employment that was reasonably available to him under all the circumstances, as shown by the evidence, then you should reduce the amount of his damages by the amount he could have reasonably realized if he had taken advantage of such an opportunity. Similarly, if you find that Mr. Felekey voluntarily left employment that he could have continued, you should reduce the amount of his damages by the amount he could have reasonably realized if he had continued in that employment. If you find that Mr. Felekey refused employment or any interim jobs, you should reduce the amount of his damages by the amount he could have earned had he not refused such subsequent employment. You must not compensate Mr. Felekey for any portion of his damages which resulted from his failure to use ordinary care to minimize his damages and to seek and retain other employment.

## Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of the

defendant's breach of contract.  You must distinguish between, on the one hand, the existence of

a breach of contract by the defendant, and, on the other hand, the existence of injuries naturally

resulting from that breach.  Thus, even if you find that the defendant breached its contract with

the plaintiff, you must ask whether the plaintiff has proven by a preponderance of evidence that

the breach caused the damage that he claims to have suffered.

### Double Recovery and Compensatory Damages

I have said that, if you return a verdict for Mr. Felekey, you must award him such sum of

money as you believe will fairly and justly compensate him for any injury you believe he actually

sustained as a direct result of the conduct of AT&T.  In this case, the plaintiff made two claims:

namely, that the defendant breached its contract not to terminate him without just cause, and that

by terminating him without just cause the defendant violated the covenant of good faith and fair

dealing.  If you find that the plaintiff proved, by a preponderance of the evidence, each element

of both of his claims, in calculating the damages you must remember that the plaintiff is entitled

to be compensated only for injuries he actually suffered.  Thus, to award the plaintiff damages on

both claims, you must identify separate injuries resulting from the separate violations, and award

an amount of compensatory damages equal to the total of the damages you believe will fairly and

justly compensate the plaintiff for the separate injuries he has suffered.

Finally, I instruct you that you are not to award Mr. Felekey any damages for the amount

of commission he claims he is entitled to for working on the 1998 contract between AT&T

Global Services and Starwood Hotels.  You have heard testimony that Mr. Felekey was

dissatisfied with the amount of commission he received for working on this contract.  You are

also not to consider the amount of that commission when you calculate the amount of

compensatory damages, if any, to which he is entitled for his two claims, breach of contract and breach of the covenant of good faith and fair dealing.

## SECTION IV:  INSTRUCTIONS FOR DELIBERATIONS

### Right To See Exhibits and Hear Testimony
### Communications With Court

You are about to go into the jury room and begin your deliberations.  The exhibits will be with you in the jury room.  If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.  I will also give you one copy of these instructions.

Your requests for testimony -- in fact any communication with the court -- should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.  I caution you, also, not to communicate to me any numerical division of how you stand during your deliberations.

### Duty To Deliberate/Unanimous Verdict

You will now return to decide the case.  In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his claims.  If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim.  If you find that the plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an

opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

### Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.

### Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### Verdict Form

I have prepared a verdict form for you to use in recording your decision.  On the form,

29

there are spaces to indicate your verdict on the plaintiff's claims against the defendant.

Remember, each verdict must be unanimous and must reflect the conscientious judgment of each

juror.

### Final Instruction

Now the time has come for you to retire to the jury room.  When you go to the jury room,

do not begin to deliberate until you receive from the Deputy Clerk all the exhibits you are to

consider and until she formally directs you to begin your deliberations.

I remind you that, at the completion of your deliberations, the foreperson should

communicate to the court through a signed writing indicating that a verdict has been reached.

**Please do not send me the verdict form.**  Please note that you should not indicate what your

verdict is, but merely state that a verdict has been reached.  Then, have the foreperson bring the

executed verdict form with him or her into court.